UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON CONIGLIO and JOYCE CONIGLIO,
husband and wife,

    Plainitiffs,

vs.

CASE NO.:

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC HOME LOANS
SERVICING, LP,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, NELSON CONIGLIO and JOYCE CONIGLIO, husband and wife, sue the Defendants, BANK OF AMERICA, N.A., and BAC HOME LOANS SERVICING, LP, f/k/a COUNTRYWIDE HOME LOAN SERVICING, LP, and allege as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and pursuant to 15 U.S.C. § 1692k(d) and/or pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2. Plaintiffs bring this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.*, (hereafter "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

3. The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4. Plaintiffs, NELSON CONIGLIO and JOYCE CONIGLIO (hereafter "the CONIGLIOS"), are natural persons over the age of eighteen (18), who reside in Tampa, Hillsborough County, Florida.

5. Plaintiffs are debtors and/or alleged debtors as that term is defined by section 559.55(2), Florida Statutes.

6. Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff NELSON CONIGLIO is the "called party" with respect to the calls placed to his cellular telephone number, (813) 477-4209, as further described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

8. Plaintiff JOYCE CONIGLIO is the "called party" with respect to the calls placed to her cellular telephone number (813) 244-1327, as further described herein.

9. At all times material hereto, Defendant BANK OF AMERICA, N.A. (hereafter "BOA"), was and is a foreign corporation, with its principal place of business in Charlotte, North Carolina.

10. At certain times material hereto, BAC HOME LOANS SERVICING, LP, (hereafter "BAC"), was a foreign limited partnership, with its principal place of business in Calabasas, California.

11. In or about July of 2011, BAC was merged into Defendant BOA. Prior to the merger, Defendant BAC operated as a wholly owned subsidiary of Defendant BOA. Accordingly, the Defendants BOA and BAC shall be referred to collectively herein as "BOA HOME LOANS" or "Defendant."

## FACTUAL ALLEGATIONS

12. At all times material hereto, Defendant BOA HOME LOANS did transact business in Hillsborough County, Florida, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and/or section 559.55(6), Florida Statutes. Defendant sought to collect an alleged debt from the CONIGLIOS that arose from a transaction allegedly incurred for personal, family or household purposes and is therefore a "consumer debt."

13. At all times material, Defendant BOA HOME LOANS was the servicer of a mortgage loan which is the subject of the unlawful collection activity at issue herein.

14. As described herein, Defendant BOA HOME LOANS employed business practices resulting in intentional harassment and abuse of the Plaintiffs and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect the above referenced mortgage loan debt from Plaintiffs.

15. Defendant BOA HOME LOANS has engaged in conduct in violation of the TCPA, FDCPA and the FCCPA, and constituting intentional harassment and abuse of the Plaintiffs, by and through its agents and representatives, on numerous occasions within the four (4) year period preceding the filing of this action.

16. As described herein, Defendant BOA HOME LOANS implemented its unlawful collection conduct by sending Plaintiffs threatening collection letters asserting false and misleading information, by reporting false information to the Credit Reporting Agencies with

respect to Plaintiffs, and by initiating calls to Plaintiff NELSON CONIGLIO's cellular telephone number, (813) 477-4209, Plaintiff JOYCE CONIGLIO's cellular telephone number, (813) 244-1327, and to the CONIGLIOS' residential telephone phone number, (813) 874-7568, several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, in an effort to collect the above described mortgage loan debt.

17. Plaintiff NELSON CONIGLIO is the regular user and carrier of the cellular telephone number at issue, (813) 477-4209, and was the called party and recipient of Defendant's above described calls.

18. Plaintiff JOYCE CONIGLIO is the regular user and carrier of the cellular telephone number at issue, (813) 244-1327, and was the called party and recipient of Defendant's above described calls.

19. Within the four (4) year period preceding the filing of this action, Defendant intentionally harassed and abused the Plaintiffs and their family, on numerous occasions by its agents and representatives calling Plaintiffs' aforementioned cellular telephone numbers and residential telephone number several times during one day, up to five (5) times a day, and on back to back days, with such frequency as can reasonably be expected to harass.

20. In or about May of 2009, Defendant initiated its campaign of telephone phone collection calls to the Plaintiffs on their aforementioned cellular telephone numbers and residential telephone number.

21. On or about August 17, 2009, Plaintiffs' agent, U.S. Loan Mitigation, sent Defendant BOA HOME LOANS a letter, which was executed by Plaintiff NELSON CONIGLIO, identifying the Account/Loan number at issue, 074003711, the Plaintiffs' property address associated with the mortgage loan, and informing Defendant that U.S. Loan Mitigation

had been retained by Plaintiffs to pursue a modification of the mortgage loan, that Plaintiffs authorized U.S. Loan Mitigation to communicate with Defendant regarding the mortgage loan at issue, demanding that Defendant cease and desist all debt collection communication with Plaintiffs in relation to the mortgage loan debt, and informing Defendant that U.S. Loan Mitigation was attempting to pursue a loan modification on behalf of Plaintiffs and all communications regarding the mortgage loan should be directed towards U.S. Loan Mitigation.

22. On or about September 29, 2009, Defendant BOA HOME LOANS sent Plaintiff NELSON CONIGLIO a letter notifying Plaintiff that it had received the above referenced authorization request from Plaintiffs' agent, U.S. Loan Mitigation, regarding the mortgage loan at issue. A copy of the September 29, 2009 letter is attached hereto as Exhibit "A."

23. On or about November 30, 2009, Plaintiffs' agent, U.S. Loan Mitigation, sent Defendant BOA HOME LOANS another letter on behalf of Plaintiffs, identifying the Account/Loan number at issue, 074003711, the Plaintiffs' property address associated with the mortgage loan, and demanding that Defendant cease and desist all debt collection communication with Plaintiffs in relation to the debt, and informing Defendant that it was attempting to pursue a loan modification on behalf of Plaintiffs and all communications regarding the mortgage loan should be directed towards US Loan Mitigation. A copy of the November 30, 2009 letter is attached hereto as Exhibit "B."

24. On or about September 8, 2011, Plaintiffs' attorney, S.M. David Stamps, III, sent Defendant BOA HOME LOANS a letter identifying that he represented the Plaintiffs with respect to the mortgage loan at issue, which letter was also executed by Plaintiff NELSON CONIGLIO on or about September 8, 2011. A copy of the letter is attached as Exhibit "C."

25. On or about December 15, 2011, Defendant sent Plaintiff NELSON CONIGLIO a letter notifying Plaintiff that it had received the above referenced correspondence from Plaintiffs' attorney, S.M. David Stamps, III. A copy of the letter is attached as Exhibit "D."

26. Despite having received the above described letters, demanding that Defendant BOA HOME LOANS cease and desist all communication with Plaintiffs regarding the mortgage loan debt at issue, and notifying Defendant that Plaintiffs were represented by counsel with respect to the subject debt, Defendant proceeded undeterred in its campaign of intentional harassment and abuse of the Plaintiffs in an effort to collect the debt, including but not limited to:

   a. Calling Plaintiffs' aforementioned cellular telephone numbers and residential telephone number several times per day and on back to back days through the present time (or such time as will be established after a thorough review of Defendants' records). In most instances, Defendant would place a call to each of the above described telephone number within minutes of each other;

   b. Calling Plaintiff's aforementioned cellular telephone numbers and residential telephone number from an automated telephone dialing system and leaving pre-recorded messages on Plaintiffs' answering machine and respective voice mail boxes, identifying Plaintiffs and stating that the message was left in "an attempt to collect a debt";

   c. Calling Plaintiff's aforementioned cellular telephone numbers and residential telephone number and hanging up either prior to or as soon as Plaintiffs, members of Plaintiffs' household, or the Plaintiffs' answering machine or voice mail boxes answered the call;

   d. Calling from numerous different telephone numbers that appeared on Plaintiffs' caller ID as someone or some entity other than Defendant BOA HOME LOANS, or with no identification;

27. To date, Defendant BOA HOME LOANS has placed approximately three-hundred fifty (350) phone calls to Plaintiff JOYCE CONIGLIO's aforementioned cellular telephone number in an effort to collect the alleged debt at issue, and the calls continue through the date of filing of this Complaint (or such time as will be established after a thorough review of Defendants' records).

28. On numerous occasions, Plaintiff JOYCE CONIGLIO answered the Defendant's phone calls in an attempt to be removed from the call list, informing the Defendant not to call her cellular telephone number any longer, and that a cease and desist letter had previously been sent to Defendant.

29. Each of Plaintiff JOYCE CONIGLIO's conversations with the Defendant demanding an end to the harassment were ignored.

30. To date, Defendant BOA HOME LOANS has placed approximately three-hundred fifty (350) calls to Plaintiff NELSON CONIGLIO's aforementioned cellular telephone number in an effort to collect the alleged debt at issue, and the calls continue through the date of filing of this Complaint (or such time as will be established after a thorough review of Defendants' records).

31. On numerous occasions, Plaintiff NELSON CONIGLIO answered the Defendant's phone calls in an attempt to be removed from the call list, informing the Defendant not to call her cellular telephone number any longer, and that a cease and desist letter had previously been sent to Defendant.

32. Each of Plaintiff NELSON CONIGLIO's conversations with the Defendant demanding an end to the harassment were ignored.

33. To date, Defendant BOA HOME LOANS has placed approximately three-hundred fifty (350) calls to Plaintiffs' aforementioned residential telephone number in an effort to collect the alleged debt at issue, and the calls continue through the date of filing of this Complaint (or such time as will be established after a thorough review of Defendants' records).

34. The telephone calls at issue were placed by Defendant BOA HOME LOANS using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers (hereafter "ATDS" or "autodialer").

35. Defendant BOA HOME LOANS initiated each of the calls at issue to Plaintiffs' aforementioned cellular telephone numbers without the "prior express consent" of Plaintiffs, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

36. Additionally, none of the telephone calls at issue were placed by Defendant BOA HOME LOANS to Plaintiffs' aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

37. Defendant BOA HOME LOANS willfully and/or knowingly violated the TCPA with respect to Plaintiffs NELSON CONIGLIO and JOYCE CONIGLIO.

38. Defendant BOA HOME LOANS has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiffs' aforementioned cellular telephone numbers, as described herein.

39. Despite actual knowledge of its wrongdoing, Defendant BOA HOME LOANS continued the campaign of abuse.

40. Defendant BOA HOME LOANS' corporate policy is structured to continue to call individuals like Plaintiffs, despite these individuals explaining to the Defendant that they had

retained legal counsel with respect to such debts, had retained agents to assist with obtaining mortgage loan modifications, and/or were actively proceeding with modification agreements.

41. Defendant BOA HOME LOANS' corporate policy provided no means for the Plaintiffs to have their aforementioned cellular telephone numbers or residential telephone number removed from the call list.

42. Defendant BOA HOME LOANS has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties did not provide prior express consent to receive the calls, or had revoked such prior express consent verbally, in writing, or through retention of legal counsel.

43. Defendant BOA HOME LOANS followed its corporate policies when attempting to communicate with the Plaintiffs in connection with the debt at issue.

44. Defendant BOA HOME LOANS has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiffs.

45. Defendant BOA HOME LOANS is, or should be, in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiffs' respective cellular telephone numbers and residential telephone number over the relevant time period.

46. As a direct and proximate result of Defendant BOA HOME LOANS' acts or omissions, as set forth herein, Plaintiffs have suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

47. Plaintiffs' statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life pursuant to section 559.77, Florida Statutes, have continued and are continuing as of the filing of this complaint.

48. All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I
### (VIOLATION OF THE TCPA)

49. Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs (1) through (48), as if fully set forth herein.

50. None of the calls at issue were placed by Defendant BOA HOME LOANS to NELSON CONIGLIO's aforementioned cellular telephone number with the "prior express consent" of NELSON CONIGLIO, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

51. None of the calls at issue were placed by Defendant BOA HOME LOANS to JOYCE CONIGLIO's aforementioned cellular telephone number with the "prior express consent" of JOYCE CONIGLIO, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

52. Alternatively, Plaintiffs revoked any "prior express consent" Defendant BOA HOME LOANS had or mistakenly believed it had by:

   a. Verbally requesting that Defendant stop placing calls to their aforementioned cellular telephone numbers;

   b. Requesting in writing, through their agent, U.S. Loan Mitigation, that Defendant cease and desist communicating with Plaintiffs;

   c. Notifying Defendant that they were represented by counsel with respect to the subject debt. *See* 15 U.S.C. 1692c(a)(2).

53. Furthermore, none of the calls at issue were placed by Defendant BOA HOME LOANS to Plaintiffs' aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

54. Defendant BOA HOME LOANS willfully and/or knowingly violated the TCPA with respect to Plaintiffs by repeatedly placing calls to Plaintiffs' respective cellular telephone numbers using an ATDS and/or artificial or prerecorded voice without Plaintiffs' prior express consent, invitation or permission, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

55. The TCPA provides Plaintiffs with a private right of action against Defendant BOA HOME LOANS for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE Plaintiffs, NELSON CONIGLIO and JOYCE CONIGLIO, respectfully demand judgment against Defendant BOA HOME LOANS for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (VIOLATION OF THE FDCPA)

56. Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs (1) through (48), as if fully set forth herein.

57. Plaintiffs have been the object of collection activity by Defendant BOA HOME LOANS arising from a consumer debt.

58. Defendant BOA HOME LOANS is a "debt collector" as defined by the FDCPA.

59. Defendant BOA HOME LOANS engaged in an act or omission prohibited under 15 U.S.C. §1692c(a)(2) by communicating with the Plaintiffs in connection with the collection of

a debt when Defendant knew Plaintiffs were represented by an attorney with respect to the debt and had knowledge of the attorney's name and address.

60. Defendant BOA HOME LOANS engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse the Plaintiffs.

61. Defendant BOA HOME LOANS engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiffs' respective telephones to ring or engaging Plaintiffs in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiffs at their aforementioned cellular telephone numbers.

62. Defendant BOA HOME LOANS engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiffs' aforementioned cellular telephone numbers and residential telephone number and hanging up prior to or as soon as Plaintiffs or Plaintiffs' voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

63. Defendant BOA HOME LOANS engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiffs' aforementioned cellular telephone numbers and residential telephone number and hanging up prior to or as soon as Plaintiffs or Plaintiffs' answering machine or voice mail boxes answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

64. Defendant BOA HOME LOANS engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiffs.

65. Defendant BOA HOME LOANS' acts and omissions as described herein have directly and proximately resulted in Plaintiffs' prior and continuing sustaining of damages as

described by 15 U.S.C. 1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorney fees, interest and costs.

WHEREFORE Plaintiffs, NELSON CONIGLIO and JOYCE CONIGLIO, respectfully demand judgment against Defendant BOA HOME LOANS for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT III
### (VIOLATION OF THE FCCPA)

66. Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs (1) through (48), as if fully set forth herein.

67. At all times material to this action Defendant BOA HOME LOANS was and is subject to and must abide by the law of Florida, including section 559.72, Florida Statutes.

68. Defendant BOA HOME LOANS engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with Plaintiffs or any member of their family with such frequency as can reasonably be expected to harass the Plaintiffs.

69. Defendant, BOA HOME LOANS engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiffs.

70. Defendant, BOA HOME LOANS engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

71. Defendant, BOA HOME LOANS engaged in an act or omission prohibited under section 559.72(18), Florida Statutes, by communicating with the Plaintiffs in connection with the collection of a debt when Defendant knew Plaintiffs were represented by an attorney with respect to the debt and had knowledge of the attorney's name and address.

72. Defendant, BOA HOME LOANS' actions have directly and proximately resulted in Plaintiffs' prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorney fees, interest and costs.

WHEREFORE Plaintiffs, NELSON CONIGLIO and JOYCE CONIGLIO, respectfully demand judgment against Defendant BOA HOME LOANS for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted,

_____
David P. Mitchell, Esquire
Florida Bar No.: 067249
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Attorney for Plaintiff
Primary: DMitchell@ForThePeople.com
Secondary: PMitchell@ForThePeople.com
Secondary: VMarrero@ForThePeople.com

**Bank of America**

**Home Loans**
Customer Service Department, CA6-919-01-41
PO Box 5170
Simi Valley, CA 93062-5170

**Notice Date:** September 29, 2009

**Account No.:** 74003711

Nelson A. Coniglio
2118 W Cordelia St
Tampa, FL 33607

**Property Address:**
2118 Cordelia Street West
Tampa, FL 33607

---

**IMPORTANT MESSAGE ABOUT YOUR LOAN**

Bank of America Home Loans Servicing, LP. recently received an authorization request from U.S. Loan Mitigation, LLC. for access to your loan information.

**WHAT THIS MEANS**

Our system has been documented to allow our Customer Service representatives to discuss your loan with U.S. Loan Mitigation, LLC. at any time, unless otherwise notified.

Although we can discuss your loan information with U.S. Loan Mitigation, LLC., only the parties named in the Note are authorized to make any changes to the loan information.

If you need any assistance regarding loan modification you may contact our Home Retention Division, who can be called directly at 1-800-669-0102.

**THANK YOU FOR YOUR BUSINESS**

You are a valued customer here at BAC Home Loans Servicing, LP. It is our continued goal to provide our customers with the highest level of customer satisfaction.

If you have any questions, please contact our Customer Service Department directly at (800) 669-6607.


BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

Please write your account number on all correspondence.
3rd Pty Auth App A  5704/9926  03/24/2006


EXHIBIT "A"

U.S. Loan Mitigation, LLC



Mr. Nelson Coniglio and Mrs. Joyce Coniglio
2118 W. Cordelia St.
Tampa, FL 33607

November, 30th 2009

Bank of America Home Loans
Customer Service
P.O.Box 5170
Simi Valley, CA 932062-5170

Re: Account/Loan Number: 074003711

Property address: 2118 W. Cordelia St. Tampa, FL 33607

Debit Collector: Bank of America Home Loans,
Pursuant to rights under federal debt collection laws, my clients are requesting that you cease and
desist communication with them at once, as well as any family and friends, in the relation to this and any
other debts you claim they owe. You may only contact my office to discuss any matters
regarding this account. We are in the process of trying to do a Loan Modification to save this home.
You are hereby notified that if you do not comply with this request, I will immediately file a complaint
With the Federal Trade Commission and the Florida Attorney General's office. Civil and criminal
Claims will be pursued.


U.S. Loan Mitigation, LLC
Ph. 813-966-5223
Fax 813-877-7595
Email: usloanhelp@aol.com



**S.M. DAVID STAMPS, III P.A.**
217 NORTH HOWARD AVENUE, SUITE 104
TAMPA, FLORIDA 33606

September 8, 2011

**Via Facsimile & U.S. Mail**
Bank of America Home Loans
P.O. Box 961291
Fort Worth, Texas 76161-0291

    Re:    **Loan No.:**    **9046-074003711**
            **Property Address:**    **2118 Cordelia Street West**
                                  **Tampa, Florida 33607**
            **Borrower:**    **Nelson Coniglio**

Dear Sir or Madam:

    The undersigned law firm has been retained by Nelson Coniglio. Mr. Coniglio has executed this letter below to signify his authorization for you to speak to me directly with regard to the above-referenced loan.

    Thank you for your prompt attention to this matter.

                                        Sincerely yours,
                                        S.M. DAVID STAMPS, III P.A.

                                        S.M. David Stamps, III Esquire

_____  _____
Nelson Coniglio                   Date
SS# 266 - 78 - 0168

PHONE: (813) 258-0696 • FAX: (813) 258-0698
WWW.STAMPSLAWGROUP.COM


EXHIBIT "C"

**Bank of America**
Home Loans

*Customer Service Department, CA6-919-01-41*
*PO Box 5170*
*Simi Valley, CA  93062-5170*

Nelson A Coniglio
2118 W Cordelia St
Tampa, FL  33607

**Notice Date:**  December 15, 2011

**Account No.:**  74003711

**Property Address:**
2118 Cordelia Street West
Tampa, FL  33607

---

**IMPORTANT MESSAGE ABOUT YOUR REQUEST**

Thank you for contacting Bank of America, N.A.. We recently received your request granting authorization to S.M. David Stamps III, P. A. to obtain information on your loan.

**WHAT YOU SHOULD DO**

Bank of America, N.A. is committed to ensuring the confidentiality of your information. Your request for authorization for S.M. David Stamps III, P.A. has been respectfully declined due to the following:

- [X] Bank of America, N.A. has not received a signed and dated authorization from you allowing us to release information to the third party and/or the company they are affiliated with.
- [ ] Your signature on the authorization letter you presented does not match the signature we have on file.
- [ ] Your signature on the authorization letter you presented was illegible or unclear.

You may, at your discretion, choose to contact us by telephone and provide a verbal authorization. Please note that a verbal authorization will allow the disclosure of information regarding your loan related to that one specific one telephone call only. In the event that you choose to send in the required written authorization, please forward it to the address below and reference your loan number on all pages.

Customer Service Department, CA6-919-01-41
PO Box 5170
Simi Valley, CA  93062-5170

**THANK YOU**

If you require additional assistance, please contact our Customer Service Department directly at (800) 669-6607. We appreciate the opportunity to serve your home loan needs.

This communication is from Bank of America, N.A., the servicer of your home loan.

Auth Dclind Chk Box to Borr  13138  06/02/2011



EXHIBIT "D"