UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife,

     Plainitiffs,

                              CASE NO.:  8:14-CV-01628-EAK-MAP

-vs-

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC HOME LOANS
SERVICING, LP,

     Defendant.

_____/

## PLAINTIFFS' AMENDED MOTION FOR DEFAULT JUDGMENT

Plaintiffs, NELSON CONIGLIO and JOYCE CONIGLIO, pursuant to Federal Rule of Civil Procedure 55(b)(2), seeks an Order by the Court entering judgment of default against the Defendant, BANK OF AMERICA, N.A., a foreign corporation, f/k/a BAC HOME LOANS SERVICING, LP, (hereafter "BOA HOME LOANS") and in favor of the Plaintiffs, and in support thereof, states as follows:

## FACTS

1.     Plaintiffs timely filed their Complaint in this action against Defendant BOA HOME LOANS on July 2, 2014 (Dkt. 1).

2.     The Complaint was properly served upon Defendant BOA HOME LOANS on July 10, 2014. *See* Affidavit of Service (Dkt. 9). "Affidavits by process servers constitute a *prima facie* showing that defendants have been served." Berguin v. Bus. World Pub., Inc., 2:14-CV-249-FTM-29CM, 2014 WL 2864311, *1 (M.D. Fla. 2014); Landmark Fin. Solutions, LLC v. Sanchez, 2:13-CV-214-FTM-38CM, 2014 WL 759847, *2 (M.D. Fla. 2014).

3.      Pursuant to Fed. R. Civ. P. 12(a), Defendant BOA HOME LOANS was required to serve a responsive pleading the Complaint on or before July 31, 2014.

4.      Despite the requirements set forth in Fed. R. Civ. P. 12(a), Defendant BOA HOME LOANS did not file any response to the Plaintiffs' Complaint, seek additional time within which to respond, or otherwise appear in this action.

5.      On August 1, 2014, Plaintiffs filed their Motion for Entry of Default by the Clerk pursuant to Fed. R. Civ. P. 55(a) and Local Rule 1.07(b). (Dkt. 6). The affidavit of Plaintiffs' undersigned counsel, David P. Mitchell, Esq., was attached as Ex. B thereto.

6.      On August 4, 2014, the Clerk entered default against Defendant BOA HOME LOANS. (Dkt. 7).

7.      To date, Defendant BOA HOME LOANS has not filed any pleading, motion or otherwise appeared in this action. *See* <u>Aff. David P. Mitchell</u>, at ¶ 7. A copy of said affidavit of Plaintiffs' undersigned counsel is attached hereto as Exhibit "A."

8.      Defendant BOA HOME LOANS is not in compliance with the Federal Rules of Civil Procedure, nor has Defendant made any attempt to comply with the Rules.

9.      The Complaint at issue pleads counts against Defendant BOA HOME LOANS for, inter alia, violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.*, (hereafter "TCPA"), and violation of the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA"). (<u>Dkt</u>. 1, ¶ 2).

10.     On August 14, 2014, Plaintiff Nelson Coniglio executed an affidavit in support of Plaintiffs' Motion for Default Judgment. (*See* Dkt. 10).

11.     On August 14, 2014, Plaintiff Joyce Coniglio executed an affidavit in support of Plaintiffs' Motion for Default Judgment. (*See* Dkt. 11).

12.     On August 14, 2014, Jason Anthony Coniglio executed an affidavit in this action on behalf of U.S. Loan Mitigation, LLC. (*See* Dkt. 12).

13.     For the reasons set forth below, Plaintiffs are entitled to a default judgment against Defendant BOA HOME LOANS with respect to the TCPA and FCCPA counts asserted in Plaintiffs' Complaint (Dkt. 1).

## MEMORANDUM OF LAW

### I.     Default Judgment Under Fed. R. Civ. P. 55(b)

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." United States v. Fleming, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517, *9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Id. (quoting Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir.1986)). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." Broad. Music, Inc. v. PRB Productions, Inc., 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla. 2014) (citing Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D.Fla.1999). "Rather, the Court determines the amount and character of damages to be awarded." Isaula v. Chicago Rest. Group, LLC, 13-CV-24387-JLK, 2014 WL 3477917, *1 (S.D. Fla. 2014) (quoting Miller, 75 F.Supp.2d at 1346 (M.D.Fla.1999)).

Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Fleming, supra, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of

mathematical calculation." Id. (quoting United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir.1979) [1] and citing SEC v. Smyth, 420 F.3d 1225, 1231–32 (11th Cir.2005)). "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Id. (citing Smyth, 420 F.3d at 1232 n. 13). See also Broad. Music, 2014 WL 3887509 at *2.

Moreover, "[a] default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal." Massachusetts Mut. Life Ins. Co. v. Hunter, 8:12-CV-1628-T-33AEP, 2012 WL 6094122, *1 (M.D. Fla. 2012) (citing Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir.2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)).

## II.   Plaintiffs Are Entitled To Default Judgment With Respect To Their TCPA Claim

A.   Statutory Basis for TCPA Claims Regarding Calls Placed to Cellular Telephones

The provision of the TCPA applicable to calls placed to cellular telephones provides as follows, in pertinent part:

> [i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States --
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice --
>
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; [2]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

[2] The Eleventh Circuit recently clarified that the reference in § 227(b)(1)(A)(iii) to the called party being "charged for the call" does not apply to calls placed to cellular telephones. Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1258 (11th Cir. 2014). Accordingly, a plaintiff "is not required to prove that he was

4

47 U.S.C. § 227(b)(1)(A)(iii).

In sum, "[t]he [TCPA] makes it unlawful to make any call using an automatic telephone dialing system (an 'autodial system' [or 'ATDS']) to a cellular telephone without the prior express consent of the 'called party.'" Breslow v. Wells Fargo Bank, N.A., No. 12–14564, -- F.3d --- , 2014 WL 2565984, *1, 60 Communications Reg. (P&F) 934, 24 Fla. L. Weekly Fed. C 1405 (11th Cir. 2014) (citing 47 U.S.C. § 227(b)(1)(A)(iii); Pub. L. No. 102–243, 105 Stat. 2394). "'The TCPA is essentially a strict liability statute' that 'does not require any intent for liability except when awarding treble damages.'" Lardner v. Diversified Consultants Inc., 1:13-CV-22751-UU, 2014 WL 1778960, *4 (S.D. Fla. 2014) (quoting Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir.2011) (quoting Penzer v. Transp. Ins. Co., 545 F.3d 1303, 1311 (11th Cir.2008)).

"The statute further specifies that the appropriate remedy is 'an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater.'" Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1250 (11th Cir. 2014) (quoting 47 U.S.C. § 227(b)(3)(B)). "Treble damages are also available for knowing or willful violations." Id. (citing 47 U.S.C. § 227(b)(3)(C)).

B.    The Calls At Issue Were Placed By Defendant Using An ATDS

Plaintiffs' Complaint (Dkt. 1) alleges that "[t]he telephone calls at issue were placed by Defendant BOA HOME LOANS using an 'automated telephone dialing system' as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers

---

charged individually for each of the autodialed calls" in order to state a claim under the TCPA for calls placed to a cellular telephone. Id.

to be called, using a random or sequential number generator; and to dial such numbers (hereafter "ATDS" or "autodialer")." (Dkt. 1, ¶ 34). "A defendant in default for failing to respond to a complaint admits all well-pleaded allegations of the complaint as to liability for purposes of default judgment." Hauser v. Hawthorne Dev. II Corp., 6:07-cv-704-Orl-28KRS, 2007 WL 4570727, *1 (M.D. Fla. 2007). *See also* Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established'" (quoting Nishimatsu, 515 F.2d at 1206)).

C.      Plaintiffs Were The "Called Parties" As Defined By The TCPA

The Eleventh Circuit has explained that the "'called party,' for purposes of § 227(b)(1)(A)(iii), means the subscriber to the cell phone service." Breslow, supra, -- F.3d ---, 2014 WL 2565984 at *1, 60 Communications Reg. (P&F) 934, 24 Fla. L. Weekly Fed. C 1405 (citing Osorio, supra, 746 F.3d at 1251). The Complaint (Dkt. 1) alleges that Plaintiff Nelson Coniglio is the regular user and carrier of the cellular telephone number at issue, (813) 477-4209, and was the called party and recipient of the calls at issue from Defendant BOA HOME LOANS. (Dkt. 1, ¶ 7). The Complaint further alleges that Plaintiff Joyce Coniglio is the regular user and carrier of the cellular telephone number at issue, (813) 244-1327, and was the called party and recipient of the calls at issue from Defendant BOA HOME LOANS. (Dkt. 1, ¶ 8)

In support of the above allegations, Plaintiff Nelson Coniglio testified in his affidavit that at all times material hereto, he "was the subscriber to the cellular telephone number at issue, (813) 477-4209," and that at all times material hereto, "the cellular service provider for the aforementioned cellular telephone number was Metro PCS." (*See* Dkt. 10, Aff. Nelson Coniglio, ¶ 3). Plaintiff Joyce Coniglio testifies in her affidavit that at all times material hereto, she "was the

6

subscriber to the cellular telephone number at issue, (813) 244-1327," and that at all times material hereto, "the cellular service provider for the aforementioned cellular telephone number was Verizon Wireless." (*See* Dkt. 11, <u>Aff. Joyce Coniglio</u>, ¶ 3). Accordingly, Plaintiffs have provided record evidence establishing that they were the "called parties" with respect to the calls placed to their respective cellular telephone numbers by Defendant BOA HOME LOANS.

D.      <u>Plaintiffs Revoked Any "Prior Express Consent" They May Have Given to Defendant</u>

The Eleventh Circuit has expressly held that "prior express consent" under the TCPA may be revoked, and that called parties may revoke their consent orally or in writing. *See* <u>Osorio</u>, supra, 746 F.3d at 1255-56.

i.      *Allegations of Plaintiffs' Complaint*

The Plaintiffs' Complaint (Dkt. 1) alleges that none of the calls at issue were placed by Defendant BOA HOME LOANS to the Plaintiffs' respective cellular telephone numbers with the Plaintiffs' "prior express consent." (Dkt. 1, ¶ 50, 51). The Complaint (Dkt. 1) further alleges, in the alternative, that Plaintiffs revoked any "prior express consent" Defendant BOA HOME LOANS had or mistakenly believed it had by:

  a.   Verbally requesting that Defendant stop placing calls to their aforementioned cellular telephone numbers;

  b.   Requesting in writing, through their agent, U.S. Loan Mitigation, that Defendant cease and desist communicating with Plaintiffs;

  c.   Notifying Defendant that they were represented by counsel with respect to the subject debt. *See* 15 U.S.C. 1692c(a)(2).

(Dkt. 1, ¶ 52).

The Complaint (Dkt. 1) further alleges that on August 17, 2009, Plaintiffs' agent, U.S. Loan Mitigation, sent Defendant BOA HOME LOANS a letter, which was executed by Plaintiff

NELSON CONIGLIO, identifying the Account/Loan number at issue, 074003711, the Plaintiffs' property address associated with the mortgage loan, and informing Defendant that U.S. Loan Mitigation had been retained by Plaintiffs to pursue a modification of the mortgage loan, that that Plaintiffs authorized U.S. Loan Mitigation to communicate with Defendant regarding the mortgage loan at issue, demanding that Defendant cease and desist all debt collection communication with Plaintiffs in relation to the mortgage loan debt, and informing Defendant that U.S. Loan Mitigation was attempting to pursue a loan modification on behalf of Plaintiffs and all communications regarding the mortgage loan should be directed towards U.S. Loan Mitigation. (Dkt. 1, ¶ 21).

The Complaint further alleges that on or about September 29, 2009, Defendant BOA HOME LOANS sent Plaintiff NELSON CONIGLIO a letter notifying Plaintiff that it had received the above referenced authorization request from Plaintiffs' agent, U.S. Loan Mitigation, regarding the mortgage loan at issue. (Dkt. 1, ¶ 22, and Ex. A thereto).

The Complaint further alleges that on or about November 30, 2009, Plaintiffs' agent, U.S. Loan Mitigation, sent Defendant BOA HOME LOANS another letter on behalf of Plaintiffs, identifying the Account/Loan number at issue, 074003711, the Plaintiffs' property address associated with the mortgage loan, and demanding that Defendant cease and desist all debt collection communication with Plaintiffs in relation to the debt, and informing Defendant that it was attempting to pursue a loan modification on behalf of Plaintiffs and all communications regarding the mortgage loan should be directed towards US Loan Mitigation. (Dkt. 1, ¶ 23, and Ex. B thereto).

The Complaint further alleges that on or about September 8, 2011, Plaintiffs' attorney, S.M. David Stamps, III, sent Defendant BOA HOME LOANS a letter identifying that he

represented the Plaintiffs with respect to the mortgage loan at issue, which letter was also executed by Plaintiff NELSON CONIGLIO on or about September 8, 2011. (Dkt. 1, ¶ 24, and Ex. C thereto).

The Complaint further alleges that on or about December 15, 2011, Defendant BOA HOME LOANS sent Plaintiff NELSON CONIGLIO a letter notifying Plaintiff that it had received the above referenced correspondence from Plaintiffs' attorney, S.M. David Stamps, III. (Dkt. 1, ¶ 25, and Ex. D thereto).

Finally, the Complaint alleges that Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiffs by repeatedly placing calls to Plaintiffs' respective cellular telephone numbers using an ATDS and/or artificial or prerecorded voice without Plaintiffs' prior express consent, invitation or permission. (Dkt. 1, ¶ 54).

### ii. _Record Evidence In Support of Plaintiffs' Revocation of Consent_

In support of the allegations in paragraph (21) of the Complaint (Dkt. 1), as referenced above, _see_ Dkt. 10, Aff. Nelson Coniglio, ¶ 6; Dkt. 11, Aff. Joyce Coniglio, ¶ 6; Dkt. 12, Aff. Jason A. Coniglio, ¶ 4. In support of the allegations in paragraph (22) of the Complaint (Dkt. 1), as referenced above, _see_ Dkt. 10, Aff. Nelson Coniglio, ¶ 7, Ex. A; Dkt. 11, Aff. Joyce Coniglio, ¶ 7, Ex. A. In support of the allegations in paragraph (23) of the Complaint (Dkt. 1), as referenced above, _see_ Dkt. 10, Aff. Nelson Coniglio, ¶ 9, Ex. B; Dkt. 11, Aff. Joyce Coniglio, ¶ 9, Ex. B; Dkt. 12, Aff. Jason A. Coniglio, ¶ 5, Ex. A. In support of the allegations in paragraph (24) of the Complaint (Dkt. 1), as referenced above, _see_ Dkt. 10, Aff. Nelson Coniglio, ¶ 12, Ex. C; Dkt. 11, Aff. Joyce Coniglio, ¶ 12, Ex. C. In support of the allegations in paragraph (25) of the Complaint (Dkt. 1), as referenced above, _see_ Dkt. 10, Aff. Nelson Coniglio, ¶ 13, Ex. D; Dkt. 11, Aff. Joyce Coniglio, ¶ 13, Ex. D.

Accordingly, the above referenced paragraphs and exhibits of the above cited affidavits (Dkt. 10-12) provide evidentiary support for the allegations referenced in paragraphs (21) through (25) of the Complaint, as referenced above, as well as authenticating the exhibits attached to the Complaint (Dkt. 1) as referenced in said paragraphs. Moreover, the affidavit of Jason Anthony Coniglio (Dkt. 12) establishes that on behalf of U.S. Loan Mitigation, Jason Anthony Coniglio sent the above described August 17, 2009 and November 30, 2009 letters to BOA HOME LOANS via U.S. Mail and facsimile, including but not limited to P.O. Box 5170, Simi Valley, CA, 93062-5170, and facsimile number (800) 658-0395, and that he confirmed that each of the aforementioned facsimile transmissions to BOA HOME LOANS had been successfully transmitted without errors. (*See* Dkt. 12, <u>Aff. Jason A. Coniglio</u>, ¶ 5).

Finally, Plaintiffs Nelson Coniglio and Joyce Coniglio testify in their respective affidavits that upon receipt of calls from BOA HOME LOANS on their aforementioned cellular telephone numbers, Plaintiffs instructed the representative to direct all communications to the Plaintiffs' agent, U.S. Loan Mitigation, requested that BOA HOME LOANS not place any further calls to Plaintiffs, and stated that a cease and desist letter had previously been sent to BOA HOME LOANS by Plaintiffs' agent, U.S. Loan Mitigation. (*See* Dkt. 10, <u>Aff. Nelson Coniglio</u>, ¶ 11; Dkt. 11, <u>Aff. Joyce Coniglio</u>, ¶ 11).

E.      <u>Damages Under The TCPA</u>

The TCPA provides for a minimum recovery of five-hundred dollars ($500) for each telephone call placed by Defendant to Plaintiffs in violation of the TCPA, as codified by 47 U.S.C. § 227(b)(3)(B). Furthermore, the TCPA provides that where "the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more

than 3 times the amount available under subparagraph (B) of this paragraph [i.e., ($1,500.00) per violation].” 47 U.S.C. § 227(b)(3)(C).

As set forth above, the Complaint (Dkt. 1) alleges that Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiffs by repeatedly placing calls to Plaintiffs’ respective cellular telephone numbers using an ATDS and/or artificial or prerecorded voice without Plaintiffs’ prior express consent, invitation or permission. (Dkt. 1, ¶ 54). “As a defaulted party, [Defendant] has admitted these allegations.” Miller, supra, 75 F. Supp. 2d at 1346 (M.D. Fla. 1999) (holding that by virtue of its default in retaliatory discharge action, wherein employee alleged that employer willfully violated the Fair Labor Standards Act, employer “admitted a wilful violation of section 215(a)(3), and the Court is precluded from finding good faith”).

Moreover, notwithstanding Defendant admitting Plaintiffs’ allegation that Defendant wilfully and/or knowingly violated the TCPA by virtue of its default, pursuant to the applicable authority interpreting the TCPA, each call placed by Defendant BOA HOME LOANS after the Plaintiffs instructed Defendant that it does not have consent to call the Plaintiffs’ respective cellular telephone numbers constitutes a “willful” and/or “knowing” violation warranting the trebling of the award to $1,500 per call as provided by 47 U.S.C. § 227(b)(3)(C). See Echevvaria v. Diversified Consultants, Inc., 13 CIV. 4980 LAK AJP, 2014 WL 929275, *11 (S.D.N.Y. 2014).[3] To that extent, the above cited testimony by Plaintiffs and Plaintiffs’ agent, Jason Anthony Coniglio on behalf of U.S. Loan Mitigation, conclusively establishes that the Plaintiffs expressly

---

[3] A copy of the Echevvaria court’s Report and Recommendation is attached hereto as Exhibit “B.” A copy of the Order adopting the Report and Recommendation and Granting Plaintiff’s Motion for Summary Judgment is attached hereto as Exhibit “C.”

revoked any "prior express consent" that Defendant BOA HOME LOANS had, or believed it had, by

(1) Verbally requesting that Defendant stop contacting Plaintiffs with respect to the Subject Debt,

(2) Transmitting written notifications to Defendant in 2009 via U.S. Mail and facsimile with specific and unmistakable instructions that Defendant was to immediately cease and desist communication with Plaintiffs in relation to the Subject Debt and any other debts Defendant claimed that Plaintiffs owed, and

(3) Notifying Defendant that Plaintiffs had retained an attorney with respect to the Subject Debt by virtue of a letter drafted by said attorney, on said attorney's letterhead, directing Defendant to communicate directly with said attorney, and which was also executed by Plaintiff Nelson Coniglio for the stated purpose of confirming that directive.

Plaintiffs' testimony and documentary evidence introduced through the above referenced affidavits (Dkt. 10-12) unequivocally establishes that Defendant BOA HOME LOANS acknowledged receipt of the above referenced written correspondence from Plaintiffs' agent, U.S. Loan Mitigation, and Plaintiffs' attorney, S.M. David Stamps, III, and that despite Defendant BOA HOME LOANS having received the above described correspondence, Defendant refused to cease placing calls to Plaintiffs' cellular telephone numbers in an effort to collect the Subject Debt.

Pursuant to the above cited authority, including the express language of the TCPA as set forth under 47 U.S.C. § 227(b)(3)(C), Defendant has, by virtue of its default, admitted to Plaintiffs' allegation that Defendant wilfully and or knowingly violated the TCPA; furthermore, the record evidence set forth herein conclusively establishes that Defendant's violations of the TCPA by repeatedly placing calls to Plaintiffs' cellular telephone numbers after receipt of the cease and desist letters from Plaintiffs' agent in 2009, and upon being placed on notice that Plaintiffs had retained counsel with respect to the Subject Debt, constitute "knowing" and/or "willful" TCPA violations in each such instance.

*i.*   *Calculation of TCPA Damages*

The Complaint alleges that Defendant BOA HOME LOANS has placed approximately three-hundred fifty (350) phone calls to both Plaintiffs' respective cellular telephone numbers. (Dkt. 1, ¶ 27, 30). In their respective affidavits, Plaintiffs provide testimony with respect to the volume of calls received from Defendant BOA HOME LOANS and the pattern followed by Defendant over the relevant time period. Plaintiff Joyce Coniglio testified as follows in her affidavit with respect to the volume, frequency and general pattern of the calls received from Defendant:

> In the four years preceding the filing of the Complaint (Dkt. 1) in this action, I received an average of approximately ten (10) calls per month from BOA HOME LOANS on my aforementioned cellular telephone number in an effort to collect the Subject Debt

(Dkt. 11, Aff. Joyce Coniglio, ¶ 15).

Likewise, Plaintiff Nelson Coniglio testified as follows in his affidavit with respect to the volume, frequency and general pattern of the calls received from Defendant:

> In the four years preceding the filing of the Complaint (Dkt. 1) in this action, I received an average of approximately ten (10) calls per month from BOA HOME LOANS on my aforementioned cellular telephone number in an effort to collect the Subject Debt

(Dkt. 10, Aff. Nelson Coniglio, ¶ 15).

Furthermore, Plaintiffs Nelson Coniglio and Joyce Coniglio testified in their respective affidavits that at all times material hereto, Defendant BOA HOME LOANS consistently followed a pattern of placing a call to Plaintiff Joyce Coniglio's aforementioned cellular telephone number, Plaintiff Nelson Coniglio's aforementioned cellular telephone number, Plaintiffs' residential telephone number within minutes of each other in an effort to collect the Subject Debt. (*See* Dkt. 10, Aff. Nelson Coniglio, ¶ 16; Dkt. 11, Aff. Joyce Coniglio, ¶ 16).

13

As set forth above, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." Broad. Music, supra, 2014 WL 3887509 at *2 (citing Miller, 75 F.Supp.2d at 1346). Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Fleming, supra, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting Freeman, 605 F.2d at 857, and citing Smyth, 420 F.3d at 1231–32). "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Id. (citing Smyth, 420 F.3d at 1232 n. 13). See also Broad. Music, 2014 WL 3887509 at *2.

The statutory damages awarded under the TCPA "represents a liquidated sum for uncertain and hard-to-quantify actual damages." Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc., 401 F.3d 876, 881 (8th Cir. 2005). Thus, although the liquidated statutory damages recoverable under the TCPA are easily "capable of mathematical calculation," such a calculation depends on (1) whether the violations trigger the minimum five-hundred dollar ($500) award under 47 U.S.C. § 227(b)(3)(B), or whether the violations are willful and knowing resulting in the trebled award of fifteen-hundred dollars ($1,500) under 47 U.S.C. § 227(b)(3)(C); and (2) the total number of TCPA violations committed.

As set forth above, Defendant, by virtue of its default, has admitted Plaintiffs' allegations that Defendant's TCPA violations were willful and/or knowing (Dkt. 1, ¶ 54). Miller, supra, 75 F. Supp. 2d at 1346. Furthermore, the testimony and evidence provided by Plaintiffs in Plaintiffs' affidavits (Dkt. 10-11), in addition to the testimony and evidence provided in the affidavit of Jason A. Coniglio on behalf of Plaintiffs' agent, U.S. Loan Mitigation (Dkt. 12), conclusively

14

demonstrates that in 2009, Plaintiffs not only expressly revoked any "prior express consent" Defendant BOA HOME LOANS had or believed it had, but that Defendant was also specifically instructed in writing to immediately cease and desist all debt collection communication with the Plaintiffs in relation to the Subject Debt and any other debts BOA HOME LOANS claimed that Plaintiffs owed. The record evidence further demonstrates that said correspondence was successfully transmitted to Defendant BOA HOME LOANS via facsimile (*see* Dkt. 12, Aff. Jason A. Coniglio, ¶ 6), and that Defendant BOA HOME LOANS notified Plaintiffs that they had received said correspondence from Plaintiffs' agent, U.S. Loan Mitigation in 2009. (*See* Dkt. 10, Aff. Nelson Coniglio, ¶ 7, Ex. A; Dkt. 11, Aff. Joyce Coniglio, ¶ 7, Ex. A). Plaintiffs would therefore submit that each telephone call placed to Plaintiffs during the four (4) year period preceding the filing of the Complaint (Dkt. 1) in this action constituted a willful or knowing TCPA violation, and that this Court should award treble damages of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3)(C).

With respect to the number of violations committed by Defendant BOA HOME LOANS, Plaintiffs state in their respective affidavits that they received "an average of approximately ten (10) calls per month from BOA HOME LOANS on [their respective] cellular telephone number[s] in an effort to collect the Subject Debt." (Dkt. 10, Aff. Nelson Coniglio, ¶ 15; Dkt. 11, Aff. Joyce Coniglio, ¶ 15). Plaintiffs' respective testimony with respect to the volume and frequency of calls received by Defendant is further identifies a pattern that was consistently followed by Defendant BOA HOME LOANS with respect to its debt collection calls to Plaintiffs during the time period at issue. (Dkt. 10, Aff. Nelson Coniglio, ¶ 16; Dkt. 11, Aff. Joyce Coniglio, ¶ 16). A purely

mathematical calculation based on ten (10) calls per month over a four (4) year period, equals four-hundred and eighty (480) calls to each Plaintiff's cellular telephone. [4]

In the absence of specific documentary evidence contradicting the above referenced testimony and/or reflecting each specific call placed to Plaintiffs' respective cellular telephone numbers, such testimony should be considered admissible evidence by this Court for the purpose of establishing call frequency and volume. This Court has previously ruled that similar evidence introduced by consumers in suits alleging violations of the FCCPA and Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA") is admissible and sufficient to create a question of fact as to call frequency and volume. *See* Elliott v. GC Services, LP, 8:10-CV-1976-T-24, 2011 WL 5975671 (M.D. Fla. 2011) (holding that factual dispute as to the number of times defendant called plaintiff, the content of those calls, and whether the calls were made with the intent to annoy, abuse, or harass precluded summary judgment for defendant on FDCPA and FCCPA claims, where evidence presented by defendant regarding total number and frequency of calls was contradicted by testimony of plaintiff); Dokumaci v. MAF Collection Services, 2011 WL 833988, *3 (M.D. Fla. 2011) (denying summary judgment on the basis that record contained "conflicting evidence as to the volume, frequency, and pattern of calls made," noting that defendant's "call logs reflect a total of eight calls made, with one call each day," but that "plaintiff testified at her deposition that she received six to seven back-to-back calls every Saturday and Sunday for four to five weeks"); Dowling v. I.C. Sys., Inc., 804CV2445T24EAJ, 2005 WL 2675010 (M.D. Fla. 2005) (denying summary judgment on the basis that plaintiff "submitted an affidavit contradicting Defendant's version of events, [thus,] a genuine issue of material fact exists

---

[4] 48 months x 10 calls per month = 480.

as to the number of calls made, the number of calls during which Defendant's collection agents spoke with Plaintiff and others, and what was said during those calls").

However, in the event that this Court deems it necessary for Plaintiffs to submit additional evidence in support of their claim for damages, Plaintiffs would respectfully request that this Court permit Plaintiffs to serve subpoenas upon the Plaintiffs' cellular service providers, Verizon Wireless and Metro PCS, respectively. Local Rule 3.05(c)(2)(b) prohibits a party from "seek[ing] discovery from any source" prior to the case management meeting, "[u]nless otherwise ordered by the Court." Plaintiffs would also respectfully request that this Court conduct an evidentiary hearing on the question of damages to the extent that this Court determines that such a hearing is warranted.

## III.   Plaintiffs Are Entitled To Default Judgment With Respect To The FCCPA Claim

The FCCPA provides, among other things, that "[i]n collecting consumer debts, no person shall . . . [c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . ." *See* Fla. Stat. § 559.72(18). Count III of Plaintiffs Complaint (Dkt. 1) in this matter asserts a claim against Defendant BOA HOME LOANS for violation of the FCCPA. Plaintiffs FCCPA claim is based, in part, upon Defendant's prohibited conduct pursuant to Fla. Stat. § 559.72(18) for placing calls to Plaintiffs' aforementioned cellular telephone numbers and residential telephone number in an effort to collect the Subject Debt despite having knowledge that Plaintiffs were represented by Mr. Stamps with respect to the Subject Debt. (*See* Dkt. 1, ¶ 71).

The aforementioned affidavits of Plaintiff Nelson Coniglio (Dkt. 10) and Plaintiff Joyce Coniglio (Dkt. 11) conclusively establish that Defendant BOA HOME LOANS violated the above cited FCCPA provision. By way of example, Plaintiffs' affidavits state that on or about September 8, 2011, Plaintiffs' attorney, S.M. David Stamps, III, sent a letter to BOA HOME LOANS, which

was also signed by Plaintiff Nelson Coniglio on September 8, 2011, wherein Mr. Stamps notified BOA HOME LOANS that he represented Plaintiffs with respect to the Subject Debt. (*See* Dkt. 10, Aff. Nelson Coniglio, ¶ 12, Ex. C; Dkt. 11, Aff. Joyce Coniglio, ¶ 12, Ex. C).

Subsequent to Plaintiffs' attorney, Mr. Stamps, sending the above described September 8, 2011 letter, Plaintiffs received a notice from BOA HOME LOANS dated December 15, 2011, addressed to the attention of Plaintiff Nelson Coniglio, stating that BOA HOME LOANS had received the aforementioned correspondence from Plaintiffs' attorney, Mr. Stamps. (*See* Dkt. 10, Aff. Nelson Coniglio, ¶ 13, Ex. D; Dkt. 11, Aff. Joyce Coniglio, ¶ 13, Ex. D).

Subsequent to the December 15, 2011 notice from BOA HOME LOANS, confirming that it had received the September 8, 2011 correspondence from Plaintiffs attorney, Mr. Stamps, Plaintiffs continued to receive calls on their aforementioned cellular telephone numbers and aforementioned residential telephone number from BOA HOME LOANS in an effort to collect the Subject Debt. (*See* Dkt. 10, Aff. Nelson Coniglio, ¶ 14; Dkt. 11, Aff. Joyce Coniglio, ¶ 14).

Pursuant to section 559.77(2), Florida Statutes, "any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow," in an amount not exceeding one-thousand dollars ($1,000), "together with court costs and reasonable attorney's fees incurred by the plaintiff." As stated above, "where the essential evidence regarding damages is before the Court, [an evidentiary] hearing [as to damages] may be unnecessary." Fleming, supra, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517 at *9 (citing Smyth, 420 F.3d at 1232 n. 13). Instances in which a hearing may not be necessary include those in which "the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting Freeman, supra, 605 F.2d at 857. Statutory damages under the FCCPA are considered "liquidated damages." Harris v. Beneficial Finance Company of Jacksonville, 338 So.2d 196, 200 (Fla. 1976)

18

(the "statute is sustainable as providing for liquidated damages in an area of the law in which ascertainment of the dollar amount of *actual damages sustained* in most instances will be extremely difficult, if not impossible, to achieve").

Accordingly, Plaintiffs would respectfully request that this Court enter default judgment against Defendant BOA HOME LOANS with respect to Plaintiffs' FCCPA claim, and award Plaintiffs statutory damages in the amount of $1,000, in addition to court costs and reasonable attorneys' fees incurred by the Plaintiffs in this action.

## IV.   <u>Conclusion</u>

For the reasons set forth above, Plaintiffs respectfully request that this Court enter default judgment against Defendant with respect to the TCPA claim in the Complaint (Dkt. 1), and find that all of the calls at issue were "willful and/or knowing" violations of the TCPA.

Plaintiffs would further respectfully request that this Court enter default judgment against Defendant with respect to the Plaintiffs' FCCPA claim, and find that Defendant violated the FCCPA by communicating with the Plaintiffs in connection with the collection of the Subject Debt when Defendant knew Plaintiffs were represented by an attorney with respect to the Subject Debt and had knowledge of the attorney's name and address.

Plaintiffs would further request that should this Court deem it necessary for Plaintiffs to submit additional evidence on the question of damages, that this Court permit Plaintiffs to serve subpoenas upon Plaintiffs' cellular service providers, and conduct an evidentiary in accordance with Fed. R. Civ. P. 55(b)(2)(B).

Pursuant to the above cited authority and the evidence referenced herein and attached hereo, Plaintiffs respectfully request that this Court enter default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2), for the liquidated damages specified above,

in addition to attorney's fees and costs pursuant to section 559.77(2), Florida Statutes, post-judgment interest, and for such other relief as this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 18th day of August 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send a notice of electronic filings via the Court's ECF system to the following:   None.

Respectfully submitted,

*/s/ David P. Mitchell*
David P. Mitchell, Esquire
Florida Bar No.: 067249
Morgan & Morgan, P.A.
201 North Franklin Street 7th Floor
Tampa, FL  33602
Tele:  813-223-5505
Fax:  813-222-4797
DMitchell@ForThePeople.com
VMarrero@ForThePeople.com
PMitchell@ForThePeople.com
Counsel for Plaintiffs

20