UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife,

    Plainitiffs,

                                                    CASE NO.:  8:14-CV-01628-EAK-MAP

-vs-

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC HOME LOANS
SERVICING, LP,

    Defendant.
_____/

## **ORDER**

This cause is before the Court on Plaintiffs' Amended Motion for Default Judgment. (Dkt. 13). Plaintiffs filed this action against Defendant BANK OF AMERICA, N.A. ("BANA"), alleging, among other things, violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.*, ("TCPA"), and Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes ("FCCPA"). (Dkt. 1). The Defendant has not appeared in this action, and has not filed a response to Plaintiffs' Amended Motion for Default Judgment. After careful consideration of the allegations of the Complaint, the Amended Motion for Default Judgment, and the applicable law, the Court concludes the Amended Motion for Default Judgment should be granted.

1

**PROCEDURAL HISTORY**

Plaintiffs filed their Complaint in this action on July 2, 2014. (Dkt. 1). The Complaint was served upon Defendant on July 10, 2014. (Dkt. 15). "Affidavits by process servers constitute a *prima facie* showing that defendants have been served." Berguin v. Bus. World Pub., Inc., 2:14-CV-249-FTM-29CM, 2014 WL 2864311, *1 (M.D. Fla. 2014). The Defendant failed to respond to Plaintiffs' Complaint within the time set forth under Fed. R. Civ. P. 12(a), and on August 1, 2014, Plaintiffs' filed their Motion for Entry of Default by the Clerk pursuant to Fed. R. Civ. P. 55(a) and Local Rule 1.07(b). (Dkt. 6). On August 4, 2014, the Clerk entered default against the Defendant. (Dkt. 7). To date, Defendant has not filed any pleading, motion or otherwise appeared in this action.

**ANALYSIS**

**I.      Default Judgment Standard Under Fed. R. Civ. P. 55(b)**

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." United States v. Fleming, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517, *9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Id. (quoting Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir.1986)). "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)).[1] However, a plaintiff is not entitled to entry of a default

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

judgment merely because a default has been entered against the defendant. Nishimatsu, 515 F.2d at 1206. Rather, a party must establish that the well-pleaded factual allegations in the Complaint are sufficient to establish each element of each cause of action alleged in the Complaint.

Furthermore, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." Broad. Music, Inc. v. PRB Productions, Inc., 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla. 2014) (citing Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D.Fla.1999). "Rather, the Court determines the amount and character of damages to be awarded." Isaula v. Chicago Rest. Group, LLC, 13-CV-24387-JLK, 2014 WL 3477917, *1 (S.D. Fla. 2014) (quoting Miller, 75 F.Supp.2d at 1346 (M.D.Fla.1999)). Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Fleming, supra, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir.1979) and citing SEC v. Smyth, 420 F.3d 1225, 1231–32 (11th Cir.2005)). "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Id. (citing Smyth, 420 F.3d at 1232 n. 13). *See also* Broad. Music, 2014 WL 3887509 at *2.

To satisfy their burden, Plaintiffs must state the elements of each cause of action in a legal memorandum by citation to legal authority. The Plaintiffs must then show with pinpoint citations to the Complaint the factual allegations that establish each element of each cause of action. As explained below, the Plaintiffs have satisfied this burden.

## II. Plaintiffs Are Entitled To Default Judgment With Respect To Their TCPA Claim

The provision of the TCPA applicable to calls placed to cellular telephones provides as follows, in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States --
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice --
>
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; [2]

47 U.S.C. § 227(b)(1)(A)(iii).

In sum, "[t]he [TCPA] makes it unlawful to make any call using an automatic telephone dialing system (an "autodial system") to a cellular telephone without the prior express consent of the 'called party.'" Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 60 Communications Reg. (P&F) 934, (11th Cir. 2014) (citing 47 U.S.C. § 227(b)(1)(A)(iii); Pub. L. No. 102-243, 105 Stat. 2394). "'The TCPA is essentially a strict liability statute' that 'does not require any intent for liability except when awarding treble damages.'" Lardner v. Diversified Consultants Inc., 1:13-CV-22751-UU, 2014 WL 1778960, *4 (S.D. Fla. 2014) (quoting Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir.2011) (quoting Penzer v. Transp. Ins. Co., 545 F.3d 1303, 1311 (11th Cir.2008)).

---

[2] The Eleventh Circuit recently clarified that the reference in § 227(b)(1)(A)(iii) to the called party being "charged for the call" does not apply to calls placed to cellular telephones. Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1258 (11th Cir. 2014). Accordingly, to state a claim under the TCPA for calls placed to a cellular telephone, a plaintiff "is not required to prove that he was charged individually for each of the autodialed calls." Id.

4

The TCPA "further specifies that the appropriate remedy is 'an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater.'" Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1250 (11th Cir. 2014) (quoting 47 U.S.C. § 227(b)(3)(B)). "Treble damages are also available for knowing or willful violations." Id. (citing 47 U.S.C. § 227(b)(3)(C)).

A. **The Calls At Issue Were Placed Using An ATDS**

The Plaintiffs' Complaint (Dkt. 1) alleges that "[t]he telephone calls at issue were placed by Defendant [] using an 'automated telephone dialing system' as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers (hereafter 'ATDS' or 'autodialer')." (Dkt. 1, ¶ 34). Accordingly, by their well-pled allegation, Plaintiffs have established this element of their cause of action under the TCPA.

B. **Plaintiffs Were The "Called Parties" As Defined By The TCPA**

The Eleventh Circuit has explained that the "'called party,' for purposes of § 227(b)(1)(A)(iii), means the subscriber to the cell phone service." Breslow, 755 F.3d at 1267, (citing Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1251 (11th Cir. 2014). The Complaint (Dkt. 1) alleges that Plaintiff Nelson Coniglio is the regular user and carrier of the cellular telephone number at issue, (813) 477-4209, and was the called party and recipient of the calls at issue from Defendant BOA HOME LOANS. (Dkt. 1, ¶ 7). The Complaint further alleges that Plaintiff Joyce Coniglio is the regular user and carrier of the cellular telephone number at issue, (813) 244-1327, and was the called party and recipient of the calls at issue from Defendant BOA HOME LOANS. (Dkt. 1, ¶ 8)

In support of the above allegations, Plaintiff Nelson Coniglio provided an affidavit (Dkt. 10), in which he testifies that at all times material hereto, he "was the subscriber to the cellular telephone number at issue, (813) 477-4209," and that at all times material hereto, "the cellular service provider for the aforementioned cellular telephone number was Metro PCS." (Dkt. 10: Aff. N. Coniglio, ¶ 3). Plaintiff Joyce Coniglio also provided an affidavit (Dkt. 11) in which she testifies that at all times material hereto, she "was the subscriber to the cellular telephone number at issue, (813) 244-1327," and that at all times material hereto, "the cellular service provider for the aforementioned cellular telephone number was Verizon Wireless." (Dkt. 11: Aff. J. Coniglio, ¶ 3). Accordingly, Plaintiffs have established that they were the "called parties" with respect to the calls placed to their respective cellular telephone numbers by Defendant.

C.   **Defendant Did Not Have Plaintiffs' Consent To Place The Calls At Issue**

The Eleventh Circuit has expressly held that "prior express consent" under the TCPA may be revoked, and that called parties may revoke their consent orally. See Osorio, supra, 746 F.3d at 1255-56. The Plaintiffs' Complaint (Dkt. 1) alleges that none of the calls at issue were placed by Defendant BOA HOME LOANS to the Plaintiffs' respective cellular telephone numbers with the Plaintiffs' "prior express consent." (Dkt. 1, ¶ 50, 51). The Complaint (Dkt. 1) further alleges, in the alternative, that Plaintiffs revoked any "prior express consent" Defendant BOA HOME LOANS had or mistakenly believed it had by:

    a. Verbally requesting that Defendant stop placing calls to their aforementioned cellular telephone numbers;

    b. Requesting in writing, through their agent, U.S. Loan Mitigation, that Defendant cease and desist communicating with Plaintiffs;

    c. Notifying Defendant that they were represented by counsel with respect to the subject debt. See 15 U.S.C. 1692c(a)(2).

(Dkt. 1, ¶ 52).

The Plaintiffs allege that Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiffs by repeatedly placing calls to Plaintiffs' respective cellular telephone numbers using an ATDS and/or artificial or prerecorded voice without Plaintiffs' prior express consent, invitation or permission. (Dkt. 1, ¶ 54).

In support of their allegations that the Defendant's TCPA violations were willful and/or knowing, the Plaintiffs allege that prior to the initiation of the calls at issue by Defendant, the Plaintiffs' agent, U.S. Loan Mitigation, sent Defendant several letters demanding that the Defendant cease and desist all debt collection communication with Plaintiffs in relation to the debt at issue, and informing Defendant that U.S. Loan Mitigation was attempting to pursue a loan modification on behalf of Plaintiffs and all communications regarding the mortgage loan should be directed towards U.S. Loan Mitigation. (Dkt. 1, ¶ 21, 23, Ex. B). The Plaintiffs further allege that their attorney sent Defendant a letter identifying that he represented the Plaintiffs with respect to the mortgage loan at issue, which letter was also executed by Plaintiff Nelson Coniglio on or about September 8, 2011. (Dkt. 1, ¶ 24, Ex. C). Plaintiffs further allege that Defendant sent Plaintiffs correspondence notifying the Plaintiffs that it had received the letters from Plaintiffs' agent and attorney. (Dkt. 1, ¶ 22, 25, Ex. A, Ex. D).

In their affidavits, Plaintiffs and their agent submit testimony in support of these allegations, in addition to authenticating the exhibits. (Dkt. 10: <u>Aff. Nelson Coniglio</u>, ¶ 6, 7, 9, 12-13; Dkt. 11: <u>Aff. Joyce Coniglio</u>, ¶ 6, 7, 9, 12-13; Dkt. 12: <u>Aff. Jason A. Coniglio</u>, ¶ 4, 5, 6, Ex. A). Accordingly, the Court finds that the Plaintiffs have established this element of their TCPA claim.

A.    **Damages Under The TCPA**

The TCPA provides for a minimum recovery of five-hundred dollars ($500) for each telephone call placed in violation of the TCPA. 47 U.S.C. § 227(b)(3)(B). Furthermore, the TCPA provides that where "the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C). Accordingly, each call placed by Defendant after the Plaintiffs instructed Defendant that it does not have consent to call the Plaintiffs' respective cellular telephone numbers constitutes a "willful" and/or "knowing" violation warranting the trebling of the award to $1,500 per call. See Echevvaria v. Diversified Consultants, Inc., 13 CIV. 4980 LAK AJP, 2014 WL 929275, *11 (S.D.N.Y. 2014).

The Complaint (Dkt. 1) alleges that Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiffs by repeatedly placing calls to Plaintiffs' respective cellular telephone numbers using an ATDS and/or artificial or prerecorded voice without Plaintiffs' prior express consent, invitation or permission. (Dkt. 1, ¶ 54). "As a defaulted party, [Defendant] has admitted these allegations." Miller, supra, 75 F. Supp. 2d at 1346 (M.D. Fla. 1999) (holding that by virtue of its default in retaliatory discharge action, wherein employee alleged that employer willfully violated the Fair Labor Standards Act, employer "admitted a willful violation of section 215(a)(3), and the Court is precluded from finding good faith").

The Plaintiffs' allegations and sworn testimony, in addition to that of their agent, establishes that the Plaintiffs expressly revoked any "prior express consent" that the Defendant had, or believed it had, by (1) verbally requesting that the Defendant stop contacting Plaintiffs

with respect to the debt at issue, (2) transmitting written notifications to the Defendant in 2009 via U.S. Mail and facsimile with specific and unmistakable instructions that the Defendant was to immediately cease and desist communication with Plaintiffs in relation to the debt at issue and any other debts the Defendant claimed that Plaintiffs owed, and (3) by notifying the Defendant that Plaintiffs had retained an attorney with respect to the debt at issue by virtue of a letter drafted by said attorney, on said attorney's letterhead, directing the Defendant to communicate directly with said attorney, and which was also executed by Plaintiff Nelson Coniglio for the stated purpose of confirming that directive. Accordingly, Plaintiffs have established that the Defendant's TCPA violations were "knowing" and/or "willful."

### 1. Calculation of TCPA Damages

The Plaintiffs' Complaint alleges that Defendant placed approximately three-hundred fifty (350) phone calls to each of the Plaintiffs' respective cellular telephone numbers. (Dkt. 1, ¶ 27, 30). In their respective affidavits, Plaintiffs provide testimony supporting this estimate (Dkt. 10, ¶ 15; Dkt. 11, ¶ 15).

"[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting Freeman, 605 F.2d at 857, and citing Smyth, 420 F.3d at 1231–32). "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Id. (citing Smyth, 420 F.3d at 1232 n. 13). The damages provided under the TCPA are liquidated damages. Universal Underwriters, supra, 401 F.3d at 881. Accordingly, the Court may award damages without a hearing on damages.

The Court concludes that the evidence before the Court supports Plaintiff's allegation that each of Defendant's violations of the TCPA were willful and/or knowing, warranting treble

damages of $1,500 for each such violation. 47 U.S.C. § 227(b)(3)(C). The Court further concludes that the evidence before the Court supports Plaintiff's allegation that Defendant placed three-hundred and fifty (350) calls to the cellular telephone of each Plaintiff, for a total of seven-hundred (700) calls in violation of the TCPA. [3] Accordingly, Plaintiffs shall have judgment against the Defendant in the amount of one-million fifty thousand dollars ($1,050,000) with respect to their TCPA claim.

### III. <u>Plaintiffs Are Entitled To Default Judgment With Respect To The FCCPA Claim</u>

The FCCPA provides, among other things, that "[i]n collecting consumer debts, no person shall . . . [c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . ." See Fla. Stat. § 559.72(18). Count III of Plaintiffs Complaint (Dkt. 1) in this matter asserts a claim against Defendant for violation of the FCCPA. Plaintiffs' FCCPA claim is based, in part, upon Defendant's prohibited conduct pursuant to Fla. Stat. § 559.72(18) for placing calls to Plaintiffs' aforementioned cellular telephone numbers and residential telephone number in an effort to collect the debt at issue, despite having knowledge that Plaintiffs were represented by an attorney with respect to the Subject Debt. (Dkt. 1, ¶ 71).

The Plaintiffs allege that prior to the initiation of the calls at issue, the Defendant was notified by the Plaintiffs' attorney that he represented the Plaintiffs with respect to said debt, that the Defendant sent correspondence to the Plaintiffs acknowledging receipt of the letter from

---

[3] Plaintiffs' testify in their respective affidavits that in the four (4) years prior to the filing of this action, they received "an average of approximately ten (10) calls per month from BOA HOME LOANS on [their respective] cellular telephone number[s] in an effort to collect the Subject Debt." (Dkt. 10, ¶ 15; Dkt. 11, ¶ 15). Plaintiffs' testimony further identifies a pattern that was consistently followed by Defendant BOA HOME LOANS with respect to its debt collection calls to Plaintiffs during the time period at issue. (Dkt. 10, ¶ 16; Dkt. 11, ¶ 16). A calculation based on ten (10) calls per month over a four (4) year period, equals four-hundred and eighty (480) calls to each Plaintiff's cellular telephone. Accordingly, the Court finds that Plaintiffs' allegation of three-hundred fifty (350) calls to each Plaintiff's cellular telephone is supported by the evidence before the Court.

Plaintiffs' attorney, and that despite receiving the correspondence from Plaintiffs' attorney, Defendant continued to call Plaintiffs in an effort to collect the debt at issue. (Dkt. 1, ¶ 24, 25, 26, Ex. C, Ex. D). The Plaintiffs' affidavits support these allegations and authenticate the exhibits (Dkt 10: <u>Aff. Nelson Coniglio</u>, ¶ 12, 13, 14, Ex. C, Ex. D; Dkt. 11: <u>Aff. Joyce Coniglio</u>, ¶ 12, 13, 14, Ex. C., Ex. D).

Pursuant to section 559.77(2), Florida Statutes, "any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow," in an amount not exceeding one-thousand dollars ($1,000), "together with court costs and reasonable attorney's fees incurred by the plaintiff." As stated above, "where the essential evidence regarding damages is before the Court, [an evidentiary] hearing [as to damages] may be unnecessary." <u>Fleming</u>, supra, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517 at *9 (citing <u>Smyth</u>, 420 F.3d at 1232 n. 13). Instances in which a hearing may not be necessary include those in which "the amount claimed is a liquidated sum or one capable of mathematical calculation." <u>Id</u>. (quoting <u>Freeman</u>, supra, 605 F.2d at 857. Statutory damages under the FCCPA are considered "liquidated damages." <u>Harris v. Beneficial Finance Company of Jacksonville</u>, 338 So.2d 196, 200 (Fla. 1976) (the "statute is sustainable as providing for liquidated damages in an area of the law in which ascertainment of the dollar amount of *actual damages sustained* in most instances will be extremely difficult, if not impossible, to achieve").

The Court concludes that the evidence before the Court supports Plaintiff's allegation that the Defendant violated the FCCPA, pursuant to <u>Fla. Stat.</u> § 559.72(18). Accordingly, Plaintiffs shall have judgment against the Defendant in the amount of one thousand dollars ($1,000) with respect to their FCCPA claim, in addition to court costs and reasonable attorneys'

fees. Ruling is reserved as to the amount of attorneys' fees and costs to be awarded to the Plaintiff pending presentation of evidence as to fees and costs.

## CONCLUSION

For the reasons set forth above, the Plaintiffs' Amended Motion for Default Judgment (Dkt. 13) is hereby **GRANTED**. Plaintiff shall have judgment against the Defendant in the amount of one-million fifty-one thousand dollars ($1,051,000), in addition to Plaintiffs' court costs and reasonable attorneys' fees. Ruling is reserved as to the amount of attorneys' fees and costs to be awarded to the Plaintiff pending presentation of evidence as to fees and costs. Counsel for the Plaintiffs shall submit, within thirty days of this order, a motion for attorney's fees as well as any affidavits appropriate to support any claim for fees and/or costs. The Clerk of Court is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on this 21st day of October, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of Record