## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NELSON CONIGLIO and
JOYCE CONIGLIO, husband and wife,

        Plaintiff,                  CASE NO.: 8:14-cv-1628-T-17MAP

v.

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC HOME LOANS
SERVICING, LP,

        Defendant.

_____/

### BANK OF AMERICA, N.A.'S MOTION TO STAY EXECUTION OF FINAL DEFAULT JUDGMENT PENDING DISPOSITION OF MOTION TO VACATE AND SET ASIDE DEFAULT AND DEFAULT JUDGMENT, AND INCORPORATED MEMORANDUM OF LAW

Defendant, BANK OF AMERICA, N.A. ("BANA"), pursuant to section 91 of Title 12 of

the United States Code and Federal Rule of Civil Procedure 62(b)(4), files its motion to  Stay

Execution of the Default Final Judgment [Doc. 18] Pending Disposition of Rule 60 Motion to

Vacate and Set Aside Default and Default Judgment and any appeal ("Motion for Relief from

Judgment"), and states:

### STATEMENT OF FACTS

1.      On July 2, 2014, Plaintiffs NELSON CONIGLIO and JOYCE CONIGLIO

("Plaintiffs") sued BANA, alleging that BANA violated: (1) the Telephone Consumer Protection

Act of 1991, 47 U.S.C. §§ 227, *et seq.*, ("TCPA"); (2) the Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692, *et seq.*, ("FDCPA"); and the Florida Consumer Collection Practices Act, §§

559.55, Fla. Stat. *et seq.*, ("FCCPA").  [Doc. 1].

2.      The Plaintiffs sought and obtained a clerk's default after serving a bank employee at a banking center in Charlotte, North Carolina.[1]  [Doc. 6, 7].

3.      On August 15, 2014, the Plaintiffs filed, but did not serve on BANA, a Motion for Default Judgment.  [Doc. 8] (amended on August 18, 2014 [Doc. 13]).  BANA was not served with the Amended Motion for Default Judgment, or any post-complaint filings (and the undersigned firm was not notified of this lawsuit).

4.      On October 21, 2014, this Court entered an order granting the Plaintiffs' Amended Motion for Default Judgment.  [Doc. 16].  This Court then entered a Final Judgment in favor of the Plaintiffs for $1,051,000.00.  [Doc. 18] (the "Final Judgment").

5.      BANA just learned of entry of the Final Judgment on October 27, 2014.  BANA is finalizing its Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b), and anticipates filing the Motion on Wednesday, November 5, 2014.

6.      For the following reasons, BANA requests that this Court enter an order staying the Final Judgment until it rules upon BANA's Motion for Relief from Judgment, and if an appeal is filed, it is resolved.

## MEMORANDUM OF LAW

BANA seeks an order staying execution of the Final Judgment and any proceedings to enforce the Final Judgment.  BANA is automatically entitled to a stay as the National Bank Act prohibits a judgment creditor from executing a judgment against a national banking association until the judgment has become final.  A judgment is not final until all appeals have been

---

[1] The Motion for Relief from Judgment, anticipated to be filed on November 5, 2014, will further elaborate upon the undersigned firm's service as counsel for BANA in two (2) other lawsuits involving the identical borrowers and account holders. The undersigned firm has also represented the bank in multiple other lawsuits where the Morgan & Morgan, P.A. law firm has sued BANA.  Despite this representation, no notice of this lawsuit was ever furnished to this law firm or Reed Smith, P.A. (counsel for BANA in the pending TCPA class action, where the Plaintiffs affirmatively tendered notice to opt out of the class).

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

concluded.   A stay of execution is also appropriate under Federal Rule of Civil Procedure 62(b) until this Court resolves BANA's Motion for Relief from Judgment.  Authority interpreting Rule 62(b) entitles BANA to a stay of execution without having to post a supersedeas bond. However, if this Court disagrees, BANA respectfully requests that this Court set a bond amount, give BANA adequate time to obtain a bond, and keep a temporary stay in place.

### A.   BANA is entitled to a stay of execution under the National Bank Act.

The National Bank Act dictates that "***no*** attachment, injunction, or ***execution shall be issued*** against such [national banking association] or its property ***before final judgment*** in any suit, action, or proceeding, in any State, county, or municipal court."  12 U.S.C. § 91 (emphasis added).  The term "final judgment" within section 91 means a "judgment on the merits which is no longer subject to examination on appeal, either because of disposition on appeal and conclusion of the appellate process, or because of the passage, without action, of the time for seeking appellate review."  *United States v. Lemaire*, 826 F. 2d 387, 389 (5th Cir. 1987) (holding that under the National Bank Act, judgment against the bank could not be executed during pendency of the state court appeal); *accord In re Richmond Produce Co., Inc.*, 195 B.R. 455, 465–66 (N.D. Cal. 1996) (affirming the bankruptcy court's holding that "12 U.S.C. § 91 should be construed to preclude any pre- or post-judgment remedies directing to securing or satisfying a judgment against a national banking association until all appeals of the judgment have been concluded").

While section 91 only expressly refers to suits brought in state or municipal courts, it has been recognized that section 91 also applies to judgments of federal district courts.  *Id.* at 465 ("[T]he trustee's argument that section 91 does not apply to remedies in suits or proceedings in federal court is meritless.  As the bankruptcy court recognized, the Supreme Court has explicitly

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

held that the predecessor to section 91 was intended to apply to actions in federal as well as state courts." (citing *Pac. Nat'l Bank v. Mixter*, 124 U.S. 721 (1888))).

Here, BANA is a national banking association. As such, it is entitled to all of the protections afforded under section 91. *Glad v. Thomas Cnty. Nat'l Bank*, No. 87-1299-C, 1991 WL 261712, *2 (D. Kan. Nov. 14, 1991). Those protections include a stay of execution of any judgment without the burden of having to post a bond. *Id.*; *accord State Bank & Trust Co. of Golden Meadow v. D.J. Griffin Boat*, 926 F.2d 449, 451 (5th Cir. 1991) (holding that section 91 permits a bank "to seek a stay of the lower court's judgment without having to post a supersedeas bond"). Therefore, under section 91 of the National Bank Act, BANA is entitled to an order staying execution of the Final Judgment until any appeal becomes final, without posting a supersedeas bond.

## B.  BANA is entitled to a stay of execution pursuant to Rule 62(b).

Federal Rule of Civil Procedure 62(b) permits a district court to stay execution of a judgment pending the disposition of certain post-trial motions, including a motion under Rule 60, for relief from a judgment or order. *Id.*; *see also Slip n' Slide Records, Inc. v. TVT Records, LLC*, No. 05-21113, 2007 WL 1098751, at *2 (S.D. Fla. Apr. 8, 2007).

Further, "[w]hile a party may obtain a stay as a matter of right by posting a supersedeas bond, the Court may waive the bond requirement in its discretion." *United States v. Fleming*, 114 A.F.T.R.2d 2014-6120, at *2 (M.D. Fla. 2014) (citing *United States v. Dornbrock*, 101 A.F.T.R.2d 2008-2677, at *1 (S.D. Fla. 2008)). A court may consider the following factors in determining whether to waive the bond requirement:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

> the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Fleming*, 114 A.F.T.R.2d 2014-6120, at *3 (quotations omitted); *cf. Slip n' Slide Records, Inc.*, 2007 WL 1098751, at *2 ("[I]f a court finds that the defendant's ability to satisfy its obligations, now or in the future, is uncertain then it is not appropriate to stay execution of a judgment under Rule 62(b).").

Here, this Court should stay execution of the judgment pending resolution of the Motion for Relief from Judgment and any appeal without requiring BANA to post a supersedeas bond. Granting the motion for stay without the requirement for posting any bond will not jeopardize the ability to collect on the judgment. *See, e.g., Fleming*, 114 A.F.T.R.2d 2014-6120; *Slip n' Slide Records, Inc.,* 2007 WL 1098751, at *2.   BANA respectfully requests that this Court enter a stay order without the requirement of a bond, under Federal Rule of Civil Procedure 62(b), until the disposition of the Motion for Relief from Final Judgment.

If this Court disagrees and is inclined to order a bond as a condition for stay, BANA respectfully requests that this Court enter an order setting the amount of the bond, granting BANA adequate time to obtain and file the bond with the Court, and causing a temporary stay to remain in place until the bond is filed with the Court.

Certification as to Conferral under Local Rule 3.01(g): The undersigned counsel has spoken with William P. Howard, Esq. of Morgan & Morgan, P.A. (Counsel for Plaintiffs) on November 4, 2014 as to this Motion.  Plaintiff's counsel does not agree to the relief sought herein.

WHEREFORE, on the basis of the foregoing, Bank of America, N.A. respectfully requests that this Court enter an order staying execution and enforcement of the Default Final

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

Judgment pending disposition of the Motion for Relief from Judgment and any appeal, and ordering such other and further relief deemed just and proper under the circumstances.

Respectfully submitted,

/s/ Andrew Kemp-Gerstel
J. RANDOLPH LIEBLER
(Florida Bar No. 507954)
E-mail:  jrl@lgplaw.com
DORA F. KAUFMAN
(Florida Bar No. 771244)
E-mail: dfk@lgplaw.com
ANDREW KEMP-GERSTEL
(Florida Bar No. 0044332)
E-mail:  AKG@lgplaw.com
*Attorneys for Bank of America, N.A.*
LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone:  (305) 379-0400
Facsimile:  (305) 379-9626

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4TH day of November, 2014, I caused the foregoing document to be filed with the Clerk of Court.  I also certify that the foregoing document is being served this same day on all counsel of record listed on the service list below via electronic mail generated from cm/ecf.

/s/ Andrew Kemp-Gerstel
ANDREW KEMP-GERSTEL

## SERVICE LIST

David P. Mitchell, Esq.
William Peerce Howard, Esq.
Morgan & Morgan, PA
Suite 700
One Tampa City Center
Tampa, FL 33602
813/223-5505
Fax: 813/222-4797
Email: DMitchell@ForThePeople.com
*(VIA CM/ECF)*