**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

      Plaintiff,

v.                                                                Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

      Defendant.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S
STAY OF EXECUTION MOTION AND RELATED MEMORANDUM OF LAW**

      Pursuant to Federal Rule of Civil Procedure 62, and other applicable law, Nelson Coniglio and Joyce Coniglio (together, the "Plaintiffs"), respond as follows to "Bank of America's Motion to Stay Execution of Final Default Judgment Pending Disposition of Motion to Vacate and Set Aside Default and Default Judgment, and Incorporated Memorandum of Law," (the "Stay of Execution Motion") (Dkt. 19) filed by Bank of America, N.A., a foreign corporation, f/k/a BAC Home Loans Servicing (the "Defendant") on or about November 4, 2014, in this action (this "Action"):

**A.  Background Allegations**

      1.      On July 2, 2014, the Plaintiffs initiated this Action by filing a "Complaint and Demand for Jury Trial" (the "Complaint") (Dkt. 1) seeking relief as against the Defendant for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq., among other things.

      2.      On July 2, 2014, the Clerk of this Court (the "Clerk") issued a summons for the Defendant (Dkt. 2), and initial process was served upon the Defendant on or as of July 10, 2014, as evidenced by the return of service filed in this Action on or as of July 14, 2014 and again on August 18, 2014 (Dkt. 5 and 15).

3.     On August 1, 2014, the Plaintiffs filed their motion for entry of clerk's default against the Defendant (the "Default Motion") (Dkt. 6), and the Clerk entered a default against the Defendant (the "Clerk's Default") (Dkt.. 7) in response to the same on August 4, 2014.

4.     On August 15, 2014, the Plaintiffs filed their motion for default judgment against the Defendant (Dkt. 8), that included a series of affidavits that together support all the relief requested therein under Federal Rule of Civil Procedure 55(b).  On August 18, 2014, the Default Judgment Motion was amended (Dkt. 13), and supplemented by the affidavits of Nelson Coniglio, Joyce Coniglio, and Jason Anthony Coniglio (Dkt. 10, 11, and 12).  All of the foregoing are referred to herein as the "Default Judgment Materials."

5.     On October 21, 2014, this Court considered the Default Judgment Materials and entered its "Order" (the "Default Judgment Order") (Dkt. 16), granting the Plaintiffs' relief under Federal Rule of Civil Procedure 55(b).

6.     Also on October 21, 2014, and in a manner consistent with the Default Judgment Order, the Clerk entered a "Judgment in a Civil Case" (the "Judgment") (Dkt. 18), in the amount of $1,051,000, in favor of the Plaintiffs and against the Defendant, together with court costs and reasonable attorneys' fees.

**B.  Allegations Relating to Relief Requested**

7.     On November 5, 2014, the Defendant filed the Stay of Execution Motion that seeks an order staying execution and enforcement of the Judgment pending disposition of a motion from relief from judgment, which has yet to be filed, and any appeal.

8.     In the Stay of Execution Motion, the Defendant first argues that the National Bank Act precludes the Plaintiffs from executing on the Judgment until the conclusion of the appellate process, notwithstanding that no motion has been filed.  Next, the Defendant asserts that pursuant to Federal Rule of Civil Procedure 62(b), this Court should use its discretion to stay any execution pending a motion to set aside the Judgment and any appeal therefrom, and to not require the

2

Defendant to post a bond.  Both of these requests are premature, as the Defendant has not even filed a motion to set aside the Judgment.

### C. Memorandum of Law

#### i.     The National Bank Act

The National Bank Act states that "no attachment, injunction, or execution, shall be issued against such association or its property before final judgment in any suit, action, or proceeding in any State, county, or municipal court."   12 U.S.C. § 91 (emphasis added).   Although the Stay of Execution Motion cites to two cases for the proposition that a "final judgment" means a judgment on the merits that is no longer subject to an appeal, those cases do not bind this Court to such a construction.  See U.S. v. Lemaire, 826 F.2d 387, 389 (5th Cir. 1987); In re Richmond Produce Co., Inc., 195 B.R. 455, 465–66 (N.D. Cal. 1996).  Indeed, no such binding cases exist, and if any case should be persuasive, it should be the Supreme Court case of Third Nat'l Bank in Nashville v. Impac Ltd., 432 U.S. 312, 324 (1977), which firmly states, "Fairly read, the statute merely prevents prejudgment seizure of bank property by creditors of the bank."  (emphasis added).  Furthermore, the Supreme Court has held that "final judgment" refers to a judgment that is final and appealable, not a judgment that has already been appealed or in which time for an appeal has run.  Melkonyan v. Sullivan, 501 U.S. 89, 95; see also Fed. R. Civ. P. 54(a).  Therefore, to add to this definition of "final judgment" in the National Bank Act is to construe the statute in a way not intended by Congress.

There is further persuasive authority that the National Bank Act refers to a final judgment that has been rendered, instead of one that has gone through the appeals process.   Gutierrez v. Wells Fargo Bank, N.A., No. C 07-05923 WHA, 2010 WL 4688989 (N.D. Cal. Nov. 10, 2010) and Quinones v. Chase Bank USA, N.A., No. 09cv2748-AJB, 2012 WL 1473351 (S.D. Cal. Apr. 27, 2012) are both analogous to the issues at hand here.  In Gutierrez, a plaintiff obtained a judgment against Wells Fargo, who then moved to stay the judgment pending appeal without posting a bond. Id. at *1.  The Gutierrez court cited to the Supreme Court's decision in Impac for its conclusion that the term "before final judgment" is not equivalent to "after judgment and appeal," and held that

3

Wells Fargo was not entitled to a stay pending appeal.  Id. at *1; see also Quinones (citing Gutierrez for the same holding).

Gutierrez and Quinones point out that the Lemaire case and other cases within the Fifth Circuit are flawed in their reasoning that "final judgment" means after any appeals process because it is inconsistent with previous Supreme Court rulings.  Therefore, in reading the statute plainly, this Court should determine that "before final judgment," simply means before a final judgment is rendered.  Here, there is no question that a final judgment has been rendered, therefore, this Court should deny the De

### ii.   A Bond is Required Under Federal Rule of Civil Procedure 62

Since the National Bank Act does not protect the Defendant from execution on a final judgment after it is rendered, the Defendant is not automatically entitled to a stay of execution of the Judgment or a waiver of the bond requirement.  Under Federal Rule of Civil Procedure 62(b), a court may stay the execution or enforcement of a judgment pending disposition of certain motions, including a motion for relief from judgment, if there are appropriate terms for the opposing party's security.  See Hiscox Dedicated Corporate Member, Ltd. v. Matrix Group Ltd., Inc., No. 8:09–cv–2465–T–33AEP, 2012 WL 333806 (M.D. Fla. Feb. 1, 2012).  The Defendant argues that this Court should use its discretion to stay execution of the Judgment pending a motion to vacate it and waive the bond requirement.  There are several flaws to this argument.

First, there is no pending motion to vacate the Judgment, which renders the Stay of Execution Motion moot in this sense.  See Wells Fargo Bank, N.A. v. Beemer & Associates XLVII, LLC, Nos. 3:10–cv–576–J–32JBT, 3:10–cv–577–J–32JBT, 2014 WL 5038333, *2 (M.D. Fla. Sept. 25, 2014) (holding that since no motions under Rule 62(b) were pending, the motion for stay relief should be denied as moot).  Next, the Defendant gives no reason whatsoever in the Stay of Execution Motion that the Court should use its discretion to stay execution of the Judgment pending a motion that has not even been filed.

Finally, in the Stay of Execution Motion, the Defendant's only argument that it should not

4

have to post a bond is that it "will not jeopardize the ability to collect on the judgment." (Dkt. 19, p. 5). The Defendant provides no objective information regarding actual ability to pay. See Hiscox, 2012 WL 333806 at *1 (finding that since the plaintiff did not provide sufficient objective evidence of ability to pay, a bond would be required and that a general statement of the plaintiff's financial position was a "mere platitude"). Further, the Defendant would not be prejudiced in any way by providing a certified check for the full amount of the Judgment as security for obtaining a stay because such funds would not be drawn upon until any motion or appeals have been resolved. Thus, the Defendant should be required to post a bond as required under Rule 62(b).

### D. Conclusion

Although there is no binding case law on the definition of "before final judgment" in the National Bank Act, there is persuasive authority that the term means after a final judgment has been rendered and not after any appeals process is complete. Since the Judgment is a final judgment, the Plaintiffs should be permitted to execute thereon as any other final judgment, notwithstanding that is still appealable. Additionally, this Court should not use its discretion to stay execution or to waive the bond requirement because the Defendant has provided no reasonable justification therefor.

WHEREFORE, Plaintiffs respectfully request that this Court deny the Stay of Execution Motion, and grant such other relief as is necessary and appropriate under the circumstances.

/s/ David P. Mitchell
**DAVID P. MITCHELL, ESQUIRE**
Florida Bar Number: 067249
DMitchell@ForThePeople.com
**WILLIAM PEERCE HOWARD, ESQUIRE**
Florida Bar Number: 103330
WHoward@forthepeople.com
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505

And

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  0731013
janthony@anthonyandpartners.com
**JOHN W. LANDKAMMER, ESQUIRE**
Florida Bar Number: 0675547
jlandkammer@anthonyandpartners.com
**MEGAN M. GREENE, ESQUIRE**
Florida Bar Number: 0102739
mgreene@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida  33602
Telephone:  813-273-5616
Telecopier:  813-221-4113
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via

CM/ECF notification and by regular U.S. Mail this 5th day of November, 2014 to:

Andrew Kemp-Gerstel, Esquire
Liebler, Gonzalez & Portuondo
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Jrl@Lgplaw.com
Attorneys for Bank of America, N.A

David P. Mitchell, Esquire
William Peerce Howard, Esquire
Morgan & Morgan, PA
Suite 700
One Tampa City Center
Tampa, FL 33602
DMitchell@ForThePeople.com
WHoward@forthepeople.com
Attorneys for Nelson and Joyce Coniglio

/s/ John A. Anthony
**ATTORNEY**