IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

    Plaintiff,

v.                                             Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

    Defendant.
_____/

**PLAINTIFFS' MOTION TO
STRIKE DEFENDANT'S AMENDED AND
CORRECTED MOTION TO VACATE AND SET ASIDE DEFAULT
AND DEFAULT JUDGMENT, OR ALTERNATIVELY, FOR LEAVE TO FILE
SUPPLEMENTAL RESPONSE, AND INCORPORATED MEMORANDUM OF LAW**

Nelson Coniglio and Joyce Coniglio (together, the "Plaintiffs"), hereby move on the following grounds, for the order of this Court that will (a) strike "Bank of America N.A.'s Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment and Incorporated Memorandum of Law" (the "Amended Motion") (Dkt. 24) filed by Bank of America, N.A., a foreign corporation, f/k/a BAC Home Loans Servicing (the "Defendant") on or about November 10, 2014, in the above-captioned cause (this "Action"), or alternatively (b) authorize the Plaintiffs' filing of a supplemental response to the Amended Motion.

**A. Background Allegations**

1.    On July 2, 2014, the Plaintiffs initiated this Action by filing a "Complaint and Demand for Jury Trial" (the "Complaint") (Dkt. 1) seeking relief as against the Defendant for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq. (the "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), and the Florida Consumer Collection Practices Act, §§ 559.55, et seq., Florida Statutes (the "FCCPA").

1

2. After receiving a Clerk's default against the Defendant (the "Default") (Dkt. 7), on August 15, 2014, the Plaintiffs filed their motion for default judgment against the Defendant ("Default Judgment Motion") (Dkt. 8). The Default Judgment Motion included a series of affidavits that together support all the relief requested therein under Federal Rule of Civil Procedure 55(b). On August 18, 2014, the Default Judgment Motion was supplemented and supported by the affidavits of Nelson Coniglio, Joyce Coniglio, and Jason Anthony Coniglio (Dkt. 10, 11, 12, and 13). All affidavits filed in connection with the Default Judgment Motion are referred to herein as the "Plaintiffs Affidavits."

3. On October 21, 2014, this Court entered its "Order" (the "Default Judgment Order") (Dkt. 16), granting the Default Judgment Motion under Federal Rule of Civil Procedure 55(b). Also on October 21, 2014, the Clerk entered a "Judgment in a Civil Case" (the "Judgment") (Dkt. 18), in favor of the Plaintiffs and against the Defendant, for damages in the amount of $1,051,000, reserving jurisdiction on the matter of court costs and attorneys' fees.

4. On November 4, 2014, the Defendant filed "Bank of America, N.A.'s Motion to Stay Execution of Final Default Judgment Pending Disposition of Motion to Vacate and Set Aside Default and Default Judgment and Incorporated Memorandum of Law" (Dkt. 19). On November 5, 2014, the Plaintiffs filed "Plaintiffs Response in Opposition to Defendant's Stay of Execution Motion and Related Memorandum of Law" (Dkt. 20). The dispute involving the Defendant's request for a post-Judgment stay remains under advisement by this Court.

**B. Allegations Relating to Relief Requested**

5. On November 5, 2014, the Defendant filed "Bank of America N.A.'s Motion to Vacate and Set Aside Default and Default Final Judgment and Incorporated Memorandum of Law" (the "Original Motion") (Dkt. 22) that sought to vacate the Default and relief from the Judgment pursuant to Federal Rules of Civil Procedure 55 and 60(b). The Original Motion attached six (6) affidavits as exhibits (the "Defendant Affidavits") that in turn purport to attach additional documents.

6. On November 7, 2014, the Plaintiffs filed "Plaintiffs' Response in Opposition to Relief from Judgment Motion and Related Memorandum of Law" (the "Initial Response") (Dkt. 23), in which the Plaintiffs note that the Defendant failed to attach as exhibits any documents referenced in the Defendant Affidavits. All of the exhibits referenced in the body of the Defendant Affidavits, but not attached thereto, are collectively referred to herein as the "Omitted Affidavit Exhibits."

### C. Amended Motion's Procedural Defects

7. On November 10, 2014, without first obtaining leave from the Court, the Defendant filed the Amended Motion. The Amended Motion was filed after the Initial Response in violation of Local Rule of Middle District of Florida 3.01(c), which prohibits a party from filing "any reply or further memorandum directed to the motion or response" without first obtaining leave of the Court. The Amended Motion is therefore procedurally defective.

8. The Amended Motion purports to be exactly the same as the Original Motion, except that it attaches some, but not all, of the Omitted Affidavit Exhibits. Significantly, the Defendant fails to provide a sufficient explanation for the initial failure to attach the Omitted Affidavit Exhibits, obliquely citing a "technical error" in a laconic footnote (Dkt. 24, n. 1). This raises the question of whether the Omitted Affidavit Exhibits were negligently omitted, intentionally omitted, or did not exist until sometime after the Original Motion was filed. After the Initial Response was filed, the correct procedure requires the Defendant to seek leave to file the Amended Motion, explaining its reason for this omission. A cryptic footnote in the Amended Motion is not a sufficient substitute. The Defendant's failure to follow these procedural requirements alone, at the very least, should result in the Amended Motion being stricken without prejudice to the Defendant's filing a motion satisfactorily explaining why the Omitted Affidavit Exhibits were omitted.

9. The timing of the Defendant's filings deprived the Plaintiffs of the opportunity to review the Omitted Affidavit Exhibits prior to filing its nineteen (19) page Initial Response, thereby prejudicing the Plaintiffs' ability to fully respond to all arguments of the Defendant. This is

particularly the case with respect to the 134-page seemingly computerized call log (the "Call Log"), a copy of which is attached as an exhibit to the affidavit of Laura Nokes (the "Nokes Affidavit"), putatively an employee of the Defendant but seemingly unrelated in all respects to the facts of the underlying controversy, for the ironic purpose of somehow establishing that the Defendant was not harassing the Plaintiffs at relevant times that appear to be captured in this barely authenticated hearsay document.

### D. Fundamental Problems With Omitted Affidavit Exhibits

10.     Having noted the procedural defects of the Amended Motion and the resulting prejudice to the Plaintiffs, the Plaintiffs further urge that the problems with the Amended Motion are more fundamental. The Call Log clearly shows hundreds of telephone calls, and in this respect it tends to validate the Plaintiffs' averments of chronic harassment. Although the Defendant denies use of an automatic dialing system, the Call Log belies this proposition.

11.     It cannot be determined from the Defendant Affidavits or the Call Log (i) who prepared the Call Log, (ii) whether it was prepared for litigation, (iii) what date was used to compile it, (iv) what search terms or other features were utilized to retrieve the underlying information, and (v) whether the information is complete or in some way redacted or truncated. The Defendant Affidavits do nothing to explain, support, or expound on the details of the Call Log. Accordingly, this Call Log, regardless of whether it should be considered by the Court, does not enable the Defendant to meet its burden of providing a "meritorious defense" required for relief from the Judgment.

12.     Adding to the deficiencies of the Amended Motion, the Defendant again fails to attach the UPS delivery confirmations to Exhibits "B" and "C." These repeat omissions further buttress the concern that these documents may not exist, or may not support the Defendant's position. The Defendant's threshold argument regarding "excusable neglect" relating to the Default is truly strained by these ongoing inexplicable gaffes.

13. The Defendant attached an additional page to Exhibit "G" of the Amended Motion. This purports to be a letter from one of the Plaintiffs, dated September 15, 2006, in which he provides the Defendant with his cellular telephone number. This addition is prejudicial to the Plaintiffs because the Initial Response has already been filed. The record currently reflects that on November 30, 2009, U.S. Loan Mitigation, LLC sent correspondence on behalf of the Plaintiffs to the Defendant demanding that it cease and desist any further communication with the Plaintiffs, including presumably computerized dunning calls to the cellular numbers guilelessly provided. Accordingly, assuming <u>arguendo</u> that the Plaintiffs consented to computerized dunning, such consent would have been expressly revoked before the statutory timeframe for the violations asserted in the Complaint. Again, the "tacking on" of this letter appears to be furtively misleading. The Plaintiffs should be permitted to fully expose this ruse for what it is.

14. The Amended Motion's additional attachments to Exhibit "H" are only relevant to the "debt collector" analysis under the FDCPA count that was omitted from the Default Judgment Motion. The Plaintiffs have already revealed the FDCPA issue as a red herring at this stage of this Action: the Plaintiffs did not obtain the Judgment on the FDCPA count of the Complaint, but only on the FCCPA count. So these attachments are of no consequence to the Court. There is no good reason for the Defendant to persist in this contrived, misleading, and potentially confusing gambit.

15. To be sure, the Plaintiffs Affidavits remain uncontroverted, and the Defendant Affidavits do not approach satisfaction of the burden imposed upon the Defendant in light of this Court's analysis in <u>Insurance Co. of North America v. Morrison</u>, 154 F.R.D. 278, 279 (M.D. Fla. 1994). However, unless hereafter mooted by other decisions of this Court, the Amended Motion should be either stricken or carefully exposed for all of its new defects.

### E. <u>Memorandum of Law</u>

16. Where a party has improperly filed a reply after a response has been filed, such as the Amended Motion here, it is appropriate for the Court to strike that reply. <u>Williams v. U.S. Dept. of</u>

5

Treasury, No. 8:08–cv–2448–T–33EAJ, 2010 WL 1380138, *5 (M.D. Fla. Mar. 31, 2010); Quitto v. Bay Colony Golf Club, Inc., No. 2:06–cv–286–FtM–29DNF, 2007 WL 2002537, *13 (M.D. Fla. Jul. 5, 2007) (to the extent that a motion constituted a reply to a response, such portions were stricken by the Court).

      17.    The Plaintiffs alternatively seek to file a supplemental response to the Amended Motion. The Middle District of Florida routinely grants motions for leave to file a reply. See JES Properties, Inc. v. USA Equestrian, Inc., 253 F. Supp. 2d 1273, 1274 (M.D. Fla. 2003).

      WHEREFORE, the Plaintiffs respectfully request that this Court strike the Amended Motion, or in the alternative, grant leave for the Plaintiffs to file a supplemental response to the Amended Motion, and grant such other relief as is necessary and appropriate under the circumstances.

/s/ David P. Mitchell
**DAVID P. MITCHELL, ESQUIRE**
Florida Bar Number:  067249
**WILLIAM PEERCE HOWARD, ESQUIRE**
Florida Bar Number:  103330
Morgan & Morgan, P.A.
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505

And

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  0731013
**JOHN W. LANDKAMMER, ESQUIRE**
Florida Bar Number: 0675547
**ALLISON C. DOUCETTE, ESQUIRE**
Florida Bar Number: 0085577
**MEGAN M. GREENE, ESQUIRE**
Florida Bar Number: 0102739
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida  33602
Telephone: (813) 273-5616
Telecopier: (813) 221-4113
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 11, 2014, a true and correct copy of the foregoing has been furnished via cm/ecf to all counsel of record.

/s/ John A. Anthony
**ATTORNEY**