# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NELSON CONIGLIO and                    CASE NO.: 8:14-cv-1628-T-17MAP
JOYCE CONIGLIO, husband and wife,

        Plaintiff,

vs.

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC HOME LOANS
SERVICING, LP,

        Defendant.

_____/

## BANK OF AMERICA, N.A.'S MOTION TO ALTER OR AMEND DEFAULT FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW[1]

Defendant, Bank of America, N.A. ("Bank of America"), pursuant to Federal Rule of Civil Procedure 59(e), files this Motion to Alter or Amend Default Final Judgment, and states the following in support:

### BACKGROUND

On July 2, 2014, Nelson Coniglio and Joyce Coniglio (the "Coniglios") sued Bank of America, alleging that Bank of America violated the Telephone Consumer Protection Act ("TCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Fair Debt Collection Practices Act ("FDCPA").[2] The Coniglios alleged that Bank of America called their cellular telephones "approximately" 700 times,[3] a contention directly disputed by Bank of America as Bank of America's business records reflect zero calls to either of their cellular

---

[1] This Motion to Alter or Amend Default Final Judgment is filed in the alternative should the Court deny Bank of America's Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment (Dkt. 24).
[2] Compl. ¶ 2.
[3] Compl. ¶¶ 27, 30.

telephone numbers within the four-year statute of limitations (and only 16 calls in total),[4] and also seemingly inconsistent with the Coniglios' Affidavits filed with their Amended Motion for Default Final Judgment.[5] As outlined in Bank of America's Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment, Bank of America failed to respond to the Complaint due to excusable neglect. However, the Court entered a Default and $1,051,000 Default Final Judgment before Bank of America made any filing in the suit. The Court did not conduct an evidentiary hearing, or rely on affidavits establishing necessary facts, to determine the amount of damages under the TCPA and FCCPA.

## MEMORANDUM OF LAW

### Legal Standard

A party may file a motion pursuant to Rule 59(e) "to alter or amend a judgment within 28 days after the entry of judgment."[6] Generally, a court will alter or amend a judgment only if there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice."[7]

---

[4] Dkt. 24, Exhibit E.

[5] See Dkt. 10 ¶ 15; Dkt. 11 ¶ 15 (Affidavits of Nelson Coniglio and Joyce Coniglio, filed August 18, 2014, in which the Coniglios allege an "average of approximately ten (10) calls per month from [Bank of America] on [each of their] aforementioned cellular telephone number[s] in an effort to collect the Subject Debt"). Assuming the accuracy of these sworn statements (which are readily controverted by Bank of America's call logs, filed in connection with Bank of America's Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment, and reflecting a total of 16 cellular telephones calls to Nelson Coniglio and none to Joyce Coniglio), the Affidavits contradict the approximately 350 cellular telephone calls to each of the Coniglios referenced in Paragraphs 27 and 33 of the Complaint.

[6] Fed. R. Civ. P. 59(e).

[7] Trucchio v. United States, No. 8:04-CR-348-T-24-TGW, 2012 WL 5059036, at *1-2 (M.D. Fla. Oct. 17, 2012) certificate of appealability granted, No. 8:04-CR-348-T-24-TGW, 2013 WL 136208 (M.D. Fla. Jan. 10, 2013) and aff'd, 553 F. App'x 862 (11th Cir. 2014) cert. denied, 135 S. Ct. 306 (2014) (citations omitted) (emphasis in original).

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

**An evidentiary hearing is warranted to determine the amount of damages under the TCPA and FCCPA.**

Only well-pled factual allegations are established by a default.[8] The same is not true for damages.[9] Rather, the burden is on the plaintiff to establish entitlement to the relief requested.[10] The court must then determine the amount and character of damages to be awarded.[11] In doing so, the court may conduct a hearing to determine the amount of damages.[12] The court may also rely on detailed affidavits establishing necessary facts.[13] In the Court's October 21, 2014 Order, the Court noted that a "judgment by default may not be entered without a hearing on damages unless the amount claimed is a liquidated sum or one capable of mathematical calculation."[14] In other words, a court may only award damages without a hearing if the plaintiff provides sufficient evidence that the damages are capable of mathematical calculation. Due to the contradictions and inconsistencies in the Coniglios' allegations and affidavits, the damages here were not capable of accurate mathematical calculation.

This Court found that the "evidence supports [the Coniglios'] allegation that [Bank of America] placed three-hundred and fifty (350) calls to the cellular telephone of each [Coniglio], for a total of seven-hundred (700) calls in violation of the TCPA."[15] The Court also concluded "that the evidence before the Court support[ed] [the Coniglios'] allegation that [Bank of

---

[8] Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (citation omitted).
[9] Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 2014).
[10] See id.
[11] Id.
[12] Fed. R. Civ. P. 55(b)(2)(B).
[13] See United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979).
[14] Dkt. 16 citing Freeman, 605 F.2d at 857.
[15] Dkt. 16.

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

America] violated the FCCPA" by calling the Coniglios after they notified Bank of America that they were represented by an attorney.[16]

Nevertheless, there are factual inconsistencies and contradictions that required the Court to conduct an evidentiary hearing to determine the amount and character of damages. The Coniglios first alleged that Bank of America made "approximately" 700 calls to the Coniglios' cellular telephones.[17] However, the Coniglios later filed conflicting Affidavits claiming that they received "approximately" 960 calls in total.[18] The glaring inconsistencies make for a $390,000 difference in potential damages between the allegations in the Complaint and testimony in the Affidavits. The Coniglios simply ignore this nearly $400,000 contradiction and offer no explanation for the inconsistency between their Complaint and their Affidavits. The disparity between the Complaint and the Affidavits shows that the Coniglios' claims are based on faulty recollection, even in the absence of Bank of America's call logs (which reflect only 16 calls to Nelson Coniglio's cellular number outside the four-year statute of limitations period and none to Joyce Coniglio's cellular number). The disparity between the Complaint and the Affidavits renders an accurate calculation of damages mathematically impossible. The Default Final Judgment is based on untrustworthy and conflicting shot-in-the-dark call estimates to calculate TCPA and FCCPA damages that were not capable of an accurate mathematical calculation.

Aside from the inconsistent Complaint and Affidavits, the Coniglios offered no other evidence. The Coniglios failed to provide their cellular telephone records reflecting the alleged calls from Bank of America. These records were, and continue to be, easily accessible via request or subpoena to their cellular telephone carrier, or perhaps even via a simple search of their cellular telephone records online.

---

[16] Id.
[17] Compl. ¶¶ 19, 27.
[18] Dkt. 10 ¶ 15; Dkt. 11 ¶ 15.

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

Further, the Coniglios offered no non-party witness testimony to corroborate either of the alleged call volume numbers. Instead, the Coniglios chose to only provide the Court with conclusory, misleading, and conflicting allegations by way of their Complaint and testimony in their Affidavits. The Court relied on those conflicting allegations and awarded the Coniglios more than one million dollars, including treble damages under the TCPA claims, without an evidentiary hearing.[19]

## CONCLUSION

The $1,051,000 Default Final Judgment is erroneous and manifestly unjust because the Coniglios' own testimony conflicts with their allegations. Even further, that testimony has been shown to be false based on Bank of America's call logs. Should the Court deny the Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment, the Default Final Judgment must be revisited to allow for evidentiary and other court proceedings to determine any damages because the amount awarded is the progeny of contradiction and inconsistency.

WHEREFORE, Bank of America respectfully requests that this Court amend the Default Final Judgment and conduct an evidentiary hearing on damages considering, *inter alia*, the factual inconsistencies between the Complaint and the Coniglios' Affidavits.

---

[19] Pursuant to Federal Rule of Civil Procedure 54(c), "a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." The Complaint (including each ad damnum clause) makes no reference to any pled claim for treble damages. Moreover, a claim for punitive damages does not suffice as a predicate for treble damages under the TCPA. See Penzer v. Transp. Ins. Co., 545 F.3d 1303, 1311 (11th Cir. 2008) certified question answered, 29 So. 3d 1000 (Fla. 2010) ("The TCPA provides for $500 statutory damages and for treble damages for willful or knowing conduct, 47 U.S.C. § 227(b)(3), which is an indication that the statutory damages were not designed to be punitive damages.").

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

**Local Rule 3.01 compliance:**

The undersigned certifies that the movant's counsel has notified the Coniglios' counsel of the relief requested in this Motion. The Coniglios' counsel has advised that the Coniglios will not agree to the relief requested in this Motion.

/s/ Andrew Kemp-Gerstel
J. RANDOLPH LIEBLER
Florida Bar No. 507954
JRL@lgplaw.com
DORA F. KAUFMAN
Florida Bar No.: 771244
DFK@lgplaw.com
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
AKG@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
*Attorneys for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 18th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Andrew Kemp-Gerstel
ANDREW KEMP-GERSTEL

David P. Mitchell, Esq.
Dmitchell@forthepeople.com
William P. Howard, Esq.
whoward@forthepeople.com
Morgan & Morgan, PA
One Tampa City Center
201 N. Franklin St., 7th FL
Tampa, FL 33602

John A. Anthony, Esquire
janthony@anthonyandpartners.com
John W. Landkammer, Esquire
jlandkammer@anthonyandpartners.com
Megan M. Greene, Esquire
mgreene@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida 33602