IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

Plaintiff,

v.  Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

Defendant.
_____/

## ORDER ON BANK OF AMERICA'S MOTION TO SET ASIDE DEFAULT AND MODIFY OR VACATE THE DEFAULT JUDGMENT

THIS CAUSE is before the Court on Defendant's, Bank of America, motion to vacate and set aside default and default judgment (Doc. 24) and motion to modify the default judgment (Doc. 29). Plaintiffs Nelson and Joyce Coniglio (the Coniglios) have timely responded to Bank of America's motions (Doc. 29 and 30) and the Defendant, with the Court's permission, filed a reply to the response to the motion to vacate. (Doc. 28).

### Facts and Procedure

The underlying cause of action in this case is a complaint filed by the Coniglios against Bank of America for claims under the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collections Practices Act ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"). When Bank of America failed to timely respond to the Coniglios' complaint (Doc. 7), the Coniglios filed a Motion for Default (Doc. 8) and procured a $1,051,000.00 Default Final Judgment on October 21, 2014. (Doc. 18). Bank of America now seeks to set aside the Default and set aside or, in the alternative, modify the Default Final Judgment.

## Discussion
### I. Motion to Vacate Default and Default Judgment

Bank of America asks this Court, pursuant to Federal Rules of Civil Procedure Rule 55(c), to "set aside an entry of default for good cause" and to set aside the default judgment for "excusable neglect" under Rule 60(b)(1). For setting aside the default, "[g]ood cause is a mutable standard, varying from situation to situation." *Compania Interamericana Export–Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996). "For all practical purposes, good cause and excusable neglect are treated alike under the excusable neglect standard of FRCP 60(b)." *Id.* Consequently, for setting aside the default judgment, the movant must show a lack of prejudice, a meritorious defense, and a good reason for not responding to the complaint. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003).

#### A. There would be no prejudice.

The Court agrees with the Bank of America that setting aside the judgment would cause no unfair prejudice to the Coniglios. On July 2, 2014, Plaintiffs filed their complaint and filed notice that service on Bank of America was attained on July 10, 2014. On August 1, 2014, Plaintiffs were granted a default judgment and a final judgment was entered on August 21, 2014. Bank of America alleges it first became aware of the litigation on October 27, 2014, and filed the instant Motion to Vacate Default and Set Aside the Default Judgment on November 4, 2014. The delay in responding to the Coniglios' Complaint is not ideal, but has not prejudiced the Coniglios' ability to pursue their claims against Bank of America.

#### B. Bank of America Cannot Show Good Cause or Excusable Neglect

Bank of America fails to articulate a reason why the neglect should be considered good cause or excusable neglect. The Supreme Court has held the excusable neglect "determination is

at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partn.*, 507 U.S. 380, 395 (1993). Here, Bank of America merely states the normal process for legal documents to be processed, but has failed to show any good cause for its failure to timely respond to the complaint.

### C. Bank of America Cannot Show a Meritorious Defense

Bank of America has not sufficiently alleged a meritorious defense to support relief from the judgment. Bank of America raises multiple arguments in support of its motion to vacate and set aside the default and default judgment. The Court will address each argument raised, but notes that each are without merit.

#### *1. Bank of America Alleges the Claim is Time-Barred by the Statute of Limitations*

Bank of America argues that it only made calls to the Coniglios between August 24, 2007, and September 25, 2009, and such calls are barred by the four-year statute of limitations. However, the Complaint alleges that the calls began on May 9, 2009 and the Plaintiffs' Affidavits in support of the Judgment attest that Bank of America made approximately ten (10) calls per month in the preceding four (4) years prior to filing the Complaint, which is within the statute of limitations. (Doc. 10, ¶15; Doc. 11, ¶15). This general denial of the allegations in the Complaint is insufficient to satisfy the burden of showing a meritorious defense. *Worldwide Web Systems, Inc.*, 328 F.3d at 1296 (a moving party cannot satisfy the burden of showing a meritorious defense by asserting a general denial).

#### *2. Bank of America alleges it did not use an automatic telephone dialing system*

Bank of America argues that the dialer it used did not fall within the definition of an "automatic telephone dialing system" ("ATDS") under the TCPA. Instead, Bank of America claims that the dialer used is "configured to make calls from a list of numbers and according to

certain rules." To the contrary, as Plaintiffs point out, the described dialer is indeed an ATDS under the TCPA because "a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers." 2008 TCPA Order 23 FCC Rcd. at 566, ¶12. According to the Federal Communications Commission ("FCC"), a predictive dialer is:

> [E]quipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order . . . [i]n most cases, telemarketers program the numbers to be called into the equipment, and the dialer calls them at rate to ensure that when a consumer answers the phone, a sales person is available to take the call.

2003 TCPA Order, 18 FCC Rcd. at 14091, ¶ 131 (emphasis added).

Thus, the dialing system admittedly used by Bank of America falls within the definition of an "automatic telephone dialing system" ("ATDS") under the TCPA and Bank of America's defense is without merit.

***3. Bank of America alleges Nelson Coniglio consented to the calls to his cellular telephone***

Bank of America claims that Nelson Coniglio consented to receiving calls on his cellular phone because he submitted the number with his loan application and in written correspondence. However, as Plaintiffs point out, those documents are from 2006, and on November 30, 2009, U.S. Loan Mitigation, LLC sent correspondence on behalf of the Plaintiffs to Bank of America demanding that it cease and desist any further communication to the Coniglios. Since this Complaint only addresses those calls received after the cease and desist letter, it can be inferred any consent to allow the cellular phone to be called had been withdrawn. Thus, Bank of America's attempted defense is without merit.

***4. Bank of America argues it is not a debt collector under the FDCPA***

Bank of America's alleged fourth "meritorious defense" that it is not a "debt collector" within the meaning of the FDCPA is also without merit. The Amended Default Judgment Motion only sought relief under the TCPA and FCCPA, and not the FDCPA. (Doc. 13 ¶13). Accordingly, the Default Judgment Order (Doc. 16) only granted relief under those statutes. Therefore, any defense as to the FDCPA claims is irrelevant.

### 5. Bank of America argues it is protected by the Bona Fide Error Defense

Bank of America argues that any violation of the FDCPA and FCCPA was not intentional, a bona fide error, and is thus excused under 15 U.S.C. § 1692k(c). However, in order to assert this defense Bank of America must show "by a preponderance of evidence that the violation was 1) not intentional; 2) resulted from a bona fide error; 3) notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." § 1692k(c). This Court has previously held that a debt collector asserting the bona fide error defense must explain the procedures used "along with the manner in which they were adapted to avoid the error. A conclusory declaration that the debt collector maintained procedures to avoid error is insufficient." *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1333 (M.D. Fla. 2010) (citations omitted). Here, Bank of America merely offers conclusory declarations regarding its procedures. Thus, Bank of America fails to show, by a preponderance of the evidence, that it adapted its policies and procedures in order to avoid such an error as occurred in this case. Further, Bank of America fails to offer any support for why its violation was not intentional. Thus, Bank of America's attempted defense is without merit.

### 6. Bank of America Argues Damages were Inflated

Bank of America argues the Plaintiffs have inflated the damages. Once again, this is a mere general denial of the allegations of the Plaintiffs and does not constitute a valid meritorious defense. *Worldwide Web Systems, Inc.*, 328 F.3d at 1296; *Solaroll Shade and Shutter Corp., Inc.*

*v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986) (holding that "a party must demonstrate a defense that probably would have been successful" and the movant "cannot satisfy this burden by asserting a general denial"). Bank of America refers to phone logs that purportedly show how many calls were made, yet, for some unknown reason, fails to attach any such logs to its motion or to its supporting affidavits. Further, Bank of America has failed to present any evidence that its defense would have been successful. Thus, this defense is a mere general denial and is without merit.

### 7. *Bank of America argues extraordinary circumstances for relief under Rule 60(b)(6).*

Bank of America fails to show any extraordinary circumstances that would entitle it to relief under Rule 60(b)(6). The Supreme Court has held, in the context of Bankruptcy Rule 9006, the phrase "any other reason that justifies relief" is a catchall basis for relief from judgment. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 393 (1991). Bankruptcy Rule 9006 contains exactly the same language as Rule 60(b)(6), and this Court has previously applied the Supreme Court's analysis in *Pioneer* to Rule 60(b)(6). *Lender v. Unum Life Ins. Co. of America, Inc.*, 519 F. Supp. 2d 1217 (M.D. Fla. 2007). Under the *Pioneer* analysis, to justify relief under Rule 60(b)(6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay. 507 U.S. at 393. Here, Bank of America has failed to show any "extraordinary circumstance" that might suggest that Bank of America was without fault in regard to its failure to timely file a response to the Complaint. Thus, this defense is without merit.

### 8. *Bank of America Fails to Allege Facts Sufficient for Relief Under Rule 60(b)(3)*

Bank of America asserts an alternative argument that the Judgment should be set aside because allegedly gross misrepresentations by the Plaintiffs constitute "fraud, misrepresentation, or misconduct by an opposing party" under Federal Rule of Civil Procedure 60(b)(3). Bank of

America reached this conclusion by claiming that only sixteen (16) calls were made to the Plaintiffs instead of the hundreds of calls asserted in the Complaint. Under Rule 60(b)(3), a movant must establish fraud by clear and convincing evidence and that such conduct prevented the losing party from fully and fairly presenting his case or defense. *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007).

No conduct by the Plaintiffs prevented Bank of America from presenting its case or defense, notwithstanding the fact that there is no evidence whatsoever to show fraud. Bank of America maintained the responsibility for responding to the Complaint, and its own errors contributed to its failure to do so, not any fraud or misrepresentation by the Plaintiffs. Therefore, the argument that the Judgment should be set aside pursuant to Rule 60(b)(3) is wholly without merit.

Thus, Bank of America's Motion to Set Aside the Default and Set Aside the Default Judgment must be DENIED.

### Motion to Modify the Default Judgment

Bank of America, in the alternative to the above motion, asks the Court to alter or amend the Final Judgment under Fed. R. Civ. Pro. 59(e). (Doc. 29). However, modifying a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Trucchio v. U.S.*, 2012 WL 5059036, at *2 (M.D. Fla. Oct. 17, 2012). "Generally, courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.*

Bank of America's sole argument is that there is a need to correct a "clear error or manifest injustice." In support of this, Bank of America attempts to point out alleged "glaring inconsistencies" in Plaintiff's affidavits. But this argument simply does not hold water. The

"inconsistencies" alleged by Bank of America are actually not inconsistencies at all when the Complaint and Plaintiff's affidavits are read as a whole. Plaintiff alleged in its complaint that Bank of America made phone calls to three separate numbers, multiple times a day, on back to back days, for a period of four years. (Doc. 1 ¶ 19). This does not contradict with the Plaintiff's affidavits that state they received approximately ten phone calls a month. (Doc. 10 ¶ 15; Doc. 11 ¶ 15). Thus, Bank of America's argument that there is a need to correct "clear error or manifest injustice" is simply without merit and must be DENIED. Accordingly, it is

**ORDERED** that Bank of America's Motion to Set Aside the Default and Vacate the Default Judgment (Doc. 24) and the Motion to Modify the Default Judgment (Doc. 28) are **DENIED.**

**ORDERED** in Chambers at Tampa, Florida on this ___4th___ day of December, 2014

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record.