IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

    Plaintiff,

v.                                                               Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

    Defendant.
_____/

## PLAINTIFFS' MOTION FOR ISSUANCE OF ORIGINAL
## WRITS OF EXECUTION AND INCORPORATED MEMORANDUM OF LAW

Nelson Coniglio and Joyce Coniglio (together, the "Plaintiffs"), by and through their undersigned counsel, hereby move on the following grounds for the issuance of an original writ of execution as to Bank of America, N.A., a foreign corporation, f/k/a BAC Home Loans Servicing, LP (the "Judgment Debtor") pursuant to Federal Rule of Civil Procedure 69, and other applicable law:

1. On October 21, 2014, this Court entered its "Order" (Dkt. 16) in favor of the Plaintiffs and against the Judgment Debtor, granting the Plaintiffs' "Amended Motion for Default Judgment" (Dkt. 13). The Order finds that "Plaintiff shall have a judgment against the Defendant in the amount of one-million fifty-one thousand dollars, in addition to Plaintiffs' court costs and reasonable attorneys' fees."

2. In October 21, 2014, a Judgment in a Civil Case was entered in favor of the Plaintiffs and against the Judgment Debtor in the amount of one-million fifty-one thousand dollars ($1,051,000), in addition to Plaintiffs' court costs and reasonable attorneys' fees (the "Final Judgment") (Dkt. 18).

3. On November 4, 2014, the Judgment Debtor filed its "Bank of America, N.A.'s Motion to Stay Execution of Final Default Judgment Pending Disposition of Motion to Vacate and Set Aside Default and Default Judgment, and Incorporated Memorandum of Law" (the "Motion to Stay Execution") (Dkt. 19).

4. On November 5, 2014, the Plaintiffs filed "Plaintiffs' Response in Opposition to Defendant's Stay of Execution Motion and Related Memorandum of Law" ("Plaintiff's Response to Motion to Stay Execution") (Dkt. 21).

5. On November 5, 2014, the Judgment Debtor filed "Bank of America, N.A.'s Motion to Vacate and Set Aside Default and Default Final Judgment and Incorporated Memorandum of Law" (the "Motion to Vacate") (Dkt. 22).

6. On November 10, 2014, the Judgment Debtor filed "Bank of America, N.A.'s Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment and Incorporated Memorandum of Law" (the "Amended Motion to Vacate") (Dkt. 24).

7. On November 12, 2014, the Court entered its "Endorsed Order" granting the Motion to Stay Execution "pending resolution of the pending motion to vacate" (the "Order Granting Stay") (Dkt. 26). The Order Granting Stay further provided that if appeals are taken, then a subsequent motion to stay may be filed.

8. On November 29, 2014, the Judgment Debtor filed "Bank of America N.A.'s Motion to Alter or Amend Default Final Judgment and Incorporated Memorandum of Law" (the "Motion to Alter Judgment") (Dkt. 29).

9. On December 4, 2014, the Court eentered its "Order On Bank Of America's Motion to Set Aside Default and Modify or Vacate The Default Judgment" (Dkt. 31) denying (a) the Motion to Vacate; (b) the Amended Motion to Vacate, and; (c) the Motion to Alter Judgment.

10. Therefore, the stay preventing execution on the Final Judgment set forth in the Order Granting Stay has expired on its own terms.

11. Further, Federal Rule of Civil Procedure 62 entitled "Stay of Proceedings to Enforce a Judgment" has expired by virtue of the passage of fourteen (14) days from the entry of the Final Judgment.

12. There still remains due and unpaid on the Final Judgment the sum of $1,051,000 (the "Unpaid Judgment Amount").

13. Interest continues to accrue on the Unpaid Judgment Amount at the prevailing legal rate of interest.

14. Upon information and belief, the Judgment Debtor is in possession of visible property upon which a levy can be made in the Middle District of Florida in order to satisfy the Unpaid Judgment Amount.

15. Each district upon which levy can be made requires submission of an original writ of execution; therefore, without an original writ of execution, the Plaintiffs cannot levy upon the property of the Judgment Debtor.

16. The inability of the Plaintiffs' to levy upon the property of the Judgment Debtor will result in substantial delay of the Plaintiffs' right to enforce the Final Judgment.

17. Pursuant to Federal Rule of Civil Procedure 69, a money judgment may be enforced by writs of execution and garnishment, and must accord with the procedure of the state where the court is located. "A judgment creditor's entitlement to the issuance of a writ of execution is a concomitant of a final recorded judgment." DuBreuil v. Regnvall, 527 So. 2d 249, 249 (Fla. 3d DCA 1988); Fla. R. Civ. P. 1.550. Under Florida law, a judgment creditor may request that the clerk of court issue a writ of execution in order to satisfy the amount of a judgment. Fla. Stat. § 56.021. The Plaintiffs have complied with the statutory requirements

under Florida law, and seek entry of an order directing the Clerk of Court to a writ of execution to allow the Plaintiffs to satisfy the Unpaid Judgment Amount.

WHEREFORE, the Plaintiffs respectfully request the entry of an order granting this motion, directing the Clerk of this Court to issue an original writ of execution, in substantially the same form as Exhibit "A" attached hereto, and providing for such other and further relief as this Court deems necessary and proper.

/s/ David P. Mitchell
**DAVID P. MITCHELL, ESQUIRE**
Florida Bar Number:  067249
DMitchell@ForThePeople.com
**WILLIAM PEERCE HOWARD, ESQUIRE**
Florida Bar Number:  103330
WHoward@forthepeople.com
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Attorneys for Plaintiffs

and

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  0731013
janthony@anthonyandpartners.com
**JOHN W. LANDKAMMER, ESQUIRE**
Florida Bar Number: 0675547
jlandkammer@anthonyandpartners.com
**MEGAN M. GREENE, ESQUIRE**
Florida Bar Number: 0102739
mgreene@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida  33602
Telephone:  813-273-5616
Telecopier:  813-221-4113
Attorneys for Plaintiffs

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 8, 2014, a true and correct copy of the foregoing has been furnished via CM/ECF to all counsel of record.

/s/ John A. Anthony
**ATTORNEY**