UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON CONIGLIO and
JOYCE CONIGLIO, husband and wife,

       Plaintiff,                      CASE NO.: 8:14-cv-1628-T-17MAP

v.

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC HOME LOANS
SERVICING, LP,

       Defendant.
_____/

**BANK OF AMERICA, N.A.'S MOTION TO STAY EXECUTION OF FINAL JUDGMENT PENDING DISPOSITION OF RULE 59(E) MOTION TO ALTER OR AMEND ORDER ON AMENDED AND CORRECTED MOTION TO VACATE AND SET ASIDE DEFAULT AND DEFAULT FINAL JUDGMENT AND PENDING APPEAL, AND INCORPORATED MEMORANDUM OF LAW**

Defendant, BANK OF AMERICA, N.A., ("Bank of America"), pursuant to section 91 of Title 12 of the United States Code and Federal Rule of Civil Procedure 62(d), files this Motion to Stay Execution of Final Judgment[1] Pending Disposition of Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment and Pending Appeal, and states:

**SUMMARY OF ARGUMENT**

Bank of America seeks an order staying execution of the Final Judgment and any proceedings to enforce the Final Judgment pending disposition of a Rule 59(e) Motion to Alter or Amend Order on Amended Motion to Vacate and pending an appeal. Bank of America is automatically entitled to a stay as the National Bank Act prohibits a judgment creditor from executing a judgment against a national banking association until the judgment has become final. A judgment is not final until all appeals have been concluded. A stay of execution is also

---

[1] ECF No. 18.

appropriate under Federal Rule of Civil Procedure 62(b) and (d) pending a Rule 59(e) motion and appeal.

## STATEMENT OF FACTS

1.  On July 2, 2014, Plaintiffs, NELSON CONIGLIO and JOYCE CONIGLIO (the "Coniglios") sued Bank of America, alleging that Bank of America violated: (1) the Telephone Consumer Protection Act[2] ("TCPA"); (2) the Fair Debt Collection Practices Act[3] ("FDCPA"); and the Florida Consumer Collection Practices Act[4] ("FCCPA"). [5]

2.  On October 21, 2014, this Court entered an Order granting the Coniglios' Amended Motion for Default Judgment[6] and entered a $1,051,000 Final Judgment[7] in favor of the Coniglios—notwithstanding Bank of America's Call Logs establishing (1) that Coniglios received **zero calls** to their cellular telephones during the TCPA's four-year statute of limitations period, and (2) that only 16 calls were made to NELSON CONIGLIO's cellular telephone in total and no calls were made to JOYCE CONIGLIO's cellular telephone during the Call Log's entire history.

3.  Immediately after learning of the Default Final Judgment and Final Judgment, Bank of America filed a Motion to Vacate and Set Aside Default and Default Final Judgment ("First Motion to Vacate").[8]

4.  On November 10, 2014, Bank of America filed its Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment ("Amended Motion to

---

[2] 47 U.S.C. § 227.
[3] 15 U.S.C. § 1692.
[4] § 559.55, Fla. Stat.
[5] Compl., ¶ 2, ECF No. 1.
[6] ECF No. 16.
[7] ECF No. 18.
[8] ECF No. 22.

Vacate")[9] in which it attached the Call Logs that were inadvertently omitted due to a technical error during the uploading process to the CM/ECF Document Filing System.[10]

5. On November 11, 2014, the Coniglios' filed a Motion to Strike the Amended Motion to Vacate.

6. On November 12, 2014, this Court denied the Coniglios' Motion to Strike the Amended Motion to Vacate in part and granted said Motion in part: The Amended Motion to Vacate was not stricken and the Coniglios had 5 days to file a "supplemental response" to the Amended Motion to Vacate.[11]

7. On December 4, 2014, this Court entered an Order denying Bank of America's Amended Motion to Vacate and Motion to Alter or Amend Default Final Judgment.[12]

## MEMORANDUM OF LAW

**A. Bank of America is entitled to a stay of execution under the National Bank Act.**

The National Bank Act dictates that "***no*** attachment, injunction, or ***execution shall be issued*** against such [national banking association] or its property ***before final judgment*** in any suit, action, or proceeding, in any State, county, or municipal court."[13] The term "final judgment" within section 91 means a "judgment on the merits which is no longer subject to examination on appeal, either because of disposition on appeal and conclusion of the appellate process, or because of the passage, without action, of the time for seeking appellate review."[14]

---

[9] ECF No. 24 and 24-1.
[10] ECF No. 24.
[11] ECF No. 27.
[12] ECF No. 31.
[13] 12 U.S.C. § 91 (emphasis added).
[14] *United States v. Lemaire*, 826 F. 2d 387, 389 (5th Cir. 1987) (holding that under the National Bank Act, judgment against the bank could not be executed during pendency of the state court appeal); *accord In re Richmond Produce Co., Inc.*, 195 B.R. 455, 465–66 (N.D. Cal. 1996) (affirming the bankruptcy court's holding that "12 U.S.C. § 91 should be construed to preclude any pre- or post-judgment remedies directing to securing or satisfying a judgment against a national banking association until all appeals of the judgment have been concluded").

- 3 -

While section 91 only expressly refers to suits brought in state or municipal courts, it has been recognized that section 91 also applies to judgments of federal district courts.[15]

Here, Bank of America is a national banking association. As such, it is entitled to all of the protections afforded under section 91.[16] Those protections include a stay of execution of any judgment without the burden of having to post a bond.[17] Therefore, under section 91 of the National Bank Act, Bank of America is entitled to an order staying execution of the Final Judgment until any appeal becomes final, without posting a supersedeas bond.

**B. Bank of America is entitled to a stay of execution pursuant to Federal Rule of Civil Procedure 62(b) and (d).**

Rule 62(b) permits a district court to stay execution of a judgment pending the disposition of certain post-trial motions, including a motion under Rule 59(e) to alter or amend a judgment. Rule 62(d) also permits a district court to stay execution of a judgment by supersedeas bond if an appeal is taken.

Further, "[w]hile a party may obtain a stay as a matter of right by posting a supersedeas bond, the Court may waive the bond requirement in its discretion."[18] A court may consider the following factors in determining whether to waive the bond requirement:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the

---

[15] *Id.* at 465 ("[T]he trustee's argument that section 91 does not apply to remedies in suits or proceedings in federal court is meritless. As the bankruptcy court recognized, the Supreme Court has explicitly held that the predecessor to section 91 was intended to apply to actions in federal as well as state courts.") (citation omitted).

[16] *Glad v. Thomas Cnty. Nat'l Bank*, No. 87-1299-C, 1991 WL 261712, *2 (D. Kan. Nov. 14, 1991).

[17] *Id.*; *accord State Bank & Trust Co. of Golden Meadow v. D.J. Griffin Boat*, 926 F.2d 449, 451 (5th Cir. 1991) (holding that section 91 permits a bank "to seek a stay of the lower court's judgment without having to post a supersedeas bond").

[18] *United States v. Fleming*, 114 A.F.T.R.2d 2014-6120, at *2 (M.D. Fla. 2014) citing *United States v. Dornbrock*, 101 A.F.T.R.2d 2008-2677, at *1 (S.D. Fla. 2008).

requirement to post a bond would place other creditors of the defendant in an insecure position.[19]

Here, granting the motion for stay without the requirement for posting any bond will not jeopardize the Coniglios' ability to collect on the Final Judgment.[20] Thus, Bank of America respectfully requests that this Court stay execution of the Final Judgment pending disposition of a Rule 59(e) Motion to Alter or Amend Order on Amended Motion to Vacate and pending an appeal, without requiring Bank of America to post a supersedeas bond.

If this Court disagrees and is inclined to order a bond as a condition for stay, Bank of America respectfully requests that this Court enter an order setting the amount of the bond, granting Bank of America adequate time to obtain and file the bond with the Court, and causing a temporary stay to remain in place until the bond is filed with the Court. Should this Court require a bond, Bank of America further advises that it is already in the process of securing a bond.

<u>Certification as to Conferral under Local Rule 3.01(g)</u>: The undersigned counsel spoke with John Anthony, Esq., (Counsel for Plaintiffs), on December 9, 2014 and described the relief sought in this Motion. Plaintiff's counsel does not agree to the relief sought herein.

WHEREFORE, Bank of America, N.A., respectfully requests that this Court enter an order staying execution and enforcement of the Final Judgment pending disposition of a Rule 59(e) Motion to Alter or Amend Order on Amended Motion to Vacate and pending an appeal, and for further relief deemed just and proper under the circumstances.

---

[19] *Fleming*, 114 A.F.T.R.2d 2014-6120, at *3 (quotations omitted); *cf. Slip n' Slide Records, Inc. v. TVT Records, LLC*, No. 05-21113, 2007 WL 1098751, at *2 (S.D. Fla. Apr. 8, 2007) ("[I]f a court finds that the defendant's ability to satisfy its obligations, now or in the future, is uncertain then it is not appropriate to stay execution of a judgment under Rule 62(b).").
[20] *See, e.g., Fleming*, 114 A.F.T.R.2d 2014-6120; *Slip n' Slide Records, Inc.,* 2007 WL 1098751, at *2.

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

        /s/ Andrew Kemp-Gerstel
J. RANDOLPH LIEBLER
Florida Bar No. 507954
JRL@lgplaw.com
DORA F. KAUFMAN
Florida Bar No.: 771244
DFK@lgplaw.com
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
AKG@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
*Attorneys for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 9th day of December, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

        /s/ Andrew Kemp-Gerstel
ANDREW KEMP-GERSTEL

| | |
|---|---|
| David P. Mitchell, Esq.<br>Dmitchell@forthepeople.com<br>William P. Howard, Esq.<br>whoward@forthepeople.com<br>Morgan & Morgan, PA<br>One Tampa City Center<br>201 N. Franklin St., 7th FL<br>Tampa, FL 33602 | John A. Anthony, Esquire<br>janthony@anthonyandpartners.com<br>John W. Landkammer, Esquire<br>jlandkammer@anthonyandpartners.com<br>Megan M. Greene, Esquire<br>mgreene@anthonyandpartners.com<br>Anthony & Partners, LLC<br>201 N. Franklin Street, Suite 2800<br>Tampa, Florida 33602 |