IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

    Plaintiff,

v.                                                                   Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR AWARD OF
ATTORNEYS' FEES AGAINST DEFENDANT**
(and Incorporated Memorandum of Law)

Pursuant to Federal Rule of Civil Procedure 54(d) Local Rule 4.18, and other applicable law, Nelson Coniglio and Joyce Coniglio (together, the "Plaintiffs"), hereby move on the following grounds for the order of this Court awarding a recovery of attorneys' fees in their favor and against Bank of America, N.A., a foreign corporation, f/k/a BAC Home Loans Servicing (the "Defendant"):

**A.     Procedural History**

1.     On July 2, 2014, the Plaintiffs initiated this Action by filing a "Complaint and Demand for Jury Trial" (the "Complaint") (Dkt. 1) seeking relief as against the Defendant for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq. (the "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), and the Florida Consumer Collection Practices Act, §§ 559.55, et seq., Florida Statutes (the "FCCPA").

2.     On August 15, 2014, and after receiving a Clerk's default against the Defendant (the "Default") (Dkt. 7), the Plaintiffs filed their motion for default judgment against the Defendant ("Default Judgment Motion") (Dkt. 8) as to the TCPA and FCCPA counts of the Complaint.  The Default Judgment Motion included a series of affidavits that together support all the relief requested therein under Federal Rule of Civil Procedure 55(b).  On August 18, 2014, the Default Judgment Motion was supplemented and supported by the affidavits of the Plaintiffs, and Jason Anthony Coniglio (Dkt. 10, 11, 12, and 13).

3.     On October 21, 2014, this Court entered its "Order" (the "Default Judgment Order") (Dkt. 16), granting the Default Judgment Motion under Federal Rule of Civil Procedure 55(b).  Also on October 21, 2014, the Clerk entered a "Judgment in a Civil Case" (the "Judgment") (Dkt. 18), in favor of the Plaintiffs and against the Defendant, for damages in the amount of $1,051,000, reserving jurisdiction on the matter of court costs and attorneys' fees, and providing counsel for the Plaintiffs thirty (30) days to file a motion for attorneys' fees, as well as any affidavits to support such a claim.

4.     On November 4, 2014, the Defendant filed its "Bank of America, N.A.'s Motion to Stay Execution of Final Default Judgment Pending Disposition of Motion to Vacate and Set Aside Default and Default Judgment and Incorporated Memorandum of Law" (the "First Stay Motion") (Dkt. 19).

5.     On November 5, 2014, the Plaintiffs filed "Plaintiffs' Response in Opposition to Defendant's Stay of Execution Motion and Related Memorandum of Law" (Dkt. 20).

6.     On November 5, 2014, the Defendant filed "Bank of America N.A.'s Motion to Vacate and Set Aside Default and Default Final Judgment and Incorporated Memorandum of

Law" (the "Original Motion to Vacate") (Dkt. 22) that sought to vacate the Default and relief from the Judgment pursuant to Federal Rules of Civil Procedure 55 and 60(b).

7. On November 7, 2014, the Plaintiffs filed "Plaintiffs' Response in Opposition to Relief from Judgment Motion and Related Memorandum of Law" (the "Initial Response") (Dkt. 23).

8. On November 10, 2014, without first obtaining leave from the Court, the Defendant filed "Bank of America N.A.'s Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment and Incorporated Memorandum of Law" (the "Amended Motion to Vacate") (Dkt. 24).

9. On November 11, 2014, the Plaintiffs filed "Plaintiffs' Motion to Strike Defendant's Amended and Corrected Motion to Vacate and Set Aside Default and Default Judgment, or Alternatively, for Leave to File Supplemental Response, and Incorporated Memorandum of Law" (the "Motion to Strike") (Dkt. 25).

10. On November 12, 2014, the Court entered an order allowing the Plaintiffs to file a supplemental response to the Amended Motion to Vacate (the "Order Authorizing Second Response") (Dkt. 27). Also on November 12, 2014, the Court entered its "Endorsed Order" granting the First Stay Motion "pending resolution of the pending motion to vacate" (the "Order Granting Stay") (Dkt. 26). The Order Granting Stay further provided that if appeals are taken, then a subsequent motion to stay may be filed.

11. On November 17, 2014, the Plaintiffs filed a supplemental response to the Amended Motion to Vacate (the "Second Response") (Dkt. 28), as authorized pursuant to the Order Authorizing Second Response, and as requested in the Motion to Strike.

12. On November 18, 2014, the Defendant filed its "Bank of America N.A.'s Motion to Alter or Amend Default Final Judgment and Incorporated Memorandum of Law" (the "Motion to Amend the Judgment") (Dkt. 29) in the event that this Court denied the Amended Motion to Vacate.

13. On December 4, 2014, this Court entered its "Order on Bank of America's Motion to Set Aside Default and Modify or Vacate the Default Judgment" (the "Order Denying Post-Judgment Relief") (Dkt. 31), denying all of the relief requested in the Defendant's Amended Motion to Vacate and the Motion to Amend the Judgment, in a manner consistent with the Initial Response and Second Response. Apart from appellate rights, whatever they might be, it was believed that the Order Denying Post-Judgment Relief had fully adjudicated the merits before this Court.

14. On December 8, 2014, the Plaintiffs filed "Plaintiffs' Motion for Issuance of Original Writs of Execution and Incorporated Memorandum of Law" (Dkt. 32), which is still pending before this Court. The Plaintiffs are presently prepared to execute on the Judgment.

15. On December 9, 2014, the Defendant filed "Bank of America, N.A.'s Motion to Stay Execution of Final Judgment Pending Disposition of Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment and Pending Appeal and Incorporated Memorandum of Law" (the "Second Stay Motion") (Dkt. 34), which seeks an order staying execution and enforcement of the Judgment pending yet another motion to alter or amend the Order Denying Postjudgment Relief and/or a potential appeal by the Defendant to the United States Court of Appeals for the Eleventh Circuit (the "Anticipated Appeal").

16. On December 11, 2014, the Defendant filed "Bank of America, N.A.'s Response in Opposition to Plaintiffs' Motion for Issuance of Original Writs of Execution" (Dkt. 35).

17. On December 11, 2014, the Defendant filed "Bank of America, N.A.'s Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment, and Incorporated Memorandum of Law" (Dkt. 36).

### B.    Allegations Relating to Relief Requested

18. In the Default Judgment Order, the Court stated that the "Plaintiff shall have judgment against the Defendant in the amount of one-million fifty-one thousand dollars ($1,051,000), in addition to Plaintiffs' court costs and reasonable attorneys' fees. Ruling is reserved as to the amount of attorneys' fees and costs to be awarded to the Plaintiff pending presentation of evidence as to fees and costs."

19. Morgan & Morgan, P.A. ("Morgan & Morgan") was retained as counsel for the Plaintiffs to seek the relief requested in the Complaint.

20. Anthony & Partners, LLC (the "Anthony & Partners") was retained on or about October 21, 2014 as co-counsel to assist in the post-judgment litigation and collection efforts related to the Judgment entered against the Defendant.  Morgan & Morgan and Anthony & Partners are collectively referred to herein as the "Firms."

21. From February 10, 2014 through December 10, 2014, the Plaintiffs have paid or have become obligation to pay Morgan & Morgan $17,325.00 as actual and reasonable fees for its services rendered in this litigation.

22. From October 21, 2014 through December 5, 2014, the Plaintiffs have paid or have become obligated to pay Anthony & Partners $44,332.00 as actual and reasonable fees for its services rendered in this litigation.

23. The actual and reasonable attorneys' fees can be verified by reference to the periodic invoices generated by the Firms in connection with this representation. A copy of Morgan & Morgan's invoice is attached hereto as Exhibit "A," and a copy of Anthony & Partners invoice is attached hereto as Exhibit "B." Based upon the foregoing, the Plaintiffs will have paid (or become obligated to pay) the Firms fees in the amount of $61,657.00 through December 10, 2014.[1]

24. Pursuant to Local Rule 3.01(g), the Plaintiffs' undersigned counsel attempted to confer in good faith with counsel for the Defendant on December 9, 2014 in connection with the relief requested herein; however counsel for the Defendant could not provide a definitive response at that time, and has yet to do so as of the filing of this motion. The Plaintiffs are requesting a "Meet and Confer" as to any objections that the Defendant may have with respect to the fees requested herein in advance of the Defendant's deadline to file their formal response. Accordingly, the Plaintiffs' undersigned counsel contends that it has satisfied its obligation pursuant to Local Rule 3.01(g) in these regards.

### C. Memorandum of Law

**a.   Governing Statutes**

25. The relief requested herein is governed procedurally by Federal Rule of Civil Procedure 54(d), that provides in pertinent part as follows:

> (1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provided otherwise, costs-other than attorney's fees-should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.
> (2)  Attorney's Fees.

---

[1] The Plaintiffs reserve the right to supplement, correct, or amend these amounts if required to address objections raised by the Defendant or otherwise.

    (A)  Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

    (B)  Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
      i.  Be filed no later than 14 days after the entry of judgment;
      ii.  Specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
      iii.  State the amount sought or provide a fair estimate of it; and
      iv.  Disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

26.    The Plaintiffs' substantive entitlement to a recovery of attorneys' fees is impacted not only by federal law outlined above, but also pursuant to Florida Statutes, § 559.77(2), that provide in relevant part as follows:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.
> . . .

The Plaintiffs have timely filed this request as required by Federal Rule of Civil Procedure 54(d)(2) given that the Motion to Amend the Judgment filed pursuant to Federal Rule of Civil Procedure 59(e) tolled the finality of the Judgment pending resolution of the same. See Galdames v. N & D Inv. Corp., 432 Fed. Appx. 801, 805 (11th Cir. 2011) (judgments do not become final for purposes of an attorneys' fees motion until certain post-judgment motions, such as motions pursuant to Rule 59, are adjudicated); Members First Fed. Credit Union v. Members First Fed. Credit Union of Florida, 244 F.3d 806, 807 (11th Cir. 2001).

**b.**    **Reasonableness of Attorneys' Fees and Costs**

2.    Pursuant to Florida law, in computing an attorney fee award, the trial judge should: (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and,

when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims.  <u>Freedom Sav. & Loan Ass'n v. Biltmore Const. Co., Inc.</u>, 510 So. 2d 1141, 1142 (Fla. 2d DCA 1987).  This approach mirrors the federal lodestar approach for computing reasonable attorney's fees as further elaborated in <u>Florida Patient's Comp. Fund v. Rowe</u>, 472 So. 2d 1145, 1146 (Fla. 1985) (holding modified by <u>Standard Guar. Ins. Co. v. Quanstrom</u>, 555 So. 2d 828 (Fla. 1990) and <u>Norman v. The Housing Authority of the City of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988)).  In the instant case, the average hourly rate of the attorneys from the Firms engaged in this litigation on behalf of the Plaintiffs was approximately $300.00.  From the Morgan & Morgan firm, David Mitchell billed this matter at a rate of $375.00 hourly.  From the Anthony & Partners firm, this matter was billed at the following hourly rates: (a) John A. Anthony at a rate of $450.00; (b) John Landkammer at a rate of $275.00; (c) Allison Doucette at a rate of $220.00; and (d) Megan Greene at a rate of $180.00.  These fees are customary in the Tampa Bay metropolitan area for prosecution of commercial litigation or are lower than market rate.  The rates are manifestly reasonable given the legal skill and experience of each practitioner listed above.  The Firms anticipate promptly filing an affidavit of reasonableness as to attorneys' fees once the fee expert retained has completed her review.

### D.     Conclusion

3.     For the reasons set forth herein, it is apparent that the Plaintiffs are entitled under the provisions of <u>Florida Statutes</u> §§ 559.77(2) to an award of reasonable attorneys' fees as prevailing party in this litigation. The Default Judgment Order and the Judgment expressly contemplate an award of attorneys' fees in favor of the Plaintiffs, and the Plaintiffs' request comports procedurally with Federal Rule of Civil Procedure 54(d) and Local Rule 4.18(a).  Thus,

the Plaintiffs are entitled to an award of attorneys; fees in the amount of $61,657.00 through December 10, 2014, which are actual and reasonable sums.  Additionally, the Plaintiffs will become obligated for attorneys' fees incurred in connection with any further post-judgment activities of counsel and reserve all rights with respect to the same.

WHEREFORE, the Plaintiffs hereby move for the entry of an order awarding the Plaintiffs their attorneys' fees as set forth above, and granting such other and further relief as the Court determines necessary and appropriate in the circumstances.

/s/ David P. Mitchell
**DAVID P. MITCHELL, ESQUIRE**
Florida Bar Number:  067249
**WILLIAM PEERCE HOWARD, ESQUIRE**
Florida Bar Number:  103330
Morgan & Morgan, P.A.
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  0731013
**JOHN W. LANDKAMMER, ESQUIRE**
Florida Bar Number: 0675547
**MEGAN M. GREENE, ESQUIRE**
Florida Bar Number: 0102739
**ALLISON C. DOUCETTE, ESQUIRE**
Florida Bar Number: 0085577
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida  33602
Telephone:(813)273-5616
Telecopier: (813) 221-4113

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 12, 2014, a true and correct copy of the foregoing has been furnished via CM/ECF to all counsel of record.

/s/ John A. Anthony
**ATTORNEY**