**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

    Plaintiff,

v.                                                     Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

    Defendant.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S
SECOND STAY MOTION AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 62, and other applicable law, Nelson Coniglio and Joyce Coniglio (together, the "Plaintiffs"), respond as follows to "Bank of America's Motion to Stay Execution of Final Judgment Pending Disposition of Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment, and Pending Appeal, and Incorporated Memorandum of Law," (the "Second Stay Motion") (Dkt. 34) filed by Bank of America, N.A., a foreign corporation, f/k/a BAC Home Loans Servicing (the "Defendant") on or about December 9, 2014, in the above-captioned cause (this "Action"):

**A.**     **Procedural History**

1.     On July 2, 2014, the Plaintiffs initiated this Action by filing a "Complaint and Demand for Jury Trial" (the "Complaint") (Dkt. 1) seeking relief as against the Defendant for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq. (the "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), and

the Florida Consumer Collection Practices Act, §§ 559.55, et seq., Florida Statutes (the "FCCPA").

2. On August 15, 2014, and after receiving a Clerk's default against the Defendant (the "Default") (Dkt. 7), the Plaintiffs filed their motion for default judgment against the Defendant ("Default Judgment Motion") (Dkt. 8) as to the TCPA and FCCPA counts of the Complaint. The Default Judgment Motion included a series of affidavits that together support all the relief requested therein under Federal Rule of Civil Procedure 55(b). On August 18, 2014, the Default Judgment Motion was supplemented and supported by the affidavits of the Plaintiffs and Jason Anthony Coniglio (Dkt. 10, 11, 12, and 13).

3. On October 21, 2014, this Court entered its "Order" (the "Default Judgment Order") (Dkt. 16), granting the Default Judgment Motion under Federal Rule of Civil Procedure 55(b). Also on October 21, 2014, the Clerk entered a "Judgment in a Civil Case" (the "Judgment") (Dkt. 18), in favor of the Plaintiffs and against the Defendant, for damages in the amount of $1,051,000, reserving jurisdiction on the matter of court costs and attorneys' fees.

4. On November 4, 2014, the Defendant filed its "Bank of America, N.A.'s Motion to Stay Execution of Final Default Judgment Pending Disposition of Motion to Vacate and Set Aside Default and Default Judgment and Incorporated Memorandum of Law" (the "First Stay Motion") (Dkt. 19), presenting many of the same arguments set forth in the Second Stay Motion. For example, the First Stay Motion asserts that (a) the National Banking Act precludes any form of post-judgment execution upon a national bank, a position inconsistent with the only holding on point by the Supreme Court, (b) a stay is appropriate and not premature even though the Defendant had not yet filed a motion for rehearing or appeal, threshold requirements for a stay pending either, and (c) the Defendant is excused from bonding requirements under Federal Rule of Civil Procedure 62.

5. On November 5, 2014, the Plaintiffs filed "Plaintiffs' Response in Opposition to Defendant's Stay of Execution Motion and Related Memorandum of Law" (Dkt. 20), refuting the three (3) principal aspects of the First Stay Motion.

6. On November 5, 2014, the Defendant filed "Bank of America N.A.'s Motion to Vacate and Set Aside Default and Default Final Judgment and Incorporated Memorandum of Law" (the "Original Motion to Vacate") (Dkt. 22) that sought to vacate the Default and relief from the Judgment pursuant to Federal Rules of Civil Procedure 55 and 60(b).

7. On November 7, 2014, the Plaintiffs filed "Plaintiffs' Response in Opposition to Relief from Judgment Motion and Related Memorandum of Law" (the "Initial Response") (Dkt. 23).

8. On November 10, 2014, without first obtaining leave from the Court, the Defendant filed "Bank of America N.A.'s Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment and Incorporated Memorandum of Law" (the "Amended Motion to Vacate") (Dkt. 24).

9. On November 11, 2014, the Plaintiffs filed "Plaintiffs' Motion to Strike Defendant's Amended and Corrected Motion to Vacate and Set Aside Default and Default Judgment, or Alternatively, for Leave to File Supplemental Response, and Incorporated Memorandum of Law" (the "Motion to Strike") (Dkt. 25).

10. On November 12, 2014, the Court entered an order allowing the Plaintiffs to file a supplemental response to the Amended Motion to Vacate (the "Order Authorizing Second Response") (Dkt. 27). Also on November 12, 2014, the Court entered its "Endorsed Order" granting the First Stay Motion "pending resolution of the pending motion to vacate" (the "Order Granting Stay") (Dkt. 26). The Order Granting Stay further provided that if appeals are taken, then a subsequent motion to stay may be filed.

11. On November 17, 2014, the Plaintiffs filed a supplemental response to the Amended Motion to Vacate (the "Second Response") (Dkt. 28), as authorized pursuant to the Order Authorizing Second Response, and as requested in the Motion to Strike.

12. On November 18, 2014, the Defendant filed "Bank of America N.A.'s Motion to Alter or Amend Default Final Judgment and Incorporated Memorandum of Law" (the "Motion to Amend the Judgment") (Dkt. 29) in the event that this Court denied the Amended Motion to Vacate.

13. On December 4, 2014, this Court entered its "Order on Bank of America's Motion to Set Aside Default and Modify or Vacate the Default Judgment" (the "Order Denying Post-Judgment Relief") (Dkt. 31), denying all of the relief requested in the Defendant's Amended Motion to Vacate and the Motion to Amend the Judgment, in a manner consistent with the Initial Response and Second Response.  Apart from appellate rights, whatever they might be, it was believed that the Order Denying Postjudgment Relief had fully adjudicated the merits before this Court.

14. On December 8, 2014, the Plaintiffs filed "Plaintiffs' Motion for Issuance of Original Writs of Execution and Incorporated Memorandum of Law" (Dkt. 32), which is still pending before this Court.  The Plaintiffs are presently prepared to execute on the Judgment.

15. On December 12, 2014, the Plaintiffs filed "Plaintiffs' Motion for Award of Attorneys' Fees Against Defendant" (Dkt. 37) (the "Fee Motion").

### B. Allegations Relating to Relief Requested

16. On December 9, 2014, the Defendant filed the Second Stay Motion (Dkt. 34) that seeks an order staying execution and enforcement of the Judgment pending yet another anticipated motion to alter or amend the Order Denying Postjudgment Relief and/or a potential

appeal by the Defendant to the United States Court of Appeals for the Eleventh Circuit (the "Anticipated Appeal").

17. On December 11, 2014, the Defendant filed "Bank of America, N.A.'s Response in Opposition to Plaintiffs' Motion for Issuance of Original Writs of Execution" (Dkt. 35).

18. On December 11, 2014, the Defendant filed "Bank of America, N.A.'s Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment, and Incorporated Memorandum of Law" (the "Rule 59 Motion") (Dkt. 36).

19. In the Second Stay Motion, the Defendant first argues that the National Bank Act precludes the Plaintiffs from executing on the Judgment until the conclusion of the appellate process, notwithstanding that no notice of appeal has been filed. Next, the Defendant asserts that pursuant to Federal Rule of Civil Procedure 62(b), this Court should use its discretion to stay any execution pending the Rule 59 Motion and the Anticipated Appeal, and to waive the requirement that the Defendant post a bond. The request to stay execution as to any Anticipated Appeal is premature, as no notice of appeal has been filed. Additionally, there is no discernible basis for appeal with respect to the Judgment based upon the record in this Action. Accordingly, the Plaintiffs are strained to determine why enforcement of the Judgment should be stayed pending consideration of the Anticipated Appeal.

### C. Memorandum of Law

#### a. The National Bank Act

The National Bank Act states that "no attachment, injunction, or execution, shall be issued against such association or its property before final judgment in any suit, action, or proceeding in any State, county, or municipal court." 12 U.S.C. § 91 (emphasis added). Although the Second Stay Motion cites to two (2) cases for the proposition that a "final judgment" means a judgment on the merits that is no longer subject to an appeal, those cases do not bind this Court to such a construction.

See U.S. v. Lemaire, 826 F.2d 387, 389 (5th Cir. 1987); In re Richmond Produce Co., Inc., 195 B.R. 455, 465–66 (N.D. Cal. 1996). Indeed, no such binding cases exist, and if any case should be persuasive, it should be the Supreme Court case of Third Nat'l Bank in Nashville v. Impac Ltd., 432 U.S. 312, 324 (1977), which firmly states, "Fairly read, the statute merely prevents prejudgment seizure of bank property by creditors of the bank." (emphasis added). Furthermore, the Supreme Court has held that "final judgment" refers to a judgment that is final and appealable, not a judgment that has already been appealed or in which time for an appeal has run. Melkonyan v. Sullivan, 501 U.S. 89, 95; see also Fed. R. Civ. P. 54(a). Therefore, to add to this definition of "final judgment" in the National Bank Act is to construe the statute in a way not intended by Congress.

There is further persuasive authority that the National Bank Act refers to a final judgment that has been rendered, instead of one that has gone through the appeals process. Gutierrez v. Wells Fargo Bank, N.A., No. C 07-05923 WHA, 2010 WL 4688989 (N.D. Cal. Nov. 10, 2010) and Quinones v. Chase Bank USA, N.A., No. 09cv2748-AJB, 2012 WL 1473351 (S.D. Cal. Apr. 27, 2012) are both analogous to the issues at hand here. In Gutierrez, a plaintiff obtained a judgment against Wells Fargo, who then moved to stay the judgment pending appeal without posting a bond. Id. at *1. The Gutierrez court cited to the Supreme Court's decision in Impac for its conclusion that the term "before final judgment" is not equivalent to "after judgment and appeal," and held that Wells Fargo was not entitled to a stay pending appeal. Id. at *1; see also Quinones (citing Gutierrez for the same holding).

Gutierrez and Quinones point out that the Lemaire case and other cases within the Fifth Circuit are flawed in their reasoning that "final judgment" means after any appeals process because it is inconsistent with previous Supreme Court rulings. Therefore, in reading the statute plainly, this Court should determine that "before final judgment," simply means before a final judgment is rendered. Here, there is no question that a final judgment has been rendered; therefore, this Court

6

should deny the Defendant's request to stay execution pending resolution of the Rule 59 Motion or Anticipated Appeal based on the National Bank Act.

### b. A Bond is Required Under Federal Rule of Civil Procedure 62

Since the National Bank Act does not protect the Defendant from execution on a final judgment after it is rendered, the Defendant is not automatically entitled to a stay of execution of the Judgment or a waiver of the bond requirement. Under Federal Rule of Civil Procedure 62(b), a court may stay the execution or enforcement of a judgment pending disposition of certain motions, including a motion for relief from judgment, if there are appropriate terms for the opposing party's security. See Hiscox Dedicated Corporate Member, Ltd. v. Matrix Group Ltd., Inc., No. 8:09–cv–2465–T–33AEP, 2012 WL 333806 (M.D. Fla. Feb. 1, 2012). The Defendant argues that this Court should use its discretion to stay execution of the Judgment pending the Rule 59 Motion and an appeal, and waive the bond requirement; however, the Defendant gives no reason whatsoever in the Second Stay Motion why this Court should use its discretion to stay execution of the Judgment. See Tara Productions, Inc. v Hollywood Gadgets, Inc., No. 09–61436–CIV, 2011 WL 4020855, *2 (S.D. Fla. Sept. 9, 2011) (denying a motion for stay of execution where no bond was posted and the movant failed to provide any reason why a bond should not be required). Here, the Defendant's only argument that it should not have to post a bond is that it "will not jeopardize the ability [of the Plaintiffs] to collect on the judgment." (Dkt. 34, p. 5).

Further, the Defendant would not be prejudiced in any way by providing a certified check for the full amount of the Judgment, plus other fees as described below, as security for obtaining a stay because such funds would not be drawn upon until the Rule 59 Motion and/or Anticipated Appeal have been adjudicated. The unpaid judgment amount is currently $1,051,000 (the "Unpaid Judgment Amount"). Contemporaneously herewith, the Plaintiffs filed its Fee Motion requesting an award of attorneys' fees in the amount of $61,657, and given the multitude of post-judgment pleadings, this amount is likely to increase. Assuming that the Rule 59 Motion and Anticipated Appeal will be

adjudicated within one (1) year, interest on the Unpaid Judgment Amount would be approximately $50,000, and fees are estimated at $60,000 for the appellate process. Adding these figures to the Unpaid Judgment Amount establishes that the bond should be in the amount of $1,222,657. Thus, the Defendant should only be entitled to a stay of execution if it posts a supersedeas bond in the full amount of $1,222,657.

### D.     Conclusion

Since the Judgment is a final judgment pursuant to the National Bank Act, the Plaintiffs should be permitted to execute thereon as any other final judgment, notwithstanding that is still appealable. Additionally, this Court should not stay execution or waive the bond requirement because the Defendant has provided no reasonable justification therefor. Given this Court's clear ruling in its Order Denying Postjudgment Relief, the Plaintiffs have no basis for appealing that decision, and may even be entitled to additional fees pursuant to Federal Rule of Appellate Procedure 38. Simply put, the Defendant is artificially and unfairly delaying its payment of the Judgment to the Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court deny the Second Stay Motion, and grant such other relief as is necessary and appropriate under the circumstances.

/s/ David P. Mitchell
**DAVID P. MITCHELL, ESQUIRE**
Florida Bar Number:  067249
DMitchell@ForThePeople.com
**WILLIAM PEERCE HOWARD, ESQUIRE**
Florida Bar Number:  103330
WHoward@forthepeople.com
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Attorneys for Plaintiffs

and

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  0731013
janthony@anthonyandpartners.com
**JOHN W. LANDKAMMER, ESQUIRE**
Florida Bar Number: 0675547
jlandkammer@anthonyandpartners.com
**MEGAN M. GREENE, ESQUIRE**
Florida Bar Number: 0102739
mgreene@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida  33602
Telephone:  813-273-5616
Telecopier:  813-221-4113
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2014, a true and correct copy of the foregoing has been furnished via CM/ECF to all counsel of record.

/s/ John A. Anthony
**ATTORNEY**