**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

       Plaintiff,

v.                               Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

       Defendant.

_____/

**PLAINTIFFS' MOTION TO STRIKE BOND COPY FILING**

       Pursuant to Federal Rule of Civil Procedure 12(f), and other applicable law, Nelson Coniglio and Joyce Coniglio (together, the "Plaintiffs"), hereby move on the following grounds for the order of this Court that will strike the "Notice of Posting Copy of Bond" (the "Bond Copy Filing") (Dkt. 39) filed by Bank of America, N.A., a foreign corporation, f/k/a BAC Home Loans Servicing, LP (the "Defendant") on or about December 16, 2014, in the above-captioned cause (this "Action"):

**A.**      **Allegations Relating to Relief Requested**

       1.      On October 21, 2014, this Court entered its "Order" (the "Default Judgment Order") (Dkt. 16).  Also on October 21, 2014, and pursuant to the Default Judgment Order, the Clerk entered a "Judgment in a Civil Case" (the "Judgment") (Dkt. 18), in favor of the Plaintiffs and against the Defendant, for damages in the amount of $1,051,000 (the "Judgment Amount"), reserving jurisdiction on the matter of court costs and attorneys' fees.

2.     This Court has pending before it, following other post-Judgment motions that have already been adjudicated, the following:

a.   "Plaintiff's Motion for Issuance of Original Writs of Execution and Incorporated Memorandum of Law" (the "Execution Motion") (Dkt. 32), filed by the Plaintiffs on December 8, 2014, and "Bank of America, N.A's Response in Opposition to Plaintiffs' Motion for Issuance of Original Writs of Execution" (the "Execution Response") (Dkt. 35), filed by the Defendant on December 11, 2014;

b.   "Bank of America's Motion to Stay Execution of Final Judgment Pending Disposition of Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment, and Pending Appeal, and Incorporated Memorandum of Law," (the "Second Stay Motion") (Dkt. 34), filed by the Defendant on December 9, 2014, and "Plaintiffs' Response in Opposition to Defendant's Second Stay Motion and Incorporated Memorandum of Law" (the "Second Stay Response") (Dkt. 38) filed by the Plaintiffs on December 12, 2014;

c.   "Bank of America, N.A.'s Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment, and Incorporated Memorandum of Law" (the "Second Rule 59 Motion") (Dkt. 36), filed by the Defendant on December 11, 2014, seeking relief from the Judgment, it being noted that the Plaintiffs anticipate that the Second Rule 59 Motion will be the subject of a timely response to be filed by the Plaintiffs (the "Anticipated Second Rule 59 Response"); and

      d.   "Plaintiff's Motion for Award of Attorneys' Fees Against Defendant" (the "Fee Motion") (Dkt. 37), filed by the Plaintiffs on December 12, 2014, but only seeking fees and costs through the point in time that they could have been logistically computed, it being noted that the Plaintiffs anticipate that the Fee Motion will be the subject of a timely response to be filed by the Defendant (the "Anticipated Fee Response").

In its pleadings post-Judgment, the Defendant has given every indication that it will initiate an appeal before the United States Court of Appeals for the Eleventh Circuit; however, post-Judgment motions have slowed that process by two (2) months.

      3.   The Bond Copy Filing includes as an exhibit a copy of an apparent bond issued in the Judgment Amount, that is problematic for the following specific reasons:

      a.   This Court has not yet adjudicated the merits of the Execution Motion, the Execution Response, the Second Stay Motion, or the Second Stay Response, and has not issued any order directing issuance or posting of a bond in any amount.

      b.   If this Court had granted a stay in favor of the Defendant upon consideration of the Execution Motion, the Execution Response, the Second Stay Motion, or the Second Stay Response, or otherwise, it would be incumbent upon the Defendant to post the original bond with this Court and not a photocopy.

      c.   If this Court were to grant a stay in favor of the Defendant pending consideration of the Second Stay Motion and Second Stay Response, it would seem that the amount of the bond should not be the same as the Judgment Amount, because this does not account for attorneys' fees and costs incurred as reflected in the Fee Motion, as well as those incurred since, together with interest, attorneys' fees, and

3

costs anticipated in the context of an appeal that the Defendant may wish to procedurally elongate.

### B.   Memorandum of Law

**1.   Federal Rule of Civil Procedure 12(f)**

Federal Rule of Civil Procedure 12(f) provides in pertinent part as follows:

> (f) MOTION TO STRIKE.  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

The application of this rule has been established by the Eleventh Circuit in this Court in case law that can be applied to the Bond Copy Filing to lead to the conclusion that this filing should be stricken.  See Stephens v. Georgia Dept. of Transportation, 134 Fed. Appx. 320, 322-23 (11th Cir. 2005) (Motions to strike are generally filed to address "redundant, immaterial, impertinent or scandalous" allegations in a pleading).  While striking filings is generally disfavored as an extreme remedy, this Court maintains "liberal discretion" to award such relief as it deems appropriate under Rule 12(f).  Kaiser Aluminum & Chemical Sales v. Arondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982); SEC v. Lauer, 2007 WL 1393917 (S.D. Fla. Apr. 30, 2007).

**2.   Necessity of a Bond for Imposition of a Stay**

Since this Court has not entered an order granting the Defendant a stay pending consideration of the Second Stay Motion and Second Stay Response, or otherwise as it relates to the current time period, the posting of a bond is immaterial to this Action.  It is true, to be sure, that the posting of a bond as a condition of the imposition of a stay is appropriate in light of the

provisions of Federal Rule of Civil Procedure 62.  However, with this Court not having entered such an order, the posting of a bond is at best premature.

### 3.  <u>Necessity of an Original</u>

Applicable rules governing the filing of bonds before this Court mandate the posting of an original bond <u>only</u> once approved by this Court, and not a copy.  <u>See</u> Middle District of Florida Clerk's Office Guide to Services and Procedures IV(c).

### 4.  <u>Amount of the Bond</u>

Assuming that this Court does grant the Defendant a stay pending consideration of the Second Stay Motion and Second Stay Response, the amount of the bond is not necessarily the Judgment Amount.  To the contrary, applicable law is consistent with the Plaintiffs' proposition that the bond should be computed by reference to the amount of the obligation as it will be following disposition of the anticipated appeal.  <u>Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.</u>, 600 F.2d 1189, 1191 (5th Cir. 1979)[1] (the amount of a supersedeas bond should include the amount of the judgment remaining unsatisfied, costs on appeal, interest, and damages for delay, unless court after notice and hearing and for good cause shown fixes a different amount or orders security other than bond).

## C.  <u>Conclusion</u>

The Judgment is currently the subject of the Second Rule 59 Motion, to which a response is anticipated.  In the light of an anticipated appeal, this Court may ultimately deny the Execution Motion and grant the Second Stay Motion, conditioned upon the posting of a bond.  However, the Bond Copy Filing is inappropriate because (i) it is premature and spontaneous, and not pursuant to order of this Court, (ii) it is of no consequence under applicable procedure to post a

---

[1] <u>See</u> <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206 (11th Cir. 1981) (adopting as precedent all decisions of the former 5th Circuit).

purported copy of a bond when an original is required, and (iii) the bond referenced in the Bond Copy Filing appears to be in an inadequate amount in light of the anticipated amount of the Defendant's liability to the Plaintiffs in the likely event that an appeal consumes more than a year and causes the Plaintiffs to incur substantial additional fees and costs during an elongated appellate process.

Pursuant to Local Rule 3.01(g), the Plaintiffs' undersigned counsel attempted to confer in good faith with counsel for the Defendant on December 17, 2014 in connection with the relief requested herein; however counsel for the Defendant could not agree to the relief requested.

WHEREFORE, Plaintiffs respectfully request that this Court strike the Bond Copy Filing and grant such other relief as is necessary and appropriate under the circumstances.

/s/ David P. Mitchell
**DAVID P. MITCHELL, ESQUIRE**
Florida Bar Number:  067249
DMitchell@ForThePeople.com
**WILLIAM PEERCE HOWARD, ESQUIRE**
Florida Bar Number:  103330
WHoward@forthepeople.com
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Attorneys for Plaintiffs

and

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  0731013
janthony@anthonyandpartners.com
**JOHN W. LANDKAMMER, ESQUIRE**
Florida Bar Number: 0675547
jlandkammer@anthonyandpartners.com
**MEGAN M. GREENE, ESQUIRE**
Florida Bar Number: 0102739
mgreene@anthonyandpartners.com
Anthony & Partners, LLC

201 N. Franklin Street, Suite 2800
Tampa, Florida  33602
Telephone:  813-273-5616
Telecopier:  813-221-4113
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 17, 2014, a true and correct copy of the foregoing has been furnished via CM/ECF to all counsel of record.

/s/ John A. Anthony
**ATTORNEY**