IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

    Plaintiff,

v.                                    Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

    Defendant.
_____/

## NOTICE OF FILING AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AGAINST DEFENDANT

PLEASE TAKE NOTICE that Nelson Coniglio and Joyce Coniglio (together, the "Plaintiffs"), hereby file with the Clerk of the Circuit Court in and for the Middle District of Florida, Tampa Division, the attached "Affidavit of Nicole Deese Newlon, Esquire" in support of "Plaintiff's Motion For Award Of Attorneys' Fees Against Defendant (and Incorporated Memorandum of Law)" (Dkt. 37).

                                            /s/ *John W. Landkammer*
                                            **JOHN A. ANTHONY, ESQUIRE**
                                            Florida Bar Number: 0731013
                                            **JOHN W. LANDKAMMER, ESQUIRE**
                                            Florida Bar Number: 0675547
                                            **MEGAN M. GREENE, ESQUIRE**
                                            Florida Bar Number: 0102739
                                            **ALLISON C. DOUCETTE, ESQUIRE**
                                            Florida Bar Number: 0085577
                                            Anthony & Partners, LLC
                                            201 N. Franklin Street, Suite 2800
                                            Tampa, Florida 33602
                                            Telephone: (813) 273-5616
                                            Telecopier: (813) 221-4113

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 18, 2014, a true and correct copy of the foregoing has been furnished via CM/ECF to all counsel of record.

/s/ *John W. Landkammer*
**ATTORNEY**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

    Plaintiff,

v.                                        Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

    Defendant.
_____/

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

    BEFORE ME, the undersigned authority, personally appeared Nicole Deese Newlon who, being by me first duly sworn, deposes and says that:

    1.    I am an attorney licensed to practice law in the State of Florida and have been a member in good standing of The Florida Bar since September 2004.

    2.    I am authorized to practice in all courts of the State of Florida, the United States District Court for the Southern District of Florida, the United States District Court for the Middle District of Florida, the United States District Court for the Northern District of Florida, as well as the United States Court of Appeals for the Eleventh Circuit.

    3.    I am currently a partner in Johnson & Cassidy, P.A. My office is located at 324 South Hyde Park Avenue, Suite 325, Tampa, Florida 33606. I have practiced in Tampa, Florida continuously since my admission to The Florida Bar.

    4.    My practice focuses primarily on commercial, civil, and complex litigation matters. I have handled such matters in both state and federal courts and in arbitration proceedings. I am

1

familiar with the fees customarily charged by attorneys practicing in this area for similar legal services.

5. I currently serve as President of the Tampa Bay Chapter of the Federal Bar Association and I have previously served on committees within the Hillsborough County Bar Association. I have been involved in both civil and criminal Inns of Court in Tampa, Florida.

6. In connection with the preparation of this Affidavit, I have reviewed the pleadings and motions filed in the above-referenced action as well as the Orders entered by this Court, in addition to certain correspondence and the time and expense reports attached to Plaintiff's Motion for Award of Attorneys' Fees Against Defendant.

7. In the Eleventh Circuit, Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988), and Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), provide the framework for awarding attorneys fees.

8. The starting point is the "lodestar," calculated by multiplying the number of hours reasonably expended in a litigation by a reasonable hourly rate. See e.g. Hensley, 461 U.S. at 433, 103 S.Ct. 1933; Norman, 836 F.2d at 1299.

9. While the "lodestar" method effectively replaced the balancing test previously prescribed by Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), the twelve (12) Johnson factors "might still be considered in terms of their influence on the lodestar amount." Norman, 836 F.2d at 1299.

10. In computing the lodestar amount, I have considered the factors set forth in Rule 4-1.5(B) of the Florida Bar Rules of Professional Conduct and in Patient's Compensation Fund v. Rowe, 472 So. 2d. 1145 (Fla. 1985) as modified by Standard Guaranty Insurance Co. v. Quanstrom, 555 So. 2d. 828 (Fla. 1990). In addition, I have considered the factors set forth in

2

Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). The factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

11. I am familiar with the law firms involved in this litigation, Morgan & Morgan, P.A. ("Morgan and Morgan") and Anthony & Partners, LLC ("Anthony & Partners"), both located in Tampa, Hillsborough County, Florida. I know that, in addition to other services, Morgan and Morgan performs consumer protection services throughout the State of Florida, and Anthony & Partners performs post-judgment pleadings and collection services through the State of Florida. I am aware of the Firms' practices and believe these practices to be consistent with the standard and customary practices for prosecuting consumer protection violations in Florida.

12. I am aware that the Firms maintain time records that are contemporaneously made and maintained with said work and which reflect the actual fees incurred.

13. It is my understanding that the invoices submitted by Morgan and Morgan and Anthony & Partners in support of Plaintiff's Motion for Award of Attorneys' Fees Against Defendant contain time entries for work incurred by the attorneys in the representation of the Plaintiffs in this action. It is the regular business practice of the Firms to enter and maintain said records in the regular course of the Firms' practice. I am aware that the Firms do not seek to recover more in attorneys' fees than that amount billed to and paid by its clients.

14. My opinions set forth herein are based on the time records submitted with Plaintiff's Motion for Award of Attorneys' Fees Against Defendants in this cause for the following time periods: for Morgan and Morgan from February 10, 2014 through December 12, 2014 and for Anthony & Partners from October 21, 2014 through December 5, 2014.

15. I am of the opinion that applicants' hourly rates as described in the "Plaintiffs' Motion for Award of Attorneys' Fees Against Defendant" (Dkt. 37) (the "Fee Motion") are reasonable. In forming this opinion, I took into consideration the prevailing market rate in the relevant legal community, Tampa, Florida, for similar services by lawyers of reasonably comparable skills, experience, and reputation.

16. I am aware that the lawyers at Anthony & Partners bill at rates between $180.00 and $450.00, based on their length of practice, their skill, and their experience.

17. Mr. Anthony has practiced in excess of 26 years, with a substantial number of those years of practice, 24, spent litigating creditor's rights claims. Mr. Anthony's rate of $450.00 per hour is commensurate with his experience. See, e.g., Stone v. Nat'l Enterprise Sys., No. 6:08-cv-1523-Orl-22GJK, 2009 WL 3336073, at *2, 5 (M.D. Fla. Oct. 15, 2009) ($394 per hour is reasonable for attorney with fifteen years of experience).

18. The other attorneys from Anthony & Partners, including Mr. Landkammer, Ms. Doucette, and Ms. Greene, each have ten (10), four (4), and one (1) years of practice, respectively. The attorney rates for these individuals are $275.00, $220.00, and $180.00, respectively. As with Mr. Anthony, these rates are commensurate with these attorneys' level of experience in creditors' rights litigation and their reputation and expertise. These rates similarly appear to be reasonable based on the requisite criteria. See, Stone, 2009 WL 3336073, at *2, 4, and 5 (finding that $300.00

4

per hour was reasonable for an attorney with seven to eight years of experience, and $225.00 per hour reasonable hourly rate for an attorney with four to six years of experience).

19. I am aware that Mr. David Mitchell, the primary attorney at Morgan and Morgan bills at a rate of $375.00 per hour. Mr. Mitchell has practiced for five (5) years. Mr. Mitchell's practice in the area of consumer protection law and general tort law has enabled Mr. Mitchell to represent consumers across the nation against debt collectors, mortgage companies, and major banks, in state and federal courts, appellate courts, and arbitrations. Based not only on his years of experience, but the breadth of experience he has obtained during his years of practice as well as considering the result he achieved on behalf of his clients in this cause, I believe that a rate of $375.00 to be reasonable, even if it exceeds the rates set forth in Stone as set forth above.

20. Based on the aforementioned criteria, and my examination of the records of the attorney fee applicants, I have determined that **189.9** hours expended by the applicants is reasonable, based on the following factors: (a) the time and labor required in responding to multiple post-judgment motions filed by the Defendant in this action; (b) the novelty of the questions litigated by the Defendant in light of the Court's entry of a default judgment, including the allegations set forth by the Defendant in its motions for stay, motion to amend and/or for relief from the judgment, and in its motion to vacate; and (c) the amount involved and the results obtained, including a final judgment exceeding $1 million dollars.

21. Specifically, Morgan and Morgan represented the Plaintiffs in this action exclusively until on or about October 21, 2014. While the litigation was commenced as a Fair Debt Collection Practices Act matter, which included violations of the Telephone Consumer Protection Act and Florida's Consumer Collection Practices Act, it morphed quickly into a very motion-intensive, complex post judgment collection matter after the Court entered Judgment in

5

favor of the Plaintiffs on or about October 21, 2014. I find that of the 46.20 hours expended by Morgan and Morgan in the prosecution of this matter, **39.10** are reasonable. I have determined that the following entries are clerical in nature and are not reasonable as compensable hours:

| Date | Hours | Description |
|---|---|---|
| 2/27/2014 | .30 | Preparation of update to pleadings index |
| 3/04/2014 | .30 | Review File and update party information |
| 7/03/2014 | .60 | Receipt & Review Pleading court confirmation of receipt of complaint package; receipt of standing order; issued summons and forward to process server for service; update index; file. |
| 7/14/2014 | .30 | Receipt & Review Pleading Dkt. #5_RETURN of service executed on 7-10-2014 by Nelson Coniglio, Joyce Coniglio as to Bank of America, N.A served 7/10/2014 @ 2:50 p.m.; update calendar; update index; e-file return; receipt of confirmation; file.<br>21 days after July 10, 2014 = Thursday, July 31, 2014 |
| 8/01/2014 | .70 | Preparation of finalization of motion for clerk's default; exhibits; e-filing; receipt of clerk's acknowledgment; update index/file. |
| 8/15/2014 | .50 | Preparation of e-filing/e-service of PL's Motion for Clerk's Default; receipt of confirmation from court; update index; file. |
| 8/18/2014 | .50 | Receipt & Review Pleading acknowledgments from clerk; download; update index; file. |
| 8/18/2014 | .40 | Telephone conference with Lourdes at Clerk's office requesting refile affidavit; and future practices when linking. |
| 10/22/2014 | 1.0 | per billy, put together notebook for him with the requested documents. |
| 10/29/2014 | .20 | Preparation of email to Hakanson's office with hearing notice. |
| 10/29/2014 | .30 | Review of file and update index and filing. |
| 11/12/2014 | .50 | Update pleadings binders. |

6

| | | |
|---|---|---|
| 11/12/2014 | .50 | Update pleadings binders. |
| 12/08/2014 | 1.0 | spoke to vicky/todd/patty, researched contract history of case for billy |

22. Anthony & Partners was retained on or about October 21, 2014, and has pursued Judgment collection activities, while simultaneously reviewing and responding to multiple motions filed by the Defendant in this action contesting the validity of the Judgment, requesting the Court vacate or stay the Judgment, requesting the Court to modify or amend the Judgment. I find that of the 150.8 hours expended by Anthony & Partners in the prosecution of this matter, **150.8** are reasonable.

23. Based on all the foregoing criteria, I am of the opinion that while the amount sought in fees in the Motion is reasonable, $61,657.00, the above-referenced hours should be deducted at Mr. Mitchell's billing rate of $375.00, awarding a total to the applicants as set forth below:

**$58,994.50** total fee award for the time periods set forth above, including

$44,332.00 due to Anthony & Partners

$14,662.50 due to Morgan and Morgan.

24. I have no interest in the outcome of the proceedings and I am not associated with nor employed by any party in this action, or by any attorney of record.

FURTHER AFFIANT SAYETH NOT.

_____
NICOLE DEESE NEWLON, ESQUIRE
Florida Bar Number: 832391
Johnson & Cassidy, P.A.
324 S. Hyde Park Ave., Ste. 325
Tampa, Florida 33606
Telephone Number: 813/699-4858
Email: nnewlon@jclaw.com

7

SWORN TO AND SUBSCRIBED before me this 18th day of December, 2014, by NICOLE DEESE NEWLON, who is personally known to me and who took an oath.

                                   _/s/ Mary L. Eller_
                                   NOTARY PUBLIC, State of Florida

                                   My Commission Expires:

> MARY L. ELLER
> Notary Public - State of Florida
> My Comm. Expires Jul 21, 2017
> Commission # FF 031432
> Bonded Through National Notary Assn.

8