IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

    Plaintiff,

v.                                                                 Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

    Defendant.
_____/

**JOINT MOTION FOR CONDITIONAL
ALLOWANCE OF ATTORNEYS FEE AWARD**

Pursuant to Federal Rule of Civil Procedure 54(d) and other applicable law, Nelson Coniglio and Joyce Coniglio (together, the "Plaintiffs") and Bank of America, N.A., a foreign corporation, f/k/a BAC Home Loans Servicing, LP (the "Defendant") hereby stipulate and jointly move for the order of this Court conditionally allowing an attorney fee award of $75,000 (the "Consensual Attorney Fee Award") in favor of the Plaintiffs and against the Defendant, upon terms and conditions more fully set forth below, in the above-captioned cause (this "Action"):

    **A.**     **Allegations Relating to Relief Requested**

1. On October 21, 2014, this Court entered its "Order" (the "Default Judgment Order") (Dkt. 16). Also on October 21, 2014, and pursuant to the Default Judgment Order, the Clerk entered a "Judgment in a Civil Case" (the "Judgment") (Dkt. 18), in favor of the Plaintiffs and against the Defendant, for damages in the amount of $1,051,000 (the "Judgment Amount"), reserving jurisdiction on the matter of court costs and attorneys' fees.

2. This Court has pending before it, in addition to other post-Judgment motions that have already been adjudicated, the following:

    a. "Plaintiff's Motion for Issuance of Original Writs of Execution and Incorporated Memorandum of Law" (the "Execution Motion") (Dkt. 32), filed by the Plaintiffs on December 8, 2014, and "Bank of America, N.A's Response in Opposition to Plaintiffs' Motion for Issuance of Original Writs of Execution" (the "Execution Response") (Dkt. 35), filed by the Defendant on December 11, 2014;

    b. "Bank of America's Motion to Stay Execution of Final Judgment Pending Disposition of Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment, and Pending Appeal, and Incorporated Memorandum of Law," (the "Second Stay Motion") (Dkt. 34), filed by the Defendant on December 9, 2014, and "Plaintiffs' Response in Opposition to Defendant's Second Stay Motion and Incorporated Memorandum of Law" (the "Second Stay Response") (Dkt. 38) filed by the Plaintiffs on December 12, 2014; and

    c. "Bank of America, N.A.'s Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment, and Incorporated Memorandum of Law" (the "Second Rule 59 Motion") (Dkt. 36), filed by the Defendant on December 11, 2014, seeking relief from the Judgment, and "Plaintiffs' Response To Motion To Alter Or Amend Order On Amended And Corrected Motion To Vacate And Set Aside Default And Default Final Judgment" (the "Second Rule 59 Response") (Dkt. 41), filed by the Plaintiffs on December 17, 2014.

    d. "Notice of Posting Copy of Bond" (the "Defendant Bond Notice") (Dkt. 39), filed by the Defendant on December 16, 2014, and "Plaintiffs' Motion to Strike Bond

Copy Filing" (the "Bond Strike Motion") (Dkt. 40), filed by the Plaintiffs on December 17, 2014.

In its pleadings post-Judgment, the Defendant has given every indication that it will initiate an appeal (the "Anticipated Appeal") before the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit"); however, post-Judgment motions have slowed that process by two (2) months.

3.  On December 12, 2014, and following this Court's disposition of prior motions under Federal Rules of Civil Procedure 55(c), 59, and 60, the Plaintiffs filed their "Plaintiff's Motion for Award of Attorneys' Fees Against Defendant" (the "Fee Motion") (Dkt. 37), seeking fees and costs through the point in time that they could have been logistically computed.

4.  In the Fee Motion, the Plaintiffs seek compensation and reimbursement for the law firm of Morgan & Morgan, P.A. ("M&M") in the amount of $17,325 from February 10, 2014, through December 10, 2014, and for the law firm of Anthony & Partners, LLC ("A&P") in the amount of $44,332, from October 21, 2014, through December 5, 2014 (the "Fee Motion Deadline").  It is noted in these regards, however, that a number of matters have arisen since the Fee Motion Deadline that have required both M&M and A&P (together, the "Plaintiff Firms") to expend additional time and charges on behalf of the Plaintiffs.

5.  For two (2) reasons, prospective fees and costs cannot be computed past Friday, December 19, 2014 (the "Consensual Attorney Fee Award Deadline").  First, this Court has not yet adjudicated the merits of the Execution Motion, Execution Response, Second Stay Motion, Second Stay Response, Second Rule 59 Motion, Second Rule 59 Response, Defendant Bond Notice, and Bond Strike Motion (the "Pending Matters") before this Court.  Second, fees and costs associated with the Anticipated Appeal cannot be ascertained when it has not yet been initiated.

6.     On December 18, 2014, the Fee Motion was supported by the affidavit of Nicole Deese Newlon (the "Expert Affidavit") (Dkt. 42) filed by the Plaintiffs and opining that 189.9 hours expended by A&P in this Action were reasonable, and that 39.1 of 46.2 hours expended by M&M in this Action were reasonable through the Fee Motion Deadline.

7.     The Plaintiffs and the Defendant (together, the "Parties") have conferred regarding the Fee Motion, are in agreement with respect to the disposition of the Fee Motion as follows:

   a. **Parties Agreement Regarding Consensual Attorney Fee Award**: Although the Parties might differ with respect to time and charges reflected in the Fee Motion and Expert Affidavit, or the amount of time and charges recorded by each of the Plaintiff Firms during the period between the Fee Motion Deadline and the Consensual Attorney Fee Award Deadline, the Parties are in agreement that the Consensual Attorney Fee Award is an appropriate award in light of the totality of the circumstances.  The Parties believe that the record adequately reflects effort on behalf of the Plaintiff Firms to justify a $75,000 award in favor of the Plaintiffs for time and charges incurred by the Plaintiff Firms through the Consensual Attorney Fee Award Deadline, and the Parties join in requesting such a finding by this Court.

   b. **Attorneys' Fees and Costs Excluded**:  Because the Parties recognize that the Pending Matters remain open, the Anticipated Appeal has not operated to transfer jurisdiction to the Eleventh Circuit, and other matters may hereafter arise before this Court or at the Eleventh Circuit that in fairness require additional effort on the part of the Plaintiff Firms, the Parties agree that while the Consensual Attorney Fee Award is binding with respect to all fees and costs sought or that could be

sought by the Plaintiffs and the Plaintiff Firms through the Consensual Attorney Fee Award Deadline, it is without prejudice to the Plaintiffs' rights to seek additional compensation and reimbursement for any services rendered and costs incurred following the Consensual Attorney Fee Award Deadline, whether before this Court, before the Eleventh Circuit, or otherwise in the furtherance of the Plaintiff Firms' representations of the Plaintiffs.

c. **Conditions of Payment**: Notwithstanding the intent of the Parties that the Consensual Attorney Fee Award be final, and that an order upon consideration of this motion shall be deemed final and non-appealable, with all Parties waiving all rights of rehearing or appeal with respect to the foregoing, the Defendant's payment obligations shall be tied expressly to the Defendant's obligation to pay the underlying Judgment Amount. Specifically, it is noted that the Judgment is currently appealable, such that neither the Judgment Amount nor the Consensual Attorney Fee Award are currently due to be paid to the Plaintiffs. However, the Consensual Attorney Fee Award will be appropriately payable as part of the adjudicated liability as reflected in the Judgment if, inter alia, the Anticipated Appeal, and any further appeal therefrom, is adjudicated or otherwise resolved in favor of the Plaintiffs.

d. **Continued Jurisdiction of this Court**: The Parties agree that the stipulation with respect to the computation and payment terms of the Consensual Attorney Fee Award advances principles of judicial economy in a manner that also benefits the Parties in terms of speed, efficiency, economy, and predictability. However, the Parties also agree that the construction, application, and enforcement of the terms

of an order embodying the Parties' agreement should remain within the firm jurisdiction of this Court.

### B.  Memorandum of Law

**1. Attorney Fee Entitlement**

Federal Rule of Civil Procedure 54(d) provides for an award of attorneys' fees and costs in a manner consistent with the current procedural context. The Judgment is predicated upon Florida Statutes § 559.77(2), which provides for the recovery of attorneys' fees and costs in matters such as this Action.

**2. Basis For Attorney Fee Award**

This Court has jurisdiction and authority to adjudicate the amount of attorneys' fees and costs incurred by the Plaintiffs with the Plaintiff Firms during the period of time that is the subject of this motion. Fed. R. Civ. P. 54(d).

**3. Reasonableness of Conditions**

Although the Judgment reflects this Court's determination as to the Plaintiffs' entitlement to an award of attorneys' fees, and although there is a sound basis for the Parties consent to the modified payment terms set forth herein, it is appropriate under the circumstances for this Court to facilitate principles of judicial economy by incorporating these terms into an agreed order. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (this Court is afforded broad discretion in addressing attorneys' fees issues).

### C.  Conclusion

The Parties have reached an agreement that comports with all equities of the case, streamlines procedure for this Court, the Parties, and their counsel, and is consistent with applicable law.

WHEREFORE, the Parties respectfully request that this Court enter an order that will:

a. grant this motion;

b. find and hold that the Plaintiffs shall recover from the Defendant the Consensual Attorney Fee Award, in the sum of $75,000 to compensate and reimburse all fees and costs incurred or that could have been incurred through the Consensual Attorney Fee Award Deadline, December 19, 2014, pursuant to Fed. R. Civ. P. 54(d).

c. verify the Parties' knowing and intelligent waiver of rehearing in appellate rights, whatever they may be, with respect to the Consensual Attorney Fee Award;

d. condition payment of the Consensual Attorney Fee Award upon the Judgment becoming final and non-appealable in a manner consistent with the provisions above;

e. confirm that the Consensual Attorney Fee Award is without prejudice to the Plaintiffs' right to seek additional compensation and reimbursement for time and charges after the Consensual Attorney Fee Award Deadline, whether relating to proceedings before this Court or before the Eleventh Circuit; and

f. grant such other relief as is necessary and appropriate under the circumstances.

/s/ Andrew Kemp-Gerstel
**J. RANDOLPH LIEBLER, ESQUIRE**
Florida Bar Number: 507954
JRL@lgplaw.com
**DORA F. KAUFMAN, ESQUIRE**
Florida Bar Number: 771244
DFK@lgplaw.com
**ANDREW KEMP-GERSTEL, ESQUIRE**
Florida Bar Number: 44332
AKG@lgplaw.com
Liebler, Gonzalez & Portuondo, PA
44 W. Flagler Street, Suite 2500
Miami, FL 33130
Telephone: 305-379-0400
Telecopier: 305-379-9626
Attorneys for the Defendant

/s/ David P. Mitchel
**DAVID P. MITCHELL, ESQUIRE**
Florida Bar Number: 067249
DMitchell@ForThePeople.com
**WILLIAM PEERCE HOWARD, ESQUIRE**
Florida Bar Number: 103330
WHoward@forthepeople.com
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Attorneys for Plaintiffs

and

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  0731013
janthony@anthonyandpartners.com
**JOHN W. LANDKAMMER, ESQUIRE**
Florida Bar Number: 0675547
jlandkammer@anthonyandpartners.com
**MEGAN M. GREENE, ESQUIRE**
Florida Bar Number: 0102739
mgreene@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida  33602
Telephone:  813-273-5616
Telecopier:  813-221-4113
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 23, 2014, a true and correct copy of the foregoing has been furnished via CM/ECF to all counsel of record.

/s/ John A. Anthony
**ATTORNEY**