# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Sam M. Gibbons U.S. Courthouse
801 North Florida Avenue
Tampa, FL 33602

Sheryl L. Loesch                                                      Mark Middlebrook
Clerk                                                        Tampa Division Manager

**DATE:** December 29, 2014

**TO:**     Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

NELSON CONIGLIO and JOYCE CONIGLIO,

      Plaintiffs,

v.                                              Case No: 8:14-cv-1628-T-17MAP

BANK OF AMERICA, N.A.,

      Defendant.

------------------------------------------------

**U.S.C.A. Case No.:**        *[USCA Case Number]*

Enclosed are documents and information relating to an appeal in the above-referenced action.  Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Elizabeth A. Kovachevich, United States District Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.  If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was not entered orally.

- No hearing from which a transcript could be made.

SHERYL L. LOESCH, CLERK

By:      s/LDR, Deputy Clerk

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

NELSON CONIGLIO and   JOYCE            CASE NO.: 8:14-cv-1628-T-17MAP
CONIGLIO, husband and wife,

      Plaintiffs,

v.

BANK OF AMERICA, N.A.,   a
foreign   corporation,   f/k/a   BAC
HOME LOANS SERVICING, LP,

      Defendant.

_____/

## NOTICE OF APPEAL

    Notice is hereby given that BANK OF AMERICA, N.A., Defendant in the above named case, through its undersigned counsel hereby appeals to the United States Court of Appeals for the Eleventh Circuit from a Final Judgment in favor of Plaintiffs [Doc. 18], entered on October 21, 2014, and the subsequent Order on Bank of America's Motion to Set Aside Default and Modify or Vacate the Default Judgment [Doc. 31] entered on December 4, 2014, both rendered by the United States District Court for the Middle District of Florida, Honorable Elizabeth A. Kovachevich.

                      Respectfully submitted,

                      /s/   Andrew Kemp-Gerstel
                      J. RANDOLPH LIEBLER
                      Florida Bar No. 507954
                      jrl@lgplaw.com
                      ANDREW KEMP-GERSTEL
                      Florida Bar No. 44332
                      akg@lgplaw.com

CASE NO.: 8:14-cv-1628-T-17MAP

*Counsel for Bank of America, N.A.*
**Liebler, Gonzalez & Portuondo**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379- 9626

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on December 26, 2014 I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

                                   /s/ Andrew Kemp-Gerstel
                                  ANDREW KEMP-GERSTEL

Service List:

| | |
|---|---|
| David P. Mitchell, Esq. | John A. Anthony, Esq. |
| William P. Howard, Esq. | John W. Landkammer, Esq. |
| Morgan & Morgan, PA | Megan M. Greene, Esq. |
| One Tampa City Center | Allison Doucette, Esq. |
| 201 N. Franklin St., 7th Floor | Anthony & Partners, LLC |
| Tampa, FL 33602 | 201 N. Franklin Street, Suite 2800 |
| Dmitchell@forthepeople.com | Tampa, Florida 33602 |
| whoward@forthepeople.com | janthony@anthonyandpartners.com |
| | jlandkammer@anthonyandpartners.com |
| | mgreene@anthonyandpartners.com |
| | adoucette@anthonyandpartners.com |

2

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**NELSON CONIGLIO, husband and
wife and JOYCE CONIGLIO,
husband and wife,**

**Plaintiffs,**

v.                                                              Case No:  8:14-cv-1628-T-17MAP

**BANK OF AMERICA, N.A., a foreign
corporation,**

**Defendant.**

---

# JUDGMENT IN A CIVIL CASE

**Decision by Court.**   This action came before the Court and a decision has been rendered.

   **IT IS ORDERED AND ADJUDGED** that judgment is hereby entered for Plaintiffs and

against Defendant in the amount of one-million fifty-one thousand dollars ($1,051,000), in

addition to Plaintiffs' court costs and reasonable attorneys' fees.


                                        SHERYL L. LOESCH, CLERK

                                        s/LDR, Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

   (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

Plaintiff,

v.                                                    Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

Defendant.

_____/

## ORDER ON BANK OF AMERICA'S MOTION TO SET ASIDE
## DEFAULT AND MODIFY OR VACATE THE DEFAULT JUDGMENT

THIS CAUSE is before the Court on Defendant's, Bank of America, motion to vacate and

set aside default and default judgment (Doc. 24) and motion to modify the default judgment

(Doc. 29). Plaintiffs Nelson and Joyce Coniglio (the Coniglios) have timely responded to Bank

of America's motions (Doc. 29 and 30) and the Defendant, with the Court's permission, filed a

reply to the response to the motion to vacate. (Doc. 28).

### Facts and Procedure

The underlying cause of action in this case is a complaint filed by the Coniglios against

Bank of America for claims under the Telephone Consumer Protection Act ("TCPA"), the Fair

Debt Collections Practices Act ("FDCPA"), and the Florida Consumer Collection Practices Act

("FCCPA"). When Bank of America failed to timely respond to the Coniglios' complaint (Doc.

7), the Coniglios filed a Motion for Default (Doc. 8) and procured a $1,051,000.00 Default Final

Judgment on October 21, 2014. (Doc. 18). Bank of America now seeks to set aside the Default

and set aside or, in the alternative, modify the Default Final Judgment.

## Discussion
## I. Motion to Vacate Default and Default Judgment

Bank of America asks this Court, pursuant to Federal Rules of Civil Procedure Rule 55(c), to "set aside an entry of default for good cause" and to set aside the default judgment for "excusable neglect" under Rule 60(b)(1). For setting aside the default, "[g]ood cause is a mutable standard, varying from situation to situation." *Compania Interamericana Export–Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996). "For all practical purposes, good cause and excusable neglect are treated alike under the excusable neglect standard of FRCP 60(b)." *Id.* Consequently, for setting aside the default judgment, the movant must show a lack of prejudice, a meritorious defense, and a good reason for not responding to the complaint. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003).

### A. There would be no prejudice.

The Court agrees with the Bank of America that setting aside the judgment would cause no unfair prejudice to the Coniglios. On July 2, 2014, Plaintiffs filed their complaint and filed notice that service on Bank of America was attained on July 10, 2014. On August 1, 2014, Plaintiffs were granted a default judgment and a final judgment was entered on August 21, 2014. Bank of America alleges it first became aware of the litigation on October 27, 2014, and filed the instant Motion to Vacate Default and Set Aside the Default Judgment on November 4, 2014. The delay in responding to the Coniglios' Complaint is not ideal, but has not prejudiced the Coniglios' ability to pursue their claims against Bank of America.

### B. Bank of America Cannot Show Good Cause or Excusable Neglect

Bank of America fails to articulate a reason why the neglect should be considered good cause or excusable neglect. The Supreme Court has held the excusable neglect "determination is

at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partn.*, 507 U.S. 380, 395 (1993). Here, Bank of America merely states the normal process for legal documents to be processed, but has failed to show any good cause for its failure to timely respond to the complaint.

### C. Bank of America Cannot Show a Meritorious Defense

Bank of America has not sufficiently alleged a meritorious defense to support relief from the judgment. Bank of America raises multiple arguments in support of its motion to vacate and set aside the default and default judgment. The Court will address each argument raised, but notes that each are without merit.

#### *1. Bank of America Alleges the Claim is Time-Barred by the Statute of Limitations*

Bank of America argues that it only made calls to the Coniglios between August 24, 2007, and September 25, 2009, and such calls are barred by the four-year statute of limitations. However, the Complaint alleges that the calls began on May 9, 2009 and the Plaintiffs' Affidavits in support of the Judgment attest that Bank of America made approximately ten (10) calls per month in the preceding four (4) years prior to filing the Complaint, which is within the statute of limitations. (Doc. 10, ¶15; Doc. 11, ¶15). This general denial of the allegations in the Complaint is insufficient to satisfy the burden of showing a meritorious defense. *Worldwide Web Systems, Inc.*, 328 F.3d at 1296 (a moving party cannot satisfy the burden of showing a meritorious defense by asserting a general denial).

#### *2. Bank of America alleges it did not use an automatic telephone dialing system*

Bank of America argues that the dialer it used did not fall within the definition of an "automatic telephone dialing system" ("ATDS") under the TCPA. Instead, Bank of America claims that the dialer used is "configured to make calls from a list of numbers and according to

certain rules." To the contrary, as Plaintiffs point out, the described dialer is indeed an ATDS under the TCPA because "a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers." 2008 TCPA Order 23 FCC Rcd. at 566, ¶12. According to the Federal Communications Commission ("FCC"), a predictive dialer is:

> [E]quipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order . . . [i]n most cases, telemarketers program the numbers to be called into the equipment, and the dialer calls them at rate to ensure that when a consumer answers the phone, a sales person is available to take the call.

2003 TCPA Order, 18 FCC Rcd. at 14091, ¶ 131 (emphasis added).

Thus, the dialing system admittedly used by Bank of America falls within the definition of an "automatic telephone dialing system" ("ATDS") under the TCPA and Bank of America's defense is without merit.

### 3. Bank of America alleges Nelson Coniglio consented to the calls to his cellular telephone

Bank of America claims that Nelson Coniglio consented to receiving calls on his cellular phone because he submitted the number with his loan application and in written correspondence. However, as Plaintiffs point out, those documents are from 2006, and on November 30, 2009, U.S. Loan Mitigation, LLC sent correspondence on behalf of the Plaintiffs to Bank of America demanding that it cease and desist any further communication to the Coniglios. Since this Complaint only addresses those calls received after the cease and desist letter, it can be inferred any consent to allow the cellular phone to be called had been withdrawn. Thus, Bank of America's attempted defense is without merit.

### 4. Bank of America argues it is not a debt collector under the FDCPA

Bank of America's alleged fourth "meritorious defense" that it is not a "debt collector" within the meaning of the FDCPA is also without merit. The Amended Default Judgment Motion only sought relief under the TCPA and FCCPA, and not the FDCPA. (Doc. 13 ¶13). Accordingly, the Default Judgment Order (Doc. 16) only granted relief under those statutes. Therefore, any defense as to the FDCPA claims is irrelevant.

### 5. Bank of America argues it is protected by the Bona Fide Error Defense

Bank of America argues that any violation of the FDCPA and FCCPA was not intentional, a bona fide error, and is thus excused under 15 U.S.C. § 1692k(c). However, in order to assert this defense Bank of America must show "by a preponderance of evidence that the violation was 1) not intentional; 2) resulted from a bona fide error; 3) notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." § 1692k(c). This Court has previously held that a debt collector asserting the bona fide error defense must explain the procedures used "along with the manner in which they were adapted to avoid the error. A conclusory declaration that the debt collector maintained procedures to avoid error is insufficient." *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1333 (M.D. Fla. 2010) (citations omitted). Here, Bank of America merely offers conclusory declarations regarding its procedures. Thus, Bank of America fails to show, by a preponderance of the evidence, that it adapted its policies and procedures in order to avoid such an error as occurred in this case. Further, Bank of America fails to offer any support for why its violation was not intentional. Thus, Bank of America's attempted defense is without merit.

### 6. Bank of America Argues Damages were Inflated

Bank of America argues the Plaintiffs have inflated the damages. Once again, this is a mere general denial of the allegations of the Plaintiffs and does not constitute a valid meritorious defense. *Worldwide Web Systems, Inc.*, 328 F.3d at 1296; *Solaroll Shade and Shutter Corp., Inc.*

*v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986) (holding that "a party must demonstrate a defense that probably would have been successful" and the movant "cannot satisfy this burden by asserting a general denial"). Bank of America refers to phone logs that purportedly show how many calls were made, yet, for some unknown reason, fails to attach any such logs to its motion or to its supporting affidavits. Further, Bank of America has failed to present any evidence that its defense would have been successful. Thus, this defense is a mere general denial and is without merit.

### 7. Bank of America argues extraordinary circumstances for relief under Rule 60(b)(6).

Bank of America fails to show any extraordinary circumstances that would entitle it to relief under Rule 60(b)(6). The Supreme Court has held, in the context of Bankruptcy Rule 9006, the phrase "any other reason that justifies relief" is a catchall basis for relief from judgment. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 393 (1991). Bankruptcy Rule 9006 contains exactly the same language as Rule 60(b)(6), and this Court has previously applied the Supreme Court's analysis in *Pioneer* to Rule 60(b)(6). *Lender v. Unum Life Ins. Co. of America, Inc.*, 519 F. Supp. 2d 1217 (M.D. Fla. 2007). Under the *Pioneer* analysis, to justify relief under Rule 60(b)(6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay. 507 U.S. at 393. Here, Bank of America has failed to show any "extraordinary circumstance" that might suggest that Bank of America was without fault in regard to its failure to timely file a response to the Complaint. Thus, this defense is without merit.

### 8. Bank of America Fails to Allege Facts Sufficient for Relief Under Rule 60(b)(3)

Bank of America asserts an alternative argument that the Judgment should be set aside because allegedly gross misrepresentations by the Plaintiffs constitute "fraud, misrepresentation, or misconduct by an opposing party" under Federal Rule of Civil Procedure 60(b)(3). Bank of

America reached this conclusion by claiming that only sixteen (16) calls were made to the Plaintiffs instead of the hundreds of calls asserted in the Complaint. Under Rule 60(b)(3), a movant must establish fraud by clear and convincing evidence and that such conduct prevented the losing party from fully and fairly presenting his case or defense. *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007).

No conduct by the Plaintiffs prevented Bank of America from presenting its case or defense, notwithstanding the fact that there is no evidence whatsoever to show fraud. Bank of America maintained the responsibility for responding to the Complaint, and its own errors contributed to its failure to do so, not any fraud or misrepresentation by the Plaintiffs. Therefore, the argument that the Judgment should be set aside pursuant to Rule 60(b)(3) is wholly without merit.

Thus, Bank of America's Motion to Set Aside the Default and Set Aside the Default Judgment must be DENIED.

### Motion to Modify the Default Judgment

Bank of America, in the alternative to the above motion, asks the Court to alter or amend the Final Judgment under Fed. R. Civ. Pro. 59(e). (Doc. 29). However, modifying a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Trucchio v. U.S.*, 2012 WL 5059036, at *2 (M.D. Fla. Oct. 17, 2012). "Generally, courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.*

Bank of America's sole argument is that there is a need to correct a "clear error or manifest injustice." In support of this, Bank of America attempts to point out alleged "glaring inconsistencies" in Plaintiff's affidavits. But this argument simply does not hold water. The

"inconsistencies" alleged by Bank of America are actually not inconsistencies at all when the Complaint and Plaintiff's affidavits are read as a whole. Plaintiff alleged in its complaint that Bank of America made phone calls to three separate numbers, multiple times a day, on back to back days, for a period of four years. (Doc. 1 ¶ 19). This does not contradict with the Plaintiff's affidavits that state they received approximately ten phone calls a month. (Doc. 10 ¶ 15; Doc. 11 ¶ 15). Thus, Bank of America's argument that there is a need to correct "clear error or manifest injustice" is simply without merit and must be DENIED. Accordingly, it is

**ORDERED** that Bank of America's Motion to Set Aside the Default and Vacate the Default Judgment (Doc. 24) and the Motion to Modify the Default Judgment (Doc. 28) are **DENIED.**

**ORDERED** in Chambers at Tampa, Florida on this _____ day of December, 2014

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record.

APPEAL, CLOSED

**U.S. District Court**
**Middle District of Florida (Tampa)**
**CIVIL DOCKET FOR CASE #: 8:14-cv-01628-EAK-MAP**
**Internal Use Only**

Coniglio et al v. Bank of America, N.A.
Assigned to: Judge Elizabeth A. Kovachevich
Referred to: Magistrate Judge Mark A. Pizzo
Cause: 15:0002(a) Fair Labor Standards Act

Date Filed: 07/02/2014
Date Terminated: 10/21/2014
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair
Standards
Jurisdiction: Federal Question

**Plaintiff**

**Nelson Coniglio**
*husband and wife*

represented by **David P. Mitchell**
Morgan & Morgan, PA
Suite 700
One Tampa City Center
Tampa, FL 33602
813/223-5505
Fax: 813/222-4797
Email: DMitchell@ForThePeople.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John A. Anthony**
Anthony & Partners, LLC
Suite 2800
201 N Franklin St
Tampa, FL 33602
813/273-5066
Fax: 813/221-4113
Email:
janthony@anthonyandpartners.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Megan Marlowe Greene**
Anthony & Partners, LLC
Suite 2800
201 N Franklin St
Tampa, FL 33602
813/273-5616
Email:
mgreene@anthonyandpartners.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Allison Doucette
Anthony & Partners, LLC
Suite 2800
201 N Franklin St
Tampa, FL 33602
813/273-5616
Fax: 813/221-4113
Email:
adoucette@anthonyandpartners.com
*ATTORNEY TO BE NOTICED*

William Peerce Howard
Morgan & Morgan, PA
7th Floor
201 N Franklin Street
Tampa, FL 33602
813-223-5505
Fax: 813-222-2402
Email: whoward@forthepeople.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joyce Coniglio**               represented by   **David P. Mitchell**
*husband and wife*                                (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **John A. Anthony**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Megan Marlowe Greene**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Allison Doucette**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **William Peerce Howard**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bank of America, N.A.**          represented by   **Andrew Kemp-Gerstel**
*a foreign corporation*                            Liebler, Gonzalez & Portuondo, PA

*formerly known as*
BAC Home Loans Servicing, LP

Suite 2500
44 W Flagler St
Miami, FL 33130-1808
305/379-0400
Fax: 305/379-9626
Email: akg@lgplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/02/2014 | 1 | COMPLAINT against Bank of America, N.A. with Jury Demand (Filing fee $ 400 receipt number TPA24369) filed by Nelson Coniglio, Joyce Coniglio. (Attachments: # 1 Civil Cover Sheet)(LD) (Entered: 07/02/2014) |
| 07/02/2014 | 2 | SUMMONS issued as to Bank of America, N.A.. (LD) (Entered: 07/02/2014) |
| 07/02/2014 | 3 | STANDING ORDER: Filing of documents that exceed twenty-five pages. Signed by Judge Elizabeth A. Kovachevich on 7/15/2008. (LD) (Entered: 07/02/2014) |
| 07/10/2014 | 4 | NOTICE of designation under Local Rule 3.05 - Track 2 (CLM) (Entered: 07/10/2014) |
| 07/14/2014 | 5 | RETURN of service {COPY} executed on 7/10/2014 by Nelson Coniglio, Joyce Coniglio as to Bank of America, N.A.. (Mitchell, David) NOTE: Executed ROC filed at Dkt.15. Modified on 8/19/2014 (LD). (Entered: 07/14/2014) |
| 08/01/2014 | 6 | MOTION for entry of clerk's default against Bank of America, N.A. by Nelson Coniglio, Joyce Coniglio. (Attachments: # 1 Exhibit A - Dkt. 5, # 2 Exhibit B - Affidavit of David Mitchell)(Mitchell, David) Motions referred to Magistrate Judge Mark A. Pizzo. (Entered: 08/01/2014) |
| 08/04/2014 | 7 | Clerk's ENTRY OF DEFAULT as to Bank of America, N.A. (LD) (Entered: 08/04/2014) |
| 08/15/2014 | 8 | MOTION for default judgment against Bank of America, N.A. by Nelson Coniglio, Joyce Coniglio. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mitchell, David) (Entered: 08/15/2014) |
| 08/17/2014 | 9 | TERMINATED. PROOF of service by Joyce Coniglio, Nelson Coniglio (Mitchell, David) NOTE: Incorrect event code, counsel notified. Modified on 8/18/2014 (LD). (Entered: 08/17/2014) |
| 08/18/2014 | 10 | AFFIDAVIT of Nelson Coniglio re: 13 Amended MOTION for default judgment against Bank of America, N.A by Joyce Coniglio, Nelson Coniglio. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mitchell, David) Modified on 8/18/2014 (LD). (Entered: 08/18/2014) |

| 08/18/2014 | 11 | AFFIDAVIT of Joyce Coniglio re: 13 Amended MOTION for default judgment against Bank of America, N.A by Joyce Coniglio, Nelson Coniglio. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mitchell, David) Modified on 8/18/2014 (LD). (Entered: 08/18/2014) |
|---|---|---|
| 08/18/2014 | 12 | AFFIDAVIT of Jason Anthony Coniglio re: 13 Amended MOTION for default judgment against Bank of America, N.A by Joyce Coniglio, Nelson Coniglio. (Attachments: # 1 Exhibit A)(Mitchell, David) Modified on 8/18/2014 (LD). (Entered: 08/18/2014) |
| 08/18/2014 | 13 | Amended MOTION for default judgment against Bank of America, N.A. by All Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Mitchell, David) (Entered: 08/18/2014) |
| 08/18/2014 | 14 | ENDORSED ORDER finding as moot 8 Motion for Default Judgment. Signed by Judge Elizabeth A. Kovachevich on 8/18/2014. (SN) (Entered: 08/18/2014) |
| 08/18/2014 | 15 | RETURN of service executed on 7/10/2014 by Nelson Coniglio, Joyce Coniglio as to Bank of America, N.A.. (Mitchell, David) Modified on 8/19/2014 (LD). (Entered: 08/18/2014) |
| 10/21/2014 | 16 | ORDER granting 13 Motion for Default Judgment. Plaintiffs shall have judgment against the Defendant in the amount of one-million fifty-one thousand dollars ($1,051,000), in addition to Plaintiffs' court costs and reasonable attorneys' fees. Ruling is reserved as to the amount of attorneys' fees and costs to be awarded to the Plaintiff pending presentation of evidence as to fees and costs. Counsel for the Plaintiffs shall submit, within thirty days of this order, a motion for attorneys' fees as well as any affidavits appropriate to support any claim for fees and/or costs. The Clerk of Court is directed to close this case. Signed by Judge Elizabeth A. Kovachevich on 10/21/2014. (SN) (Entered: 10/21/2014) |
| 10/21/2014 | 17 | NOTICE of Appearance by William Peerce Howard on behalf of Joyce Coniglio, Nelson Coniglio (Howard, William) (Entered: 10/21/2014) |
| 10/21/2014 | 18 | JUDGMENT in favor of Joyce Coniglio, Nelson Coniglio against Bank of America, N.A. (Signed by Deputy Clerk) (LD) (Entered: 10/21/2014) |
| 11/04/2014 | 19 | MOTION to stay re 18 Judgment by Bank of America, N.A.. (Kemp-Gerstel, Andrew) (Entered: 11/04/2014) |
| 11/05/2014 | 20 | NOTICE of Appearance by John A. Anthony on behalf of Joyce Coniglio, Nelson Coniglio (Anthony, John) (Entered: 11/05/2014) |
| 11/05/2014 | 21 | RESPONSE in Opposition re 19 MOTION to stay re 18 Judgment *and Related Memorandum of Law* filed by Joyce Coniglio, Nelson Coniglio. (Anthony, John) (Entered: 11/05/2014) |
| 11/05/2014 | 22 | MOTION to Vacate 16 Order on Motion for Default Judgment, 18 Judgment by Bank of America, N.A.. (Attachments: # 1 Exhibit Exhibits A through I)(Kemp-Gerstel, Andrew) (Entered: 11/05/2014) |

| 11/07/2014 | 23 | RESPONSE in Opposition re 22 MOTION to Vacate 16 Order on Motion for Default Judgment, 18 Judgment *and Related Memorandum of Law* filed by Joyce Coniglio, Nelson Coniglio. (Anthony, John) (Entered: 11/07/2014) |
|---|---|---|
| 11/10/2014 | 24 | Amended MOTION to Vacate 16 Order on Motion for Default Judgment, 18 Judgment by Bank of America, N.A.. (Attachments: # 1 Exhibit A through I)(Kemp-Gerstel, Andrew) (Entered: 11/10/2014) |
| 11/11/2014 | 25 | MOTION to Strike 24 Amended MOTION to Vacate 16 Order on Motion for Default Judgment, 18 Judgment by Joyce Coniglio, Nelson Coniglio. (Anthony, John) Motions referred to Magistrate Judge Mark A. Pizzo. (Entered: 11/11/2014) |
| 11/12/2014 | 26 | ENDORSED ORDER granting 19 motion to stay judgment pending resolution of the pending motion to vacate. If appeals are taken, a subsequent motion to stay may be filed. Signed by Judge Elizabeth A. Kovachevich on 11/12/2014. (SN) (Entered: 11/12/2014) |
| 11/12/2014 | 27 | ENDORSED ORDER granting in part and denying in part 25 Motion to Strike. The motion will not be stricken but the plaintiff shall have 5 days from this date to file a supplemental response. Signed by Judge Elizabeth A. Kovachevich on 11/12/2014. (SN) (Entered: 11/12/2014) |
| 11/17/2014 | 28 | RESPONSE to Motion re 24 Amended MOTION to Vacate 16 Order on Motion for Default Judgment, 18 Judgment *(Supplemental)* filed by Joyce Coniglio, Nelson Coniglio. (Greene, Megan) (Entered: 11/17/2014) |
| 11/18/2014 | 29 | First MOTION to Alter Judgment *or Amend Default Final Judgment and Incorporated Memorandum of Law* by Bank of America, N.A.. (Kemp-Gerstel, Andrew) (Entered: 11/18/2014) |
| 11/20/2014 | 30 | RESPONSE to Motion re 29 First MOTION to Alter Judgment *or Amend Default Final Judgment and Incorporated Memorandum of Law* filed by Joyce Coniglio, Nelson Coniglio. (Attachments: # 1 Exhibit A)(Anthony, John) (Entered: 11/20/2014) |
| 12/04/2014 | 31 | ORDER finding as moot 22 Motion to Vacate ; denying 24 Motion to Vacate ; denying 29 Motion to Alter Judgment. Signed by Judge Elizabeth A. Kovachevich on 12/4/2014. (SN) (Entered: 12/04/2014) |
| 12/08/2014 | 32 | MOTION for Writ of Execution by Joyce Coniglio, Nelson Coniglio. (Attachments: # 1 Exhibit A)(Anthony, John) Motions referred to Magistrate Judge Mark A. Pizzo. (Entered: 12/08/2014) |
| 12/09/2014 | 33 | NOTICE of *Co-Counsel* Appearance by Allison Doucette on behalf of Joyce Coniglio, Nelson Coniglio (Doucette, Allison) (Entered: 12/09/2014) |
| 12/09/2014 | 34 | Second MOTION to stay re 16 Order on Motion for Default Judgment, 18 Judgment by Bank of America, N.A.. (Kemp-Gerstel, Andrew) (Entered: 12/09/2014) |
| 12/11/2014 | 35 | RESPONSE in Opposition re 32 MOTION for Writ of Execution filed by |

| | | | |
|---|---|---|---|
| | | | Bank of America, N.A.. (Kemp-Gerstel, Andrew) (Entered: 12/11/2014) |
| 12/11/2014 | | 36 | MOTION to Amend/Correct 31 Order on Motion to VacateOrder on Motion to Alter Judgment by Bank of America, N.A.. (Kemp-Gerstel, Andrew) (Entered: 12/11/2014) |
| 12/12/2014 | | 37 | MOTION for Attorney Fees by Joyce Coniglio, Nelson Coniglio. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Anthony, John) (Entered: 12/12/2014) |
| 12/12/2014 | | 38 | RESPONSE to Motion re 34 Second MOTION to stay re 16 Order on Motion for Default Judgment, 18 Judgment filed by Joyce Coniglio, Nelson Coniglio. (Anthony, John) (Entered: 12/12/2014) |
| 12/16/2014 | | 39 | NOTICE by Bank of America, N.A. *Posting Copy of Bond* (Attachments: # 1 Exhibit A - Copy of Bond)(Kemp-Gerstel, Andrew) (Entered: 12/16/2014) |
| 12/17/2014 | | 40 | MOTION to Strike 39 Notice (Other) *of Posting Copy of Bond* by Joyce Coniglio, Nelson Coniglio. (Anthony, John) Motions referred to Magistrate Judge Mark A. Pizzo. (Entered: 12/17/2014) |
| 12/17/2014 | | 41 | RESPONSE to Motion re 36 MOTION to Amend/Correct 31 Order on Motion to VacateOrder on Motion to Alter Judgment *or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment* filed by Joyce Coniglio, Nelson Coniglio. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Anthony, John) (Entered: 12/17/2014) |
| 12/18/2014 | | 42 | AFFIDAVIT of Nicole Deese Newlon, Esquire re: 37 MOTION for Attorney Fees *IN SUPPORT OF* by Joyce Coniglio, Nelson Coniglio. (Landkammer, John) (Entered: 12/18/2014) |
| 12/23/2014 | | 43 | Joint MOTION for Attorney Fees *conditionally allowing an attorney fee award of $75,000* by Joyce Coniglio, Nelson Coniglio. (Anthony, John) (Entered: 12/23/2014) |
| 12/26/2014 | | 44 | NOTICE OF APPEAL as to 31 Order on Motion to VacateOrder on Motion to Alter Judgment, 18 Judgment by Bank of America, N.A.. Filing fee not paid. (Attachments: # 1 Exhibit Doc 18- Judgment in a Civil Case, # 2 Exhibit Doc 31- Order on Bank of America's Motion to Set Aside Default and Modify or Vacate the Default Judgment)(Kemp-Gerstel, Andrew) (Entered: 12/26/2014) |
| 12/26/2014 | | 45 | RESPONSE to Motion re 37 MOTION for Attorney Fees filed by Bank of America, N.A.. (Kemp-Gerstel, Andrew) (Entered: 12/26/2014) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

Plaintiff,

v.                                                    Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

Defendant.
_____/

## ORDER ON BANK OF AMERICA'S MOTION TO SET ASIDE
## DEFAULT AND MODIFY OR VACATE THE DEFAULT JUDGMENT

THIS CAUSE is before the Court on Defendant's, Bank of America, motion to vacate and

set aside default and default judgment (Doc. 24) and motion to modify the default judgment

(Doc. 29). Plaintiffs Nelson and Joyce Coniglio (the Coniglios) have timely responded to Bank

of America's motions (Doc. 29 and 30) and the Defendant, with the Court's permission, filed a

reply to the response to the motion to vacate. (Doc. 28).

### Facts and Procedure

The underlying cause of action in this case is a complaint filed by the Coniglios against

Bank of America for claims under the Telephone Consumer Protection Act ("TCPA"), the Fair

Debt Collections Practices Act ("FDCPA"), and the Florida Consumer Collection Practices Act

("FCCPA"). When Bank of America failed to timely respond to the Coniglios' complaint (Doc.

7), the Coniglios filed a Motion for Default (Doc. 8) and procured a $1,051,000.00 Default Final

Judgment on October 21, 2014. (Doc. 18). Bank of America now seeks to set aside the Default

and set aside or, in the alternative, modify the Default Final Judgment.

**Discussion**

**I. Motion to Vacate Default and Default Judgment**

Bank of America asks this Court, pursuant to Federal Rules of Civil Procedure Rule 55(c), to "set aside an entry of default for good cause" and to set aside the default judgment for "excusable neglect" under Rule 60(b)(1). For setting aside the default, "[g]ood cause is a mutable standard, varying from situation to situation." *Compania Interamericana Export–Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996). "For all practical purposes, good cause and excusable neglect are treated alike under the excusable neglect standard of FRCP 60(b)." *Id.* Consequently, for setting aside the default judgment, the movant must show a lack of prejudice, a meritorious defense, and a good reason for not responding to the complaint. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003).

**A. There would be no prejudice.**

The Court agrees with the Bank of America that setting aside the judgment would cause no unfair prejudice to the Coniglios. On July 2, 2014, Plaintiffs filed their complaint and filed notice that service on Bank of America was attained on July 10, 2014. On August 1, 2014, Plaintiffs were granted a default judgment and a final judgment was entered on August 21, 2014. Bank of America alleges it first became aware of the litigation on October 27, 2014, and filed the instant Motion to Vacate Default and Set Aside the Default Judgment on November 4, 2014. The delay in responding to the Coniglios' Complaint is not ideal, but has not prejudiced the Coniglios' ability to pursue their claims against Bank of America.

**B. Bank of America Cannot Show Good Cause or Excusable Neglect**

Bank of America fails to articulate a reason why the neglect should be considered good cause or excusable neglect. The Supreme Court has held the excusable neglect "determination is

at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partn.*, 507 U.S. 380, 395 (1993). Here, Bank of America merely states the normal process for legal documents to be processed, but has failed to show any good cause for its failure to timely respond to the complaint.

### C. Bank of America Cannot Show a Meritorious Defense

Bank of America has not sufficiently alleged a meritorious defense to support relief from the judgment. Bank of America raises multiple arguments in support of its motion to vacate and set aside the default and default judgment. The Court will address each argument raised, but notes that each are without merit.

#### *1. Bank of America Alleges the Claim is Time-Barred by the Statute of Limitations*

Bank of America argues that it only made calls to the Coniglios between August 24, 2007, and September 25, 2009, and such calls are barred by the four-year statute of limitations. However, the Complaint alleges that the calls began on May 9, 2009 and the Plaintiffs' Affidavits in support of the Judgment attest that Bank of America made approximately ten (10) calls per month in the preceding four (4) years prior to filing the Complaint, which is within the statute of limitations. (Doc. 10, ¶15; Doc. 11, ¶15). This general denial of the allegations in the Complaint is insufficient to satisfy the burden of showing a meritorious defense. *Worldwide Web Systems, Inc.*, 328 F.3d at 1296 (a moving party cannot satisfy the burden of showing a meritorious defense by asserting a general denial).

#### *2. Bank of America alleges it did not use an automatic telephone dialing system*

Bank of America argues that the dialer it used did not fall within the definition of an "automatic telephone dialing system" ("ATDS") under the TCPA. Instead, Bank of America claims that the dialer used is "configured to make calls from a list of numbers and according to

certain rules." To the contrary, as Plaintiffs point out, the described dialer is indeed an ATDS under the TCPA because "a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers." 2008 TCPA Order 23 FCC Rcd. at 566, ¶12. According to the Federal Communications Commission ("FCC"), a predictive dialer is:

> [E]quipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order . . . [i]n most cases, telemarketers program the numbers to be called into the equipment, and the dialer calls them at rate to ensure that when a consumer answers the phone, a sales person is available to take the call.

2003 TCPA Order, 18 FCC Rcd. at 14091, ¶ 131 (emphasis added).

Thus, the dialing system admittedly used by Bank of America falls within the definition of an "automatic telephone dialing system" ("ATDS") under the TCPA and Bank of America's defense is without merit.

### 3. Bank of America alleges Nelson Coniglio consented to the calls to his cellular telephone

Bank of America claims that Nelson Coniglio consented to receiving calls on his cellular phone because he submitted the number with his loan application and in written correspondence. However, as Plaintiffs point out, those documents are from 2006, and on November 30, 2009, U.S. Loan Mitigation, LLC sent correspondence on behalf of the Plaintiffs to Bank of America demanding that it cease and desist any further communication to the Coniglios. Since this Complaint only addresses those calls received after the cease and desist letter, it can be inferred any consent to allow the cellular phone to be called had been withdrawn. Thus, Bank of America's attempted defense is without merit.

### 4. Bank of America argues it is not a debt collector under the FDCPA

Bank of America's alleged fourth "meritorious defense" that it is not a "debt collector" within the meaning of the FDCPA is also without merit. The Amended Default Judgment Motion only sought relief under the TCPA and FCCPA, and not the FDCPA. (Doc. 13 ¶13). Accordingly, the Default Judgment Order (Doc. 16) only granted relief under those statutes. Therefore, any defense as to the FDCPA claims is irrelevant.

### 5. Bank of America argues it is protected by the Bona Fide Error Defense

Bank of America argues that any violation of the FDCPA and FCCPA was not intentional, a bona fide error, and is thus excused under 15 U.S.C. § 1692k(c). However, in order to assert this defense Bank of America must show "by a preponderance of evidence that the violation was 1) not intentional; 2) resulted from a bona fide error; 3) notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." § 1692k(c). This Court has previously held that a debt collector asserting the bona fide error defense must explain the procedures used "along with the manner in which they were adapted to avoid the error. A conclusory declaration that the debt collector maintained procedures to avoid error is insufficient." *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1333 (M.D. Fla. 2010) (citations omitted). Here, Bank of America merely offers conclusory declarations regarding its procedures. Thus, Bank of America fails to show, by a preponderance of the evidence, that it adapted its policies and procedures in order to avoid such an error as occurred in this case. Further, Bank of America fails to offer any support for why its violation was not intentional. Thus, Bank of America's attempted defense is without merit.

### 6. Bank of America Argues Damages were Inflated

Bank of America argues the Plaintiffs have inflated the damages. Once again, this is a mere general denial of the allegations of the Plaintiffs and does not constitute a valid meritorious defense. *Worldwide Web Systems, Inc.*, 328 F.3d at 1296; *Solaroll Shade and Shutter Corp., Inc.*

*v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986) (holding that "a party must demonstrate a defense that probably would have been successful" and the movant "cannot satisfy this burden by asserting a general denial"). Bank of America refers to phone logs that purportedly show how many calls were made, yet, for some unknown reason, fails to attach any such logs to its motion or to its supporting affidavits. Further, Bank of America has failed to present any evidence that its defense would have been successful. Thus, this defense is a mere general denial and is without merit.

### 7. Bank of America argues extraordinary circumstances for relief under Rule 60(b)(6).

Bank of America fails to show any extraordinary circumstances that would entitle it to relief under Rule 60(b)(6). The Supreme Court has held, in the context of Bankruptcy Rule 9006, the phrase "any other reason that justifies relief" is a catchall basis for relief from judgment. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 393 (1991). Bankruptcy Rule 9006 contains exactly the same language as Rule 60(b)(6), and this Court has previously applied the Supreme Court's analysis in *Pioneer* to Rule 60(b)(6). *Lender v. Unum Life Ins. Co. of America, Inc.*, 519 F. Supp. 2d 1217 (M.D. Fla. 2007). Under the *Pioneer* analysis, to justify relief under Rule 60(b)(6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay. 507 U.S. at 393. Here, Bank of America has failed to show any "extraordinary circumstance" that might suggest that Bank of America was without fault in regard to its failure to timely file a response to the Complaint. Thus, this defense is without merit.

### 8. Bank of America Fails to Allege Facts Sufficient for Relief Under Rule 60(b)(3)

Bank of America asserts an alternative argument that the Judgment should be set aside because allegedly gross misrepresentations by the Plaintiffs constitute "fraud, misrepresentation, or misconduct by an opposing party" under Federal Rule of Civil Procedure 60(b)(3). Bank of

America reached this conclusion by claiming that only sixteen (16) calls were made to the Plaintiffs instead of the hundreds of calls asserted in the Complaint. Under Rule 60(b)(3), a movant must establish fraud by clear and convincing evidence and that such conduct prevented the losing party from fully and fairly presenting his case or defense. *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007).

No conduct by the Plaintiffs prevented Bank of America from presenting its case or defense, notwithstanding the fact that there is no evidence whatsoever to show fraud. Bank of America maintained the responsibility for responding to the Complaint, and its own errors contributed to its failure to do so, not any fraud or misrepresentation by the Plaintiffs. Therefore, the argument that the Judgment should be set aside pursuant to Rule 60(b)(3) is wholly without merit.

Thus, Bank of America's Motion to Set Aside the Default and Set Aside the Default Judgment must be DENIED.

### Motion to Modify the Default Judgment

Bank of America, in the alternative to the above motion, asks the Court to alter or amend the Final Judgment under Fed. R. Civ. Pro. 59(e). (Doc. 29). However, modifying a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Trucchio v. U.S.*, 2012 WL 5059036, at *2 (M.D. Fla. Oct. 17, 2012). "Generally, courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.*

Bank of America's sole argument is that there is a need to correct a "clear error or manifest injustice." In support of this, Bank of America attempts to point out alleged "glaring inconsistencies" in Plaintiff's affidavits. But this argument simply does not hold water. The

"inconsistencies" alleged by Bank of America are actually not inconsistencies at all when the Complaint and Plaintiff's affidavits are read as a whole. Plaintiff alleged in its complaint that Bank of America made phone calls to three separate numbers, multiple times a day, on back to back days, for a period of four years. (Doc. 1 ¶ 19). This does not contradict with the Plaintiff's affidavits that state they received approximately ten phone calls a month. (Doc. 10 ¶ 15; Doc. 11 ¶ 15). Thus, Bank of America's argument that there is a need to correct "clear error or manifest injustice" is simply without merit and must be DENIED. Accordingly, it is

**ORDERED** that Bank of America's Motion to Set Aside the Default and Vacate the Default Judgment (Doc. 24) and the Motion to Modify the Default Judgment (Doc. 28) are **DENIED.**

**ORDERED** in Chambers at Tampa, Florida on this _____ day of December, 2014

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**NELSON CONIGLIO, husband and
wife and JOYCE CONIGLIO,
husband and wife,**

        **Plaintiffs,**

**v.**                                      **Case No:  8:14-cv-1628-T-17MAP**

**BANK OF AMERICA, N.A., a foreign
corporation,**

        **Defendant.**
_____

# JUDGMENT IN A CIVIL CASE

**Decision by Court.**   This action came before the Court and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED** that judgment is hereby entered for Plaintiffs and against Defendant in the amount of one-million fifty-one thousand dollars ($1,051,000), in addition to Plaintiffs' court costs and reasonable attorneys' fees.

                                     SHERYL L. LOESCH, CLERK

                                     s/<u>LDR, Deputy Clerk</u>

# CIVIL APPEALS JURISDICTION CHECKLIST

1.  **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)  **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b)  **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)  **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)  **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)  **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.  **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a)  **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)  **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)  **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)  **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)  **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).