UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON CONIGILIO, et al.,

     Plaintiffs,

vs.                                                    CASE NO. 8:14-CIV-1628-T-EAK-MAP

BANK OF AMERICA, etc.,

     Defendant.

                                     /

**ORDER ON MOTIONS**

     This cause is before the Court on the Plaintiff's motion for writ of execution (Doc. 32); Defendant's motion to stay execution of final judgment (Doc. 34) and response (Doc. 38); Plaintiffs' motion for award of attorneys' fee (Doc. 37) and response (Doc. 42); Defendant's motion to alter or amend order (Doc. 36) and response (Doc. 41); Plaintiffs' motion to strike bond copy filing (Doc. 40) and response (Doc. 47); and joint motion for conditional allowance of attorneys fee award (Doc. 43).  On October 21, 2014, the Court granted default judgment against the Defendant. The Court subsequently denied the Defendant's amended motion to vacate and motion to alter or amend default final judgment.  The Defendant filed its notice of appeal on Motion to Vacate Order on Motion to Alter Judgment on December 26, 2014.  Thereafter, the above listed motions were filed.

**DISCUSSION**

I. Motion to Alter or Amend and/or to Vacate and Set Aside Default and Default Final Judgment

The Defendant has filed its second motion asking this Court to overturn its decision at the time of the denial of the first motion of the same nature.  The Court has reviewed the record and finds no basis upon which it would do so.  The Court cites with approval the response in opposition to this motion and the motion will be denied.

II. Motion to Stay Execution of Final Judgment

The Defendant asks this Court to stay the execution and enforcement of the final judgment pending the appeal taken by Bank of America.  The Defendant further seeks this stay to be had without the posting of a bond  The Plaintiffs object and at the time of the objection no notice of appeal had been filed in the matter.  As of this date, the notice of appeal has been filed.   Having considered the issues and the arguments, the Court finds that the motion for stay of execution and enforcement of the default judgment should be granted.  The Court notes that the Defendant subsequent to the filing of the motion posted a notice of bond in the amount of $1,051,000.  The Court finds that bond to be sufficient and thus requires the posting of the bond, which has already been accomplished.

III. Motion for Attorney Fees

The Court would have denied this motion without leave to reassert, if appropriate, after the conclusion of the appeal in this case.  However, the parties have resolved the fee issue, see VI below.  Therefore, the Court finds this motion moot.

IV. Motion to Strike Bond Copy Filing

The Plaintiffs move to strike the "Notice of Posting Copy of Bond" (Doc. 39) from the record.  The Court finds no reason to strike the notice from the record as it has no adverse effect on the record and the Court is requiring the posting of the bond as noticed.

V. Motion for Writ of Execution

In light of the previous rulings in this order, the Motion for Writ of Execution is denied without prejudice to reassert, if appropriate, at the conclusion of the appeal.

VI. Joint Motion for Conditional Allowance of Attorney Fees

The parties jointly ask this Court to conditionally allow an attorney fee award of the $75,000.00.  The parties are in agreement as to the following

a. Parties Agreement Regarding Consensual Attorney Fee Award: Although the Parties might differ with respect to time and charges reflected in the Fee Motion and Expert Affidavit, or the amount of time and charges recorded by each of the Plaintiff Firms during the period between the Fee Motion Deadline and the Consensual Attorney Fee Award Deadline, the Parties are in agreement that the Consensual Attorney Fee Award is an appropriate award in light of the totality of the circumstances. The Parties believe that the record adequately reflects effort on behalf of the Plaintiff Firms to justify a $75,000 award in favor of the Plaintiffs for time and charges incurred by the Plaintiff Firms through the Consensual Attorney Fee Award Deadline, and the Parties join in requesting such a finding by this Court.

b. Attorneys' Fees and Costs Excluded: Because the Parties recognize that the Pending Matters remain open, the Anticipated Appeal has not operated to transfer jurisdiction to the Eleventh Circuit, and other matters may hereafter arise before this Court or at the Eleventh Circuit that in fairness require additional effort on the part of the Plaintiff Firms, the Parties agree that while the Consensual Attorney Fee Award is binding with respect to all fees and costs sought or that could be sought by the Plaintiffs and the Plaintiff Firms through the Consensual Attorney Fee Award Deadline, it is without prejudice to the

Plaintiffs' rights to seek additional compensation and reimbursement for any services rendered and costs incurred following the Consensual Attorney Fee Award Deadline, whether before this Court, before the Eleventh Circuit, or otherwise in the furtherance of the Plaintiff Firms' representations of the Plaintiffs.

c. Conditions of Payment: Notwithstanding the intent of the Parties that the Consensual Attorney Fee Award be final, and that an order upon consideration of this motion shall be deemed final and non-appealable, with all Parties waiving all rights of rehearing or appeal with respect to the foregoing, the Defendant's payment obligations shall be tied expressly to the Defendant's obligation to pay the underlying Judgment Amount. Specifically, it is noted that the Judgment is currently appealable, such that neither the Judgment Amount nor the Consensual Attorney Fee Award are currently due to be paid to the Plaintiffs. However, the Consensual Attorney Fee Award will be appropriately payable as part of the adjudicated liability as reflected in the Judgment if, inter alia, the Anticipated Appeal, and any further appeal therefrom, is adjudicated or otherwise resolved in favor of the Plaintiffs.

d. Continued Jurisdiction of this Court: The Parties agree that the stipulation with respect to the computation and payment terms of the Consensual Attorney Fee Award advances principles of judicial economy in a manner that also benefits the Parties in terms of speed, efficiency, economy, and predictability. However, the Parties also agree that the construction, application, and enforcement of the terms of an order embodying the Parties' agreement should remain within the firm jurisdiction of this Court.

The Court grants this joint motion. Accordingly, it is

**ORDERED** that Plaintiff's motion for writ of execution (Doc. 32) be denied without prejudice to refile if appropriate following the resolution of the appeal; Defendant's motion to stay execution of final judgment (Doc. 34) be **granted** and the Defendant be **directed** to post a bond as set out above; Plaintiffs' motion for award of attorneys' fee (Doc. 37) be **found moot** in light of the ruling on Document 43; Defendant's motion to alter or amend order (Doc. 36) be **denied** (Doc. 41); Plaintiffs' motion to strike bond copy filing (Doc. 40) be **denied**; and joint motion for conditional

allowance of attorneys fee award (Doc. 43) be **granted**.

Further, the Courts holds that the Plaintiffs shall recover from the Defendant the

Consensual Attorney Fee Award, in the sum of $75,000.00 to compensate and

reimburse all fees and costs incurred or that could have been incurred through the

Consensual Attorney Fee Award Deadline, December 19, 2014, pursuant to Fed. R.

Civ. P. 54(d); verifies the Parties' knowing and intelligent waiver of rehearing in

appellate rights, whatever they may be, with respect to the Consensual Attorney Fee

Award; conditions payment of the Consensual Attorney Fee Award upon the Judgment

becoming final and non-appealable in a manner consistent with the provisions above;

and confirms that the Consensual Attorney Fee Award is without prejudice to the

Plaintiffs' right to seek additional compensation and reimbursement for time and

charges after the Consensual Attorney Fee Award Deadline.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 20th day of

March, 2015.


ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record