# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Sam M. Gibbons U.S. Courthouse
801 North Florida Avenue
Tampa, FL 33602

Sheryl L. Loesch                                                    Mark Middlebrook
Clerk                                                    Tampa Division Manager

**DATE:** April 14, 2015

**TO:**    Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

NELSON CONIGLIO and JOYCE CONIGLIO,

      Plaintiffs,

v.                                                    Case No: 8:14-cv-1628-T-17MAP

BANK OF AMERICA, N.A.,

      Defendant.

---

## U.S.C.A. Case No.:

Enclosed are documents and information relating to an appeal in the above-referenced action.  Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Elizabeth A. Kovachevich, United States District Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.  If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was not entered orally.

- No hearing from which a transcript could be made.


SHERYL L. LOESCH, CLERK

By:     s/R. Korb, Deputy Clerk

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NELSON CONIGLIO and JOYCE        CASE NO.: 8:14-cv-01628-EAK-MAP
CONIGLIO, husband and wife,

        Plaintiffs,

v.

BANK OF AMERICA, N.A., a
foreign corporation, f/k/a BAC
HOME LOANS SERVICING, LP,

        Defendant.

_____/

## NOTICE OF APPEAL

Notice is hereby given that Defendant, BANK OF AMERICA, N.A., by and through its undersigned counsel, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Order entered on March 20, 2015, by the United States District Court for the Middle District of Florida, Honorable Elizabeth A. Kovachevich, denying Defendant's Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion

to Vacate and Set Aside Default and Default Final Judgment, and Incorporated Memorandum of Law [Doc. 49].

Respectfully submitted,

_/s/ Andrew Kemp-Gerstel_____
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
AKG@lgplaw.com
J. RANDOLPH LIEBLER
Florida Bar No. 507954
jrl@lgplaw.com
DORA F. KAUFMAN
Florida Bar No.: 771244
DFK@lgplaw.com
*Counsel for Bank of America, N.A.*
**Liebler, Gonzalez & Portuondo**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone:  (305) 379-0400
Fax:  (305) 379- 9626

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 13, 2015 I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

       _/s/ Andrew Kemp-Gerstel_
       ANDREW KEMP-GERSTEL
       Florida Bar No. 0044332
       AKG@lgplaw.com

Service List:

David P. Mitchell, Esq.
William P. Howard, Esq.
Morgan & Morgan, PA
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, FL 33602
dmitchell@forthepeople.com
whoward@forthepeople.com
wphpleadings@forthepeople.com

John A. Anthony, Esq.
John W. Landkammer, Esq.
Megan M. Greene, Esq.
Allison Doucette, Esq.
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida 33602
janthony@anthonyandpartners.com
jlandkammer@anthonyandpartners.com
mgreene@anthonyandpartners.com
adoucette@anthonyandpartners.com

Joseph R. Palmore, Esq.
Mar A. Hearron, Esq.
Morrison & Foerster, LLP
200 Pennsylvania Ave., Suite 6000
Washington, DC 20006
jpalmore@mofo.com
mhearron@mofo.com

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

NELSON CONIGILIO, et al.,

      Plaintiffs,

vs.                                        CASE NO. 8:14-CIV-1628-T-EAK-MAP

BANK OF AMERICA, etc.,

      Defendant.

_____/

## <u>ORDER ON MOTIONS</u>

This cause is before the Court on the Plaintiff's motion for writ of execution (Doc. 32); Defendant's motion to stay execution of final judgment (Doc. 34) and response (Doc. 38); Plaintiffs' motion for award of attorneys' fee (Doc. 37) and response (Doc. 42); Defendant's motion to alter or amend order (Doc. 36) and response (Doc. 41); Plaintiffs' motion to strike bond copy filing (Doc. 40) and response (Doc. 47); and joint motion for conditional allowance of attorneys fee award (Doc. 43). On October 21, 2014, the Court granted default judgment against the Defendant. The Court subsequently denied the Defendant's amended motion to vacate and motion to alter or amend default final judgment. The Defendant filed its notice of appeal on Motion to Vacate Order on Motion to Alter Judgment on December 26, 2014. Thereafter, the above listed motions were filed.

## DISCUSSION

I. Motion to Alter or Amend and/or to Vacate and Set Aside Default and Default Final Judgment

The Defendant has filed its second motion asking this Court to overturn its decision at the time of the denial of the first motion of the same nature. The Court has reviewed the record and finds no basis upon which it would do so. The Court cites with approval the response in opposition to this motion and the motion will be denied.

II. Motion to Stay Execution of Final Judgment

The Defendant asks this Court to stay the execution and enforcement of the final judgment pending the appeal taken by Bank of America. The Defendant further seeks this stay to be had without the posting of a bond  The Plaintiffs object and at the time of the objection no notice of appeal had been filed in the matter. As of this date, the notice of appeal has been filed.  Having considered the issues and the arguments, the Court finds that the motion for stay of execution and enforcement of the default judgment should be granted. The Court notes that the Defendant subsequent to the filing of the motion posted a notice of bond in the amount of $1,051,000. The Court finds that bond to be sufficient and thus requires the posting of the bond, which has already been accomplished.

III. Motion for Attorney Fees

The Court would have denied this motion without leave to reassert, if appropriate, after the conclusion of the appeal in this case. However, the parties have resolved the fee issue, see VI below. Therefore, the Court finds this motion moot.

IV. Motion to Strike Bond Copy Filing

The Plaintiffs move to strike the "Notice of Posting Copy of Bond" (Doc. 39) from the record. The Court finds no reason to strike the notice from the record as it has no adverse effect on the record and the Court is requiring the posting of the bond as noticed.

V. Motion for Writ of Execution

In light of the previous rulings in this order, the Motion for Writ of Execution is denied without prejudice to reassert, if appropriate, at the conclusion of the appeal.

VI. Joint Motion for Conditional Allowance of Attorney Fees

The parties jointly ask this Court to conditionally allow an attorney fee award of the $75,000.00. The parties are in agreement as to the following

a. Parties Agreement Regarding Consensual Attorney Fee Award: Although the Parties might differ with respect to time and charges reflected in the Fee Motion and Expert Affidavit, or the amount of time and charges recorded by each of the Plaintiff Firms during the period between the Fee Motion Deadline and the Consensual Attorney Fee Award Deadline, the Parties are in agreement that the Consensual Attorney Fee Award is an appropriate award in light of the totality of the circumstances. The Parties believe that the record adequately reflects effort on behalf of the Plaintiff Firms to justify a $75,000 award in favor of the Plaintiffs for time and charges incurred by the Plaintiff Firms through the Consensual Attorney Fee Award Deadline, and the Parties join in requesting such a finding by this Court.

b. Attorneys' Fees and Costs Excluded: Because the Parties recognize that the Pending Matters remain open, the Anticipated Appeal has not operated to transfer jurisdiction to the Eleventh Circuit, and other matters may hereafter arise before this Court or at the Eleventh Circuit that in fairness require additional effort on the part of the Plaintiff Firms, the Parties agree that while the Consensual Attorney Fee Award is binding with respect to all fees and costs sought or that could be sought by the Plaintiffs and the Plaintiff Firms through the Consensual Attorney Fee Award Deadline, it is without prejudice to the

Plaintiffs' rights to seek additional compensation and reimbursement for any services rendered and costs incurred following the Consensual Attorney Fee Award Deadline, whether before this Court, before the Eleventh Circuit, or otherwise in the furtherance of the Plaintiff Firms' representations of the Plaintiffs.

c. Conditions of Payment: Notwithstanding the intent of the Parties that the Consensual Attorney Fee Award be final, and that an order upon consideration of this motion shall be deemed final and non-appealable, with all Parties waiving all rights of rehearing or appeal with respect to the foregoing, the Defendant's payment obligations shall be tied expressly to the Defendant's obligation to pay the underlying Judgment Amount. Specifically, it is noted that the Judgment is currently appealable, such that neither the Judgment Amount nor the Consensual Attorney Fee Award are currently due to be paid to the Plaintiffs. However, the Consensual Attorney Fee Award will be appropriately payable as part of the adjudicated liability as reflected in the Judgment if, inter alia, the Anticipated Appeal, and any further appeal therefrom, is adjudicated or otherwise resolved in favor of the Plaintiffs.

d. Continued Jurisdiction of this Court: The Parties agree that the stipulation with respect to the computation and payment terms of the Consensual Attorney Fee Award advances principles of judicial economy in a manner that also benefits the Parties in terms of speed, efficiency, economy, and predictability. However, the Parties also agree that the construction, application, and enforcement of the terms of an order embodying the Parties' agreement should remain within the firm jurisdiction of this Court.

The Court grants this joint motion. Accordingly, it is

**ORDERED** that Plaintiff's motion for writ of execution (Doc. 32) be denied without prejudice to refile if appropriate following the resolution of the appeal;

Defendant's motion to stay execution of final judgment (Doc. 34) be **granted** and the Defendant be **directed** to post a bond as set out above; Plaintiffs' motion for award of attorneys' fee (Doc. 37) be **found moot** in light of the ruling on Document 43;

Defendant's motion to alter or amend order (Doc. 36) be **denied** (Doc. 41); Plaintiffs' motion to strike bond copy filing (Doc. 40) be **denied**; and joint motion for conditional

allowance of attorneys fee award (Doc. 43) be **granted**.

Further, the Courts holds that the Plaintiffs shall recover from the Defendant the Consensual Attorney Fee Award, in the sum of $75,000.00 to compensate and reimburse all fees and costs incurred or that could have been incurred through the Consensual Attorney Fee Award Deadline, December 19, 2014, pursuant to Fed. R. Civ. P. 54(d); verifies the Parties' knowing and intelligent waiver of rehearing in appellate rights, whatever they may be, with respect to the Consensual Attorney Fee Award; conditions payment of the Consensual Attorney Fee Award upon the Judgment becoming final and non-appealable in a manner consistent with the provisions above; and confirms that the Consensual Attorney Fee Award is without prejudice to the Plaintiffs' right to seek additional compensation and reimbursement for time and charges after the Consensual Attorney Fee Award Deadline.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 20th day of March, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record

APPEAL, CLOSED

# U.S. District Court
## Middle District of Florida (Tampa)
## CIVIL DOCKET FOR CASE #: 8:14-cv-01628-EAK-MAP

Coniglio et al v. Bank of America, N.A.
Assigned to: Judge Elizabeth A. Kovachevich
Referred to: Magistrate Judge Mark A. Pizzo
Case in other court: 11th Circuit, 14-15783-C
Cause: 15:0002(a) Fair Labor Standards Act

Date Filed: 07/02/2014
Date Terminated: 10/21/2014
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

**Plaintiff**

**Nelson Coniglio**
*husband and wife*

represented by **David P. Mitchell**
Morgan & Morgan, PA
7th Floor
201 N Franklin Street
Tampa, FL 33602
813/223-5505
Fax: 813/222-4797
Email: david@mitchellconsumerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John A. Anthony**
Anthony & Partners, LLC
Suite 2800
201 N Franklin St
Tampa, FL 33602
813/273-5066
Fax: 813/221-4113
Email: janthony@anthonyandpartners.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Megan Marlowe Greene**
Anthony & Partners, LLC
Suite 2800
201 N Franklin St
Tampa, FL 33602
813/273-5616
Email: mgreene@anthonyandpartners.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allison Doucette**
Anthony & Partners, LLC
Suite 2800
201 N Franklin St
Tampa, FL 33602
813/273-5616
Fax: 813/221-4113
Email:
adoucette@anthonyandpartners.com
*ATTORNEY TO BE NOTICED*

**William Peerce Howard**
Morgan & Morgan, PA
7th Floor
201 N Franklin Street
Tampa, FL 33602
813-223-5505
Fax: 813-222-2402
Email: whoward@forthepeople.com
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Joyce Coniglio**                    represented by  **David P. Mitchell**
*husband and wife*                                    (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **John A. Anthony**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Megan Marlowe Greene**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Allison Doucette**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **William Peerce Howard**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

V.

## Defendant

| | | |
|---|---|---|
| **Bank of America, N.A.** | represented by | **Andrew Kemp-Gerstel** |
| *a foreign corporation* | | Liebler, Gonzalez & Portuondo, PA |
| *formerly known as* | | Suite 2500 |
| BAC Home Loans Servicing, LP | | 44 W Flagler St |
| | | Miami, FL 33130-1808 |
| | | 305/379-0400 |
| | | Fax: 305/379-9626 |
| | | Email: akg@lgplaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/02/2014 | 1 | COMPLAINT against Bank of America, N.A. with Jury Demand (Filing fee $ 400 receipt number TPA24369) filed by Nelson Coniglio, Joyce Coniglio. (Attachments: # 1 Civil Cover Sheet)(LD) (Entered: 07/02/2014) |
| 07/02/2014 | 2 | SUMMONS issued as to Bank of America, N.A.. (LD) (Entered: 07/02/2014) |
| 07/02/2014 | 3 | STANDING ORDER: Filing of documents that exceed twenty-five pages. Signed by Judge Elizabeth A. Kovachevich on 7/15/2008. (LD) (Entered: 07/02/2014) |
| 07/10/2014 | 4 | NOTICE of designation under Local Rule 3.05 - Track 2 (CLM) (Entered: 07/10/2014) |
| 07/14/2014 | 5 | RETURN of service {COPY} executed on 7/10/2014 by Nelson Coniglio, Joyce Coniglio as to Bank of America, N.A.. (Mitchell, David) NOTE: Executed ROC filed at Dkt.15. Modified on 8/19/2014 (LD). (Entered: 07/14/2014) |
| 08/01/2014 | 6 | MOTION for entry of clerk's default against Bank of America, N.A. by Nelson Coniglio, Joyce Coniglio. (Attachments: # 1 Exhibit A - Dkt. 5, # 2 Exhibit B - Affidavit of David Mitchell)(Mitchell, David) Motions referred to Magistrate Judge Mark A. Pizzo. (Entered: 08/01/2014) |
| 08/04/2014 | 7 | Clerk's ENTRY OF DEFAULT as to Bank of America, N.A. (LD) (Entered: 08/04/2014) |
| 08/15/2014 | 8 | MOTION for default judgment against Bank of America, N.A. by Nelson Coniglio, Joyce Coniglio. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mitchell, David) (Entered: 08/15/2014) |
| 08/17/2014 | 9 | TERMINATED. PROOF of service by Joyce Coniglio, Nelson Coniglio (Mitchell, David) NOTE: Incorrect event code, counsel notified. Modified on 8/18/2014 (LD). (Entered: 08/17/2014) |
| 08/18/2014 | 10 | AFFIDAVIT of Nelson Coniglio re: 13 Amended MOTION for default judgment against Bank of America, N.A by Joyce Coniglio, Nelson Coniglio. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mitchell, David) Modified on 8/18/2014 (LD). (Entered: 08/18/2014) |

| | | |
|---|---|---|
| 08/18/2014 | 11 | AFFIDAVIT of Joyce Coniglio re: 13 Amended MOTION for default judgment against Bank of America, N.A by Joyce Coniglio, Nelson Coniglio. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Mitchell, David) Modified on 8/18/2014 (LD). (Entered: 08/18/2014) |
| 08/18/2014 | 12 | AFFIDAVIT of Jason Anthony Coniglio re: 13 Amended MOTION for default judgment against Bank of America, N.A by Joyce Coniglio, Nelson Coniglio. (Attachments: # 1 Exhibit A)(Mitchell, David) Modified on 8/18/2014 (LD). (Entered: 08/18/2014) |
| 08/18/2014 | 13 | Amended MOTION for default judgment against Bank of America, N.A. by All Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Mitchell, David) (Entered: 08/18/2014) |
| 08/18/2014 | 14 | ENDORSED ORDER finding as moot 8 Motion for Default Judgment. Signed by Judge Elizabeth A. Kovachevich on 8/18/2014. (SN) (Entered: 08/18/2014) |
| 08/18/2014 | 15 | RETURN of service executed on 7/10/2014 by Nelson Coniglio, Joyce Coniglio as to Bank of America, N.A.. (Mitchell, David) Modified on 8/19/2014 (LD). (Entered: 08/18/2014) |
| 10/21/2014 | 16 | ORDER granting 13 Motion for Default Judgment. Plaintiffs shall have judgment against the Defendant in the amount of one-million fifty-one thousand dollars ($1,051,000), in addition to Plaintiffs' court costs and reasonable attorneys' fees. Ruling is reserved as to the amount of attorneys' fees andcosts to be awarded to the Plaintiff pending presentation of evidence as to fees and costs. Counsel for the Plaintiffs shall submit, within thirty days of this order, a motion for attorneys' fees as well as any affidavits appropriate to support any claim for fees and/or costs. The Clerk ofCourt is directed to close this case. Signed by Judge Elizabeth A. Kovachevich on 10/21/2014. (SN) (Entered: 10/21/2014) |
| 10/21/2014 | 17 | NOTICE of Appearance by William Peerce Howard on behalf of Joyce Coniglio, Nelson Coniglio (Howard, William) (Entered: 10/21/2014) |
| 10/21/2014 | 18 | JUDGMENT in favor of Joyce Coniglio, Nelson Coniglio against Bank of America, N.A. (Signed by Deputy Clerk) (LD) (Entered: 10/21/2014) |
| 11/04/2014 | 19 | MOTION to stay re 18 Judgment by Bank of America, N.A.. (Kemp-Gerstel, Andrew) (Entered: 11/04/2014) |
| 11/05/2014 | 20 | NOTICE of Appearance by John A. Anthony on behalf of Joyce Coniglio, Nelson Coniglio (Anthony, John) (Entered: 11/05/2014) |
| 11/05/2014 | 21 | RESPONSE in Opposition re 19 MOTION to stay re 18 Judgment *and Related Memorandum of Law* filed by Joyce Coniglio, Nelson Coniglio. (Anthony, John) (Entered: 11/05/2014) |
| 11/05/2014 | 22 | MOTION to Vacate 16 Order on Motion for Default Judgment, 18 Judgment by Bank of America, N.A.. (Attachments: # 1 Exhibit Exhibits A through I)(Kemp-Gerstel, Andrew) (Entered: 11/05/2014) |

| 11/07/2014 | 23 | RESPONSE in Opposition re 22 MOTION to Vacate 16 Order on Motion for Default Judgment, 18 Judgment *and Related Memorandum of Law* filed by Joyce Coniglio, Nelson Coniglio. (Anthony, John) (Entered: 11/07/2014) |
| --- | --- | --- |
| 11/10/2014 | 24 | Amended MOTION to Vacate 16 Order on Motion for Default Judgment, 18 Judgment by Bank of America, N.A.. (Attachments: # 1 Exhibit A through I)(Kemp-Gerstel, Andrew) (Entered: 11/10/2014) |
| 11/11/2014 | 25 | MOTION to Strike 24 Amended MOTION to Vacate 16 Order on Motion for Default Judgment, 18 Judgment by Joyce Coniglio, Nelson Coniglio. (Anthony, John) Motions referred to Magistrate Judge Mark A. Pizzo. (Entered: 11/11/2014) |
| 11/12/2014 | 26 | ENDORSED ORDER granting 19 motion to stay judgment pending resolution of the pending motion to vacate. If appeals are taken, a subsequent motion to stay may be filed. Signed by Judge Elizabeth A. Kovachevich on 11/12/2014. (SN) (Entered: 11/12/2014) |
| 11/12/2014 | 27 | ENDORSED ORDER granting in part and denying in part 25 Motion to Strike. The motion will not be stricken but the plaintiff shall have 5 days from this date to file a supplemental response. Signed by Judge Elizabeth A. Kovachevich on 11/12/2014. (SN) (Entered: 11/12/2014) |
| 11/17/2014 | 28 | RESPONSE to Motion re 24 Amended MOTION to Vacate 16 Order on Motion for Default Judgment, 18 Judgment *(Supplemental)* filed by Joyce Coniglio, Nelson Coniglio. (Greene, Megan) (Entered: 11/17/2014) |
| 11/18/2014 | 29 | First MOTION to Alter Judgment *or Amend Default Final Judgment and Incorporated Memorandum of Law* by Bank of America, N.A.. (Kemp-Gerstel, Andrew) (Entered: 11/18/2014) |
| 11/20/2014 | 30 | RESPONSE to Motion re 29 First MOTION to Alter Judgment *or Amend Default Final Judgment and Incorporated Memorandum of Law* filed by Joyce Coniglio, Nelson Coniglio. (Attachments: # 1 Exhibit A)(Anthony, John) (Entered: 11/20/2014) |
| 12/04/2014 | 31 | ORDER finding as moot 22 Motion to Vacate ; denying 24 Motion to Vacate ; denying 29 Motion to Alter Judgment. Signed by Judge Elizabeth A. Kovachevich on 12/4/2014. (SN) (Entered: 12/04/2014) |
| 12/08/2014 | 32 | MOTION for Writ of Execution by Joyce Coniglio, Nelson Coniglio. (Attachments: # 1 Exhibit A)(Anthony, John) Motions referred to Magistrate Judge Mark A. Pizzo. (Entered: 12/08/2014) |
| 12/09/2014 | 33 | NOTICE of *Co-Counsel* Appearance by Allison Doucette on behalf of Joyce Coniglio, Nelson Coniglio (Doucette, Allison) (Entered: 12/09/2014) |
| 12/09/2014 | 34 | Second MOTION to stay re 16 Order on Motion for Default Judgment, 18 Judgment by Bank of America, N.A.. (Kemp-Gerstel, Andrew) (Entered: 12/09/2014) |
| 12/11/2014 | 35 | RESPONSE in Opposition re 32 MOTION for Writ of Execution filed by Bank of America, N.A.. (Kemp-Gerstel, Andrew) (Entered: 12/11/2014) |
| 12/11/2014 | 36 | MOTION to Amend/Correct 31 Order on Motion to VacateOrder on Motion to Alter Judgment by Bank of America, N.A.. (Kemp-Gerstel, Andrew) (Entered: 12/11/2014) |

| 12/12/2014 | 37 | MOTION for Attorney Fees by Joyce Coniglio, Nelson Coniglio. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Anthony, John) (Entered: 12/12/2014) |
|---|---|---|
| 12/12/2014 | 38 | RESPONSE to Motion re 34 Second MOTION to stay re 16 Order on Motion for Default Judgment, 18 Judgment filed by Joyce Coniglio, Nelson Coniglio. (Anthony, John) (Entered: 12/12/2014) |
| 12/16/2014 | 39 | NOTICE by Bank of America, N.A. *Posting Copy of Bond* (Attachments: # 1 Exhibit A - Copy of Bond)(Kemp-Gerstel, Andrew) (Entered: 12/16/2014) |
| 12/17/2014 | 40 | MOTION to Strike 39 Notice (Other) *of Posting Copy of Bond* by Joyce Coniglio, Nelson Coniglio. (Anthony, John) Motions referred to Magistrate Judge Mark A. Pizzo. (Entered: 12/17/2014) |
| 12/17/2014 | 41 | RESPONSE to Motion re 36 MOTION to Amend/Correct 31 Order on Motion to VacateOrder on Motion to Alter Judgment *or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment* filed by Joyce Coniglio, Nelson Coniglio. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Anthony, John) (Entered: 12/17/2014) |
| 12/18/2014 | 42 | AFFIDAVIT of Nicole Deese Newlon, Esquire re: 37 MOTION for Attorney Fees *IN SUPPORT OF* by Joyce Coniglio, Nelson Coniglio. (Landkammer, John) (Entered: 12/18/2014) |
| 12/23/2014 | 43 | Joint MOTION for Attorney Fees *conditionally allowing an attorney fee award of $75,000* by Joyce Coniglio, Nelson Coniglio. (Anthony, John) (Entered: 12/23/2014) |
| 12/26/2014 | 44 | NOTICE OF APPEAL as to 31 Order on Motion to VacateOrder on Motion to Alter Judgment, 18 Judgment by Bank of America, N.A.. Filing fee not paid. (Attachments: # 1 Exhibit Doc 18- Judgment in a Civil Case, # 2 Exhibit Doc 31- Order on Bank of America's Motion to Set Aside Default and Modify or Vacate the Default Judgment) (Kemp-Gerstel, Andrew) (Entered: 12/26/2014) |
| 12/26/2014 | 45 | RESPONSE to Motion re 37 MOTION for Attorney Fees filed by Bank of America, N.A.. (Kemp-Gerstel, Andrew) (Entered: 12/26/2014) |
| 12/29/2014 | 46 | TRANSMITTAL of initial appeal package to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 44 Notice of appeal. (LD) (Entered: 12/29/2014) |
| 12/29/2014 | | USCA appeal fees received $ 505 receipt number tpa27585 re 44 Notice of appeal filed by Bank of America, N.A. (ARC) (Entered: 12/29/2014) |
| 12/30/2014 | | TRANSMITTAL to USCA forwarding copy of appeal fees received $ 505 receipt number tpa27585 re 44 Notice of appeal (LD) (Entered: 12/30/2014) |
| 01/05/2015 | 47 | RESPONSE in Opposition re 40 MOTION to Strike 39 Notice (Other) *of Posting Copy of Bond* filed by Bank of America, N.A.. (Kemp-Gerstel, Andrew) (Entered: 01/05/2015) |
| 02/02/2015 | 48 | NOTICE by Joyce Coniglio, Nelson Coniglio *Morgan & Morgan's Notice of Charging Lien* (Howard, William) (Entered: 02/02/2015) |

| 03/20/2015 | 49 | ORDER granting 34 motion to stay; denying 36 motion to amend/correct; denying as moot 37 Motion for Attorney Fees; denying 40 Motion to Strike ; granting 43 Motion for Attorney Fees; denying without prejudice 32 Motion for Writ. See order for details. Signed by Judge Elizabeth A. Kovachevich on 3/20/2015. (SN) (Entered: 03/20/2015) |
| 03/27/2015 | 50 | Appeal BOND in the amount of $1,051,000.00 posted by Bank of America, N.A. (DMS) (Entered: 03/27/2015) |
| 04/13/2015 | 51 | NOTICE OF APPEAL as to 49 Order on motion to stayOrder on Motion to Amend/CorrectOrder on Motion for Attorney FeesOrder on Motion to StrikeOrder on Motion for Writ by Bank of America, N.A.. Filing fee not paid. (Attachments: # 1 Exhibit DE 49 - Order)(Kemp-Gerstel, Andrew) (Entered: 04/13/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/14/2015 13:29:49 | | | |
| PACER Login: | md6492:4264149:3956495 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 8:14-cv-01628-EAK-MAP |
| Billable Pages: | 5 | Cost: | 0.50 |

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NELSON CONIGILIO, et al.,

      Plaintiffs,

vs.                    CASE NO. 8:14-CIV-1628-T-EAK-MAP

BANK OF AMERICA, etc.,

      Defendant.

_____/

## <u>ORDER ON MOTIONS</u>

This cause is before the Court on the Plaintiff's motion for writ of execution (Doc. 32); Defendant's motion to stay execution of final judgment (Doc. 34) and response (Doc. 38); Plaintiffs' motion for award of attorneys' fee (Doc. 37) and response (Doc. 42); Defendant's motion to alter or amend order (Doc. 36) and response (Doc. 41); Plaintiffs' motion to strike bond copy filing (Doc. 40) and response (Doc. 47); and joint motion for conditional allowance of attorneys fee award (Doc. 43). On October 21, 2014, the Court granted default judgment against the Defendant. The Court subsequently denied the Defendant's amended motion to vacate and motion to alter or amend default final judgment. The Defendant filed its notice of appeal on Motion to Vacate Order on Motion to Alter Judgment on December 26, 2014. Thereafter, the above listed motions were filed.

## **DISCUSSION**

I. Motion to Alter or Amend and/or to Vacate and Set Aside Default and Default Final Judgment

The Defendant has filed its second motion asking this Court to overturn its decision at the time of the denial of the first motion of the same nature. The Court has reviewed the record and finds no basis upon which it would do so. The Court cites with approval the response in opposition to this motion and the motion will be denied.

II. Motion to Stay Execution of Final Judgment

The Defendant asks this Court to stay the execution and enforcement of the final judgment pending the appeal taken by Bank of America. The Defendant further seeks this stay to be had without the posting of a bond  The Plaintiffs object and at the time of the objection no notice of appeal had been filed in the matter. As of this date, the notice of appeal has been filed.  Having considered the issues and the arguments, the Court finds that the motion for stay of execution and enforcement of the default judgment should be granted. The Court notes that the Defendant subsequent to the filing of the motion posted a notice of bond in the amount of $1,051,000. The Court finds that bond to be sufficient and thus requires the posting of the bond, which has already been accomplished.

III. Motion for Attorney Fees

The Court would have denied this motion without leave to reassert, if appropriate, after the conclusion of the appeal in this case. However, the parties have resolved the fee issue, see VI below. Therefore, the Court finds this motion moot.

## IV. Motion to Strike Bond Copy Filing

The Plaintiffs move to strike the "Notice of Posting Copy of Bond" (Doc. 39) from the record. The Court finds no reason to strike the notice from the record as it has no adverse effect on the record and the Court is requiring the posting of the bond as noticed.

## V. Motion for Writ of Execution

In light of the previous rulings in this order, the Motion for Writ of Execution is denied without prejudice to reassert, if appropriate, at the conclusion of the appeal.

## VI. Joint Motion for Conditional Allowance of Attorney Fees

The parties jointly ask this Court to conditionally allow an attorney fee award of the $75,000.00. The parties are in agreement as to the following

> a. Parties Agreement Regarding Consensual Attorney Fee Award: Although the Parties might differ with respect to time and charges reflected in the Fee Motion and Expert Affidavit, or the amount of time and charges recorded by each of the Plaintiff Firms during the period between the Fee Motion Deadline and the Consensual Attorney Fee Award Deadline, the Parties are in agreement that the Consensual Attorney Fee Award is an appropriate award in light of the totality of the circumstances. The Parties believe that the record adequately reflects effort on behalf of the Plaintiff Firms to justify a $75,000 award in favor of the Plaintiffs for time and charges incurred by the Plaintiff Firms through the Consensual Attorney Fee Award Deadline, and the Parties join in requesting such a finding by this Court.

> b. Attorneys' Fees and Costs Excluded: Because the Parties recognize that the Pending Matters remain open, the Anticipated Appeal has not operated to transfer jurisdiction to the Eleventh Circuit, and other matters may hereafter arise before this Court or at the Eleventh Circuit that in fairness require additional effort on the part of the Plaintiff Firms, the Parties agree that while the Consensual Attorney Fee Award is binding with respect to all fees and costs sought or that could be sought by the Plaintiffs and the Plaintiff Firms through the Consensual Attorney Fee Award Deadline, it is without prejudice to the

Plaintiffs' rights to seek additional compensation and reimbursement for any services rendered and costs incurred following the Consensual Attorney Fee Award Deadline, whether before this Court, before the Eleventh Circuit, or otherwise in the furtherance of the Plaintiff Firms' representations of the Plaintiffs.

c. Conditions of Payment: Notwithstanding the intent of the Parties that the Consensual Attorney Fee Award be final, and that an order upon consideration of this motion shall be deemed final and non-appealable, with all Parties waiving all rights of rehearing or appeal with respect to the foregoing, the Defendant's payment obligations shall be tied expressly to the Defendant's obligation to pay the underlying Judgment Amount. Specifically, it is noted that the Judgment is currently appealable, such that neither the Judgment Amount nor the Consensual Attorney Fee Award are currently due to be paid to the Plaintiffs. However, the Consensual Attorney Fee Award will be appropriately payable as part of the adjudicated liability as reflected in the Judgment if, inter alia, the Anticipated Appeal, and any further appeal therefrom, is adjudicated or otherwise resolved in favor of the Plaintiffs.

d. Continued Jurisdiction of this Court: The Parties agree that the stipulation with respect to the computation and payment terms of the Consensual Attorney Fee Award advances principles of judicial economy in a manner that also benefits the Parties in terms of speed, efficiency, economy, and predictability. However, the Parties also agree that the construction, application, and enforcement of the terms of an order embodying the Parties' agreement should remain within the firm jurisdiction of this Court.

The Court grants this joint motion. Accordingly, it is

**ORDERED** that Plaintiff's motion for writ of execution (Doc. 32) be denied

without prejudice to refile if appropriate following the resolution of the appeal;

Defendant's motion to stay execution of final judgment (Doc. 34) be **granted** and the

Defendant be **directed** to post a bond as set out above; Plaintiffs' motion for award of

attorneys' fee (Doc. 37) be **found moot** in light of the ruling on Document 43;

Defendant's motion to alter or amend order (Doc. 36) be **denied** (Doc. 41); Plaintiffs'

motion to strike bond copy filing (Doc. 40) be **denied**; and joint motion for conditional

allowance of attorneys fee award (Doc. 43) be **granted**.

Further, the Courts holds that the Plaintiffs shall recover from the Defendant the

Consensual Attorney Fee Award, in the sum of $75,000.00 to compensate and

reimburse all fees and costs incurred or that could have been incurred through the

Consensual Attorney Fee Award Deadline, December 19, 2014, pursuant to Fed. R.

Civ. P. 54(d); verifies the Parties' knowing and intelligent waiver of rehearing in

appellate rights, whatever they may be, with respect to the Consensual Attorney Fee

Award; conditions payment of the Consensual Attorney Fee Award upon the Judgment

becoming final and non-appealable in a manner consistent with the provisions above;

and confirms that the Consensual Attorney Fee Award is without prejudice to the

Plaintiffs' right to seek additional compensation and reimbursement for time and

charges after the Consensual Attorney Fee Award Deadline.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 20th day of

March, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NELSON CONIGLIO and
JOYCE CONIGLIO, husband and wife,

        Plaintiff,                  CASE NO.: 8:14-cv-1628-T-17MAP

v.

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC HOME LOANS
SERVICING, LP,

        Defendant.

_____/

### BANK OF AMERICA, N.A.'S MOTION TO STAY EXECUTION OF FINAL JUDGMENT PENDING DISPOSITION OF RULE 59(E) MOTION TO ALTER OR AMEND ORDER ON AMENDED AND CORRECTED MOTION TO VACATE AND SET ASIDE DEFAULT AND DEFAULT FINAL JUDGMENT AND PENDING APPEAL, AND INCORPORATED MEMORANDUM OF LAW

Defendant, BANK OF AMERICA, N.A., ("Bank of America"), pursuant to section 91 of Title 12 of the United States Code and Federal Rule of Civil Procedure 62(d), files this Motion to Stay Execution of Final Judgment[1] Pending Disposition of Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment and Pending Appeal, and states:

### SUMMARY OF ARGUMENT

Bank of America seeks an order staying execution of the Final Judgment and any proceedings to enforce the Final Judgment pending disposition of a Rule 59(e) Motion to Alter or Amend Order on Amended Motion to Vacate and pending an appeal. Bank of America is automatically entitled to a stay as the National Bank Act prohibits a judgment creditor from executing a judgment against a national banking association until the judgment has become final. A judgment is not final until all appeals have been concluded. A stay of execution is also

---

[1] ECF No. 18.

appropriate under Federal Rule of Civil Procedure 62(b) and (d) pending a Rule 59(e) motion and appeal.

## STATEMENT OF FACTS

1.　　On July 2, 2014, Plaintiffs, NELSON CONIGLIO and JOYCE CONIGLIO (the "Coniglios") sued Bank of America, alleging that Bank of America violated: (1) the Telephone Consumer Protection Act[2] ("TCPA"); (2) the Fair Debt Collection Practices Act[3] ("FDCPA"); and the Florida Consumer Collection Practices Act[4] ("FCCPA"). [5]

2.　　On October 21, 2014, this Court entered an Order granting the Coniglios' Amended Motion for Default Judgment[6] and entered a $1,051,000 Final Judgment[7] in favor of the Coniglios—notwithstanding Bank of America's Call Logs establishing (1) that Coniglios received **zero calls** to their cellular telephones during the TCPA's four-year statute of limitations period, and (2) that only 16 calls were made to NELSON CONIGLIO's cellular telephone in total and no calls were made to JOYCE CONIGLIO's cellular telephone during the Call Log's entire history.

3.　　Immediately after learning of the Default Final Judgment and Final Judgment, Bank of America filed a Motion to Vacate and Set Aside Default and Default Final Judgment ("First Motion to Vacate").[8]

4.　　On November 10, 2014, Bank of America filed its Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment ("Amended Motion to

---

[2] 47 U.S.C. § 227.
[3] 15 U.S.C. § 1692.
[4] § 559.55, Fla. Stat.
[5] Compl., ¶ 2, ECF No. 1.
[6] ECF No. 16.
[7] ECF No. 18.
[8] ECF No. 22.

– 2 –

Vacate")[9] in which it attached the Call Logs that were inadvertently omitted due to a technical error during the uploading process to the CM/ECF Document Filing System.[10]

5.    On November 11, 2014, the Coniglios' filed a Motion to Strike the Amended Motion to Vacate.

6.    On November 12, 2014, this Court denied the Coniglios' Motion to Strike the Amended Motion to Vacate in part and granted said Motion in part: The Amended Motion to Vacate was not stricken and the Coniglios had 5 days to file a "supplemental response" to the Amended Motion to Vacate.[11]

7.    On December 4, 2014, this Court entered an Order denying Bank of America's Amended Motion to Vacate and Motion to Alter or Amend Default Final Judgment.[12]

<u>**MEMORANDUM OF LAW**</u>

**A. Bank of America is entitled to a stay of execution under the National Bank Act.**

The National Bank Act dictates that "***no*** attachment, injunction, or ***execution shall be issued*** against such [national banking association] or its property ***before final judgment*** in any suit, action, or proceeding, in any State, county, or municipal court."[13] The term "final judgment" within section 91 means a "judgment on the merits which is no longer subject to examination on appeal, either because of disposition on appeal and conclusion of the appellate process, or because of the passage, without action, of the time for seeking appellate review."[14]

---

[9] ECF No. 24 and 24-1.
[10] ECF No. 24.
[11] ECF No. 27.
[12] ECF No. 31.
[13] 12 U.S.C. § 91 (emphasis added).
[14] *United States v. Lemaire*, 826 F. 2d 387, 389 (5th Cir. 1987) (holding that under the National Bank Act, judgment against the bank could not be executed during pendency of the state court appeal); *accord In re Richmond Produce Co., Inc.*, 195 B.R. 455, 465–66 (N.D. Cal. 1996) (affirming the bankruptcy court's holding that "12 U.S.C. § 91 should be construed to preclude any pre- or post-judgment remedies directing to securing or satisfying a judgment against a national banking association until all appeals of the judgment have been concluded").

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

While section 91 only expressly refers to suits brought in state or municipal courts, it has been recognized that section 91 also applies to judgments of federal district courts.[15]

Here, Bank of America is a national banking association. As such, it is entitled to all of the protections afforded under section 91.[16] Those protections include a stay of execution of any judgment without the burden of having to post a bond.[17] Therefore, under section 91 of the National Bank Act, Bank of America is entitled to an order staying execution of the Final Judgment until any appeal becomes final, without posting a supersedeas bond.

## B. Bank of America is entitled to a stay of execution pursuant to Federal Rule of Civil Procedure 62(b) and (d).

Rule 62(b) permits a district court to stay execution of a judgment pending the disposition of certain post-trial motions, including a motion under Rule 59(e) to alter or amend a judgment. Rule 62(d) also permits a district court to stay execution of a judgment by supersedeas bond if an appeal is taken.

Further, "[w]hile a party may obtain a stay as a matter of right by posting a supersedeas bond, the Court may waive the bond requirement in its discretion."[18] A court may consider the following factors in determining whether to waive the bond requirement:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the

---

[15] *Id.* at 465 ("[T]he trustee's argument that section 91 does not apply to remedies in suits or proceedings in federal court is meritless. As the bankruptcy court recognized, the Supreme Court has explicitly held that the predecessor to section 91 was intended to apply to actions in federal as well as state courts.") (citation omitted).

[16] *Glad v. Thomas Cnty. Nat'l Bank*, No. 87-1299-C, 1991 WL 261712, *2 (D. Kan. Nov. 14, 1991).

[17] *Id.*; *accord State Bank & Trust Co. of Golden Meadow v. D.J. Griffin Boat*, 926 F.2d 449, 451 (5th Cir. 1991) (holding that section 91 permits a bank "to seek a stay of the lower court's judgment without having to post a supersedeas bond").

[18] *United States v. Fleming*, 114 A.F.T.R.2d 2014-6120, at *2 (M.D. Fla. 2014) citing *United States v. Dornbrock*, 101 A.F.T.R.2d 2008-2677, at *1 (S.D. Fla. 2008).

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

requirement to post a bond would place other creditors of the defendant in an insecure position.[19]

Here, granting the motion for stay without the requirement for posting any bond will not jeopardize the Coniglios' ability to collect on the Final Judgment.[20] Thus, Bank of America respectfully requests that this Court stay execution of the Final Judgment pending disposition of a Rule 59(e) Motion to Alter or Amend Order on Amended Motion to Vacate and pending an appeal, without requiring Bank of America to post a supersedeas bond.

If this Court disagrees and is inclined to order a bond as a condition for stay, Bank of America respectfully requests that this Court enter an order setting the amount of the bond, granting Bank of America adequate time to obtain and file the bond with the Court, and causing a temporary stay to remain in place until the bond is filed with the Court. Should this Court require a bond, Bank of America further advises that it is already in the process of securing a bond.

Certification as to Conferral under Local Rule 3.01(g): The undersigned counsel spoke with John Anthony, Esq., (Counsel for Plaintiffs), on December 9, 2014 and described the relief sought in this Motion. Plaintiff's counsel does not agree to the relief sought herein.

WHEREFORE, Bank of America, N.A., respectfully requests that this Court enter an order staying execution and enforcement of the Final Judgment pending disposition of a Rule 59(e) Motion to Alter or Amend Order on Amended Motion to Vacate and pending an appeal, and for further relief deemed just and proper under the circumstances.

---

[19] *Fleming*, 114 A.F.T.R.2d 2014-6120, at *3 (quotations omitted); *cf. Slip n' Slide Records, Inc. v. TVT Records, LLC*, No. 05-21113, 2007 WL 1098751, at *2 (S.D. Fla. Apr. 8, 2007) ("[I]f a court finds that the defendant's ability to satisfy its obligations, now or in the future, is uncertain then it is not appropriate to stay execution of a judgment under Rule 62(b).").

[20] *See, e.g., Fleming*, 114 A.F.T.R.2d 2014-6120; *Slip n' Slide Records, Inc.,* 2007 WL 1098751, at *2.

– 5 –

/s/ Andrew Kemp-Gerstel
J. RANDOLPH LIEBLER
Florida Bar No. 507954
JRL@lgplaw.com
DORA F. KAUFMAN
Florida Bar No.: 771244
DFK@lgplaw.com
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
AKG@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
*Attorneys for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 9th day of December, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Andrew Kemp-Gerstel
ANDREW KEMP-GERSTEL

David P. Mitchell, Esq.
Dmitchell@forthepeople.com
William P. Howard, Esq.
whoward@forthepeople.com
Morgan & Morgan, PA
One Tampa City Center
201 N. Franklin St., 7th FL
Tampa, FL 33602

John A. Anthony, Esquire
janthony@anthonyandpartners.com
John W. Landkammer, Esquire
jlandkammer@anthonyandpartners.com
Megan M. Greene, Esquire
mgreene@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida 33602

– 6 –

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NELSON CONIGLIO and
JOYCE CONIGLIO, husband and wife,

        Plaintiff,

v.

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC HOME LOANS
SERVICING, LP,

        Defendant.

_____/

CASE NO.: 8:14-cv-1628-T-17MAP

## BANK OF AMERICA, N.A.'S RULE 59(E) MOTION TO ALTER OR AMEND ORDER ON AMENDED AND CORRECTED MOTION TO VACATE AND SET ASIDE DEFAULT AND DEFAULT FINAL JUDGMENT, AND INCORPORATED MEMORANDUM OF LAW

Defendant, BANK OF AMERICA, N.A., ("Bank of America"), pursuant to Federal Rule of Civil Procedure 59(e), files this Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment, and states:

## SUMMARY OF ARGUMENT

This Court's December 4, 2014 Order on Bank of America's Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment ("Amended Motion to Vacate")[1] should be altered or amended considering, *inter alia*, that the Bank of America Call Logs, an essential part of the record (e.g., establishing that the Coniglios received no calls to their cellular telephones during the TCPA's statute of limitations period and only 16 calls altogether to the cellular number for Nelson Coniglio and none to Joyce Coniglio, instead of the 700 calls alleged in the Complaint), seem to have been inadvertently overlooked by the Court. The Call Logs were attached to Bank of America's Amended Motion to

---

[1] ECF No. 24 and 24-1.

Vacate; however, the Court appears to believe the Call Logs were not submitted, despite references in the Amended Motion to Vacate as to the Call Logs refuting the erroneous claims by the Coniglios regarding their alleged receipt of hundreds of collection calls to their cellular numbers.

## STATEMENT OF FACTS

1.      On July 2, 2014, Plaintiffs, NELSON CONIGLIO and JOYCE CONIGLIO (the "Coniglios") sued Bank of America, alleging that Bank of America violated: (1) the Telephone Consumer Protection Act[2] ("TCPA"); (2) the Fair Debt Collection Practices Act[3] ("FDCPA"); and the Florida Consumer Collection Practices Act[4] ("FCCPA"). [5]

2.      On October 21, 2014, this Court entered an Order granting the Coniglios' Amended Motion for Default Judgment[6] and entered a $1,051,000 Final Judgment[7] in favor of the Coniglios—notwithstanding Bank of America's Call Logs establishing (1) that the Coniglios received **zero calls** to their cellular telephones during the TCPA's four-year statute of limitations period, and (2) that only 16 calls were made to NELSON CONIGLIO's cellular telephone in total and that no calls were made to JOYCE CONIGLIO's cellular telephone during the Call Log's entire history.

3.      Immediately after learning of the Default Final Judgment and Final Judgment, Bank of America filed a Motion to Vacate and Set Aside Default and Default Final Judgment ("First Motion to Vacate").[8]

---

[2] 47 U.S.C. § 227.
[3] 15 U.S.C. § 1692.
[4] § 559.55, Fla. Stat.
[5] Compl., ¶ 2, ECF No. 1.
[6] ECF No. 16.
[7] ECF No. 18.
[8] ECF No. 22.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

4.     On November 10, 2014, Bank of America filed an Amended Motion to Vacate and attached the Call Logs that were inadvertently omitted from the First Motion to Vacate due to a technical error during the uploading process to the CM/ECF Document Filing System.[9]

5.     On November 11, 2014, the Coniglios filed a Motion to Strike the Amended Motion to Vacate.

6.     On November 12, 2014, this Court entered an order on the Coniglios' Motion to Strike the Amended Motion to Vacate and granted the Coniglios 5 days to file a "supplemental response" to the Amended Motion to Vacate.[10]

7.     On December 4, 2014, this Court entered an Order denying Bank of America's Amended Motion to Vacate and Motion to Alter or Amend Default Final Judgment.[11]

## MEMORANDUM OF LAW

### A. Legal Standard

A party may file a motion pursuant to Rule 59(e) "to alter or amend a judgment within 28 days after the entry of judgment."  Generally, a court will alter or amend a judgment only if there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice."[12]

### B. This Court must alter or amend the Order on Bank of America's Amended Motion to Vacate because the Court failed to consider Bank of America's Call Logs.

---

[9] ECF No. 24.
[10] ECF No. 27.
[11] ECF No. 31.
[12] Trucchio v. United States, No. 8:04-CR-348-T-24-TGW, 2012 WL 5059036, at *1-2 (M.D. Fla. Oct. 17, 2012), certificate of appealability granted, No. 8:04-CR-348-T-24-TGW, 2013 WL 136208 (M.D. Fla. Jan. 10, 2013) and aff'd, 553 F. App'x 862 (11th Cir. 2014) cert. denied, 135 S. Ct. 306 (2014) (citations omitted) (emphasis in original).

Bank of America's Call Logs were filed with the Court as an attachment to the Amended Motion to Vacate. However, based on language within the December 4, 2014 Order, it appears that the Call Logs were overlooked in the Court's analysis and conclusions.

More specifically, in the Order denying Bank of America's Amended Motion to Vacate and Motion to Alter or Amend Default Final Judgment,[13] there are several references that suggest the Court incorrectly relied on the First Motion to Vacate (which due to an inadvertent technical error did not attach the Call Logs), rather than the Amended Motion to Vacate (which included the Call Logs as an attachment to a supporting Affidavit of Declaration filed as an Exhibit to the Amended Motion to Vacate). For example, the Court states that Bank of America's argument that the Coniglios' TCPA claims are barred by the statute of limitations is a "general denial of the allegations in the Complaint [and] insufficient to satisfy the burden of showing a meritorious defense."[14] The Court also states that Bank of America's argument that the damages were inflated is a "mere denial of the allegations of the Plaintiffs and does not constitute a valid meritorious defense."[15] Most alarmingly, the Court states

> "Bank of America refers to phone logs that purportedly show calls were made, yet, for some unknown reason, <u>fails to attach logs to its motion or to its supporting affidavits.</u> Further, Bank of America has failed to present any evidence that its defense would have been successful. Thus, this defense is a mere general denial and is without merit."[16] (emphasis supplied)

Altogether, the language in the December 14, 2014 Order is concerning because the Court suggests that it reviewed "Doc. 24", yet seemed to believe that Bank of America failed to attach the Call Logs. Therefore, it is respectfully requested that this Court alter or amend the Order on Bank of America's Motion to Vacate to correct the clear error of not considering Bank

---

[13] ECF No. 31.
[14] <u>Id.</u>
[15] <u>Id.</u>
[16] <u>Id.</u>

of America's Call Logs, an essential part of the record. Failure to consider the Call Logs when ruling on the Amended Motion to Vacate would result in a manifest injustice of allowing the Coniglios to obtain a windfall judgment of $1,051,000.00, even though Bank of America did not call either of the Coniglios' cellular telephones during the applicable TCPA statute of limitations, and the Court has determined that the Coniglios have not been prejudiced by Bank of America's delay in responding to the pleadings.

Certification as to Conferral under Local Rule 3.01(g): On December 9, 2014, the undersigned spoke with John Anthony, Esq., counsel for Plaintiffs, regarding this Motion. Plaintiffs' counsel does not agree to the relief sought herein.

WHEREFORE, Bank of America, N.A., respectfully requests that this Court alter or amend its Order on Bank of America's Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment after fully reviewing the record, including Bank of America's Call Logs.

/s/ Andrew Kemp-Gerstel
J. RANDOLPH LIEBLER
Florida Bar No. 507954
JRL@lgplaw.com
DORA F. KAUFMAN
Florida Bar No.: 771244
DFK@lgplaw.com
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
AKG@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
*Attorneys for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 11th day of December, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the

foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Andrew Kemp-Gerstel

ANDREW KEMP-GERSTEL

David P. Mitchell, Esq.
Dmitchell@forthepeople.com
William P. Howard, Esq.
whoward@forthepeople.com
Morgan & Morgan, PA
One Tampa City Center
201 N. Franklin St., 7th FL
Tampa, FL 33602

John A. Anthony, Esquire
janthony@anthonyandpartners.com
John W. Landkammer, Esquire
jlandkammer@anthonyandpartners.com
Megan M. Greene, Esquire
mgreene@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida 33602

– 6 –

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

       Plaintiff,

v.                                 Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

       Defendant.

_____/

**PLAINTIFF'S MOTION FOR AWARD OF**
**ATTORNEYS' FEES AGAINST DEFENDANT**
**(and Incorporated Memorandum of Law)**

       Pursuant to Federal Rule of Civil Procedure 54(d) Local Rule 4.18, and other applicable

law, Nelson Coniglio and Joyce Coniglio (together, the "Plaintiffs"), hereby move on the

following grounds for the order of this Court awarding a recovery of attorneys' fees in their favor

and against Bank of America, N.A., a foreign corporation, f/k/a BAC Home Loans Servicing (the

"Defendant"):

**A.     Procedural History**

       1.      On July 2, 2014, the Plaintiffs initiated this Action by filing a "Complaint and

Demand for Jury Trial" (the "Complaint") (Dkt. 1) seeking relief as against the Defendant for

violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq. (the

"TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), and

the Florida Consumer Collection Practices Act, §§ 559.55, et seq., Florida Statutes (the

"FCCPA").

2.     On August 15, 2014, and after receiving a Clerk's default against the Defendant (the "Default") (Dkt. 7), the Plaintiffs filed their motion for default judgment against the Defendant ("Default Judgment Motion") (Dkt. 8) as to the TCPA and FCCPA counts of the Complaint.  The Default Judgment Motion included a series of affidavits that together support all the relief requested therein under Federal Rule of Civil Procedure 55(b).  On August 18, 2014, the Default Judgment Motion was supplemented and supported by the affidavits of the Plaintiffs, and Jason Anthony Coniglio (Dkt. 10, 11, 12, and 13).

3.     On October 21, 2014, this Court entered its "Order" (the "Default Judgment Order") (Dkt. 16), granting the Default Judgment Motion under Federal Rule of Civil Procedure 55(b).  Also on October 21, 2014, the Clerk entered a "Judgment in a Civil Case" (the "Judgment") (Dkt. 18), in favor of the Plaintiffs and against the Defendant, for damages in the amount of $1,051,000, reserving jurisdiction on the matter of court costs and attorneys' fees, and providing counsel for the Plaintiffs thirty (30) days to file a motion for attorneys' fees, as well as any affidavits to support such a claim.

4.     On November 4, 2014, the Defendant filed its "Bank of America, N.A.'s Motion to Stay Execution of Final Default Judgment Pending Disposition of Motion to Vacate and Set Aside Default and Default Judgment and Incorporated Memorandum of Law" (the "First Stay Motion") (Dkt. 19).

5.     On November 5, 2014, the Plaintiffs filed "Plaintiffs' Response in Opposition to Defendant's Stay of Execution Motion and Related Memorandum of Law" (Dkt. 20).

6.     On November 5, 2014, the Defendant filed "Bank of America N.A.'s Motion to Vacate and Set Aside Default and Default Final Judgment and Incorporated Memorandum of

Law" (the "Original Motion to Vacate") (Dkt. 22) that sought to vacate the Default and relief from the Judgment pursuant to Federal Rules of Civil Procedure 55 and 60(b).

7.     On November 7, 2014, the Plaintiffs filed "Plaintiffs' Response in Opposition to Relief from Judgment Motion and Related Memorandum of Law" (the "Initial Response") (Dkt. 23).

8.     On November 10, 2014, without first obtaining leave from the Court, the Defendant filed "Bank of America N.A.'s Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment and Incorporated Memorandum of Law" (the "Amended Motion to Vacate") (Dkt. 24).

9.     On November 11, 2014, the Plaintiffs filed "Plaintiffs' Motion to Strike Defendant's Amended and Corrected Motion to Vacate and Set Aside Default and Default Judgment, or Alternatively, for Leave to File Supplemental Response, and Incorporated Memorandum of Law" (the "Motion to Strike") (Dkt. 25).

10.    On November 12, 2014, the Court entered an order allowing the Plaintiffs to file a supplemental response to the Amended Motion to Vacate (the "Order Authorizing Second Response") (Dkt. 27).  Also on November 12, 2014, the Court entered its "Endorsed Order" granting the First Stay Motion "pending resolution of the pending motion to vacate" (the "Order Granting Stay") (Dkt. 26).  The Order Granting Stay further provided that if appeals are taken, then a subsequent motion to stay may be filed.

11.    On November 17, 2014, the Plaintiffs filed a supplemental response to the Amended Motion to Vacate (the "Second Response") (Dkt. 28), as authorized pursuant to the Order Authorizing Second Response, and as requested in the Motion to Strike.

12.     On November 18, 2014, the Defendant filed its "Bank of America N.A.'s Motion to Alter or Amend Default Final Judgment and Incorporated Memorandum of Law" (the "Motion to Amend the Judgment") (Dkt. 29) in the event that this Court denied the Amended Motion to Vacate.

13.     On December 4, 2014, this Court entered its "Order on Bank of America's Motion to Set Aside Default and Modify or Vacate the Default Judgment" (the "Order Denying Post-Judgment Relief") (Dkt. 31), denying all of the relief requested in the Defendant's Amended Motion to Vacate and the Motion to Amend the Judgment, in a manner consistent with the Initial Response and Second Response. Apart from appellate rights, whatever they might be, it was believed that the Order Denying Post-Judgment Relief had fully adjudicated the merits before this Court.

14.     On December 8, 2014, the Plaintiffs filed "Plaintiffs' Motion for Issuance of Original Writs of Execution and Incorporated Memorandum of Law" (Dkt. 32), which is still pending before this Court. The Plaintiffs are presently prepared to execute on the Judgment.

15.     On December 9, 2014, the Defendant filed "Bank of America, N.A.'s Motion to Stay Execution of Final Judgment Pending Disposition of Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment and Pending Appeal and Incorporated Memorandum of Law" (the "Second Stay Motion") (Dkt. 34), which seeks an order staying execution and enforcement of the Judgment pending yet another motion to alter or amend the Order Denying Postjudgment Relief and/or a potential appeal by the Defendant to the United States Court of Appeals for the Eleventh Circuit (the "Anticipated Appeal").

16.     On December 11, 2014, the Defendant filed "Bank of America, N.A.'s Response in Opposition to Plaintiffs' Motion for Issuance of Original Writs of Execution" (Dkt. 35).

17.     On December 11, 2014, the Defendant filed "Bank of America, N.A.'s Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment, and Incorporated Memorandum of Law" (Dkt. 36).

## B.     Allegations Relating to Relief Requested

18.     In the Default Judgment Order, the Court stated that the "Plaintiff shall have judgment against the Defendant in the amount of one-million fifty-one thousand dollars ($1,051,000), in addition to Plaintiffs' court costs and reasonable attorneys' fees. Ruling is reserved as to the amount of attorneys' fees and costs to be awarded to the Plaintiff pending presentation of evidence as to fees and costs."

19.     Morgan & Morgan, P.A. ("Morgan & Morgan") was retained as counsel for the Plaintiffs to seek the relief requested in the Complaint.

20.     Anthony & Partners, LLC (the "Anthony & Partners") was retained on or about October 21, 2014 as co-counsel to assist in the post-judgment litigation and collection efforts related to the Judgment entered against the Defendant.   Morgan & Morgan and Anthony & Partners are collectively referred to herein as the "Firms."

21.     From February 10, 2014 through December 10, 2014, the Plaintiffs have paid or have become obligation to pay Morgan & Morgan $17,325.00 as actual and reasonable fees for its services rendered in this litigation.

22.     From October 21, 2014 through December 5, 2014, the Plaintiffs have paid or have become obligated to pay Anthony & Partners $44,332.00 as actual and reasonable fees for its services rendered in this litigation.

23.     The actual and reasonable attorneys' fees can be verified by reference to the periodic invoices generated by the Firms in connection with this representation.  A copy of Morgan & Morgan's invoice is attached hereto as Exhibit "A," and a copy of Anthony & Partners invoice is attached hereto as Exhibit "B."  Based upon the foregoing, the Plaintiffs will have paid (or become obligated to pay) the Firms fees in the amount of $61,657.00 through December 10, 2014.[1]

24.     Pursuant to Local Rule 3.01(g), the Plaintiffs' undersigned counsel attempted to confer in good faith with counsel for the Defendant on December 9, 2014 in connection with the relief requested herein; however counsel for the Defendant could not provide a definitive response at that time, and has yet to do so as of the filing of this motion.  The Plaintiffs are requesting a "Meet and Confer" as to any objections that the Defendant may have with respect to the fees requested herein in advance of the Defendant's deadline to file their formal response.  Accordingly, the Plaintiffs' undersigned counsel contends that it has satisfied its obligation pursuant to Local Rule 3.01(g) in these regards.

### C.      Memorandum of Law

#### a.      Governing Statutes

25.     The relief requested herein is governed procedurally by Federal Rule of Civil Procedure 54(d), that provides in pertinent part as follows:

> (1)  Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provided otherwise, costs-other than attorney's fees-should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.
>
> (2)  Attorney's Fees.

---

[1] The Plaintiffs reserve the right to supplement, correct, or amend these amounts if required to address objections raised by the Defendant or otherwise.

(A)  Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B)  Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:

   i.  Be filed no later than 14 days after the entry of judgment;

   ii.  Specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

   iii.  State the amount sought or provide a fair estimate of it; and

   iv.  Disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

26.  The Plaintiffs' substantive entitlement to a recovery of attorneys' fees is impacted not only by federal law outlined above, but also pursuant to <u>Florida</u> <u>Statutes</u>, § 559.77(2), that provide in relevant part as follows:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.
> . . .

The Plaintiffs have timely filed this request as required by Federal Rule of Civil Procedure 54(d)(2) given that the Motion to Amend the Judgment filed pursuant to Federal Rule of Civil Procedure 59(e) tolled the finality of the Judgment pending resolution of the same.  <u>See Galdames v. N & D Inv. Corp.</u>, 432 Fed. Appx. 801, 805 (11th Cir. 2011) (judgments do not become final for purposes of an attorneys' fees motion until certain post-judgment motions, such as motions pursuant to Rule 59, are adjudicated); <u>Members First Fed. Credit Union v. Members First Fed. Credit Union of Florida</u>, 244 F.3d 806, 807 (11th Cir. 2001).

**b.**    **<u>Reasonableness of Attorneys' Fees and Costs</u>**

2.  Pursuant to Florida law, in computing an attorney fee award, the trial judge should: (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and,

when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims. Freedom Sav. & Loan Ass'n v. Biltmore Const. Co., Inc., 510 So. 2d 1141, 1142 (Fla. 2d DCA 1987). This approach mirrors the federal lodestar approach for computing reasonable attorney's fees as further elaborated in Florida Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1146 (Fla. 1985) (holding modified by Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828 (Fla. 1990) and Norman v. The Housing Authority of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988)). In the instant case, the average hourly rate of the attorneys from the Firms engaged in this litigation on behalf of the Plaintiffs was approximately $300.00. From the Morgan & Morgan firm, David Mitchell billed this matter at a rate of $375.00 hourly. From the Anthony & Partners firm, this matter was billed at the following hourly rates: (a) John A. Anthony at a rate of $450.00; (b) John Landkammer at a rate of $275.00; (c) Allison Doucette at a rate of $220.00; and (d) Megan Greene at a rate of $180.00. These fees are customary in the Tampa Bay metropolitan area for prosecution of commercial litigation or are lower than market rate. The rates are manifestly reasonable given the legal skill and experience of each practitioner listed above. The Firms anticipate promptly filing an affidavit of reasonableness as to attorneys' fees once the fee expert retained has completed her review.

### D.    Conclusion

3.    For the reasons set forth herein, it is apparent that the Plaintiffs are entitled under the provisions of Florida Statutes §§ 559.77(2) to an award of reasonable attorneys' fees as prevailing party in this litigation. The Default Judgment Order and the Judgment expressly contemplate an award of attorneys' fees in favor of the Plaintiffs, and the Plaintiffs' request comports procedurally with Federal Rule of Civil Procedure 54(d) and Local Rule 4.18(a). Thus,

the Plaintiffs are entitled to an award of attorneys; fees in the amount of $61,657.00 through December 10, 2014, which are actual and reasonable sums.  Additionally, the Plaintiffs will become obligated for attorneys' fees incurred in connection with any further post-judgment activities of counsel and reserve all rights with respect to the same.

WHEREFORE, the Plaintiffs hereby move for the entry of an order awarding the Plaintiffs their attorneys' fees as set forth above, and granting such other and further relief as the Court determines necessary and appropriate in the circumstances.

/s/ David P. Mitchell
**DAVID P. MITCHELL, ESQUIRE**
Florida Bar Number:  067249
**WILLIAM PEERCE HOWARD, ESQUIRE**
Florida Bar Number:  103330
Morgan & Morgan, P.A.
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  0731013
**JOHN W. LANDKAMMER, ESQUIRE**
Florida Bar Number: 0675547
**MEGAN M. GREENE, ESQUIRE**
Florida Bar Number: 0102739
**ALLISON C. DOUCETTE, ESQUIRE**
Florida Bar Number: 0085577
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida  33602
Telephone:(813)273-5616
Telecopier: (813) 221-4113

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2014, a true and correct copy of the foregoing has been furnished via CM/ECF to all counsel of record.

/s/ John A. Anthony
**ATTORNEY**

# Time Sheet

12/12/2014

Coniglio, Nelson vs. Bank of America, N.A.

Date Range: All

Status: Pending/Released/Transfered/Exception

| Date | Attorney | Hrs | Recorder | Timekeep | Amount |
|------|----------|-----|----------|----------|--------|
| 02/10/2014 | DM | 2.50 | DM | DM | $937.50 |
| | | | | Review documents from client, including mortgage documents, letters from BOA, letters from U.S.Loan, notes from U.S. Loan, etc., in order to prepare complaint, | |
| 02/27/2014 | DM | .30 | VM | VM | $112.50 |
| | | | | Preparation of update to pleadings index. | |
| 03/04/2014 | DM | .30 | VM | VM | $112.50 |
| | | | | Review File and update party information. | |
| 03/12/2014 | DM | .50 | DM | DM | $187.50 |
| | | | | Communicate with clients regarding discussions with BOA, facts adduced from materials provided, in preparation for drafting complaint | |
| 06/18/2014 | DM | 3.60 | DM | TMG | $1,350.00 |
| | | | | Begin drafting Complaint | |
| 06/26/2014 | DM | 2.10 | DM | TMG | $787.50 |
| | | | | extract and mark exhibits, edit and finalize drafting complaint | |
| 07/03/2014 | DM | .50 | VM | VM | $187.50 |
| | | | | Preparation of ltr to defendant re: spoliation | |
| 07/03/2014 | DM | .60 | VM | VM | $225.00 |
| | | | | Receipt & Review Pleading court confirmation of receipt of complaint package; receipt of standing order; issued summons and forward to process server for service; update index; file. | |
| 07/03/2014 | DM | .30 | VM | VM | $112.50 |
| | | | | Preparation of email to client requesting cell phone bills in order to prepare authorization for subpoena. | |
| 07/14/2014 | DM | .30 | VM | VM | $112.50 |
| | | | | Receipt & Review Pleading Dkt. #5_RETURN of service executed on 7-10-2014 by Nelson Coniglio, Joyce Coniglio as to Bank of America, N.A served 7/10/2014 @ 2:50 p.m.; update calendar; update index; e-file return; receipt of confirmation; file. 21 days after July 10, 2014 = Thursday, July 31, 2014 | |
| 07/17/2014 | DM | .10 | VM | VM | $37.50 |
| | | | | Receipt & Review Correspondence from client with signed authorizations | |
| 08/01/2014 | DM | 1.80 | DM | TMG | $675.00 |
| | | | | Draft motion for clerk's default and affidavit of david mitchell in support | |
| 08/01/2014 | DM | .50 | VM | VM | $187.50 |
| | | | | Preparation of draft motion for clerk's entry of default with exhibit. | |
| 08/01/2014 | DM | .70 | VM | VM | $262.50 |
| | | | | Preparation of finalization of motion for clerk's default; exhibits; e-filing; receipt of clerk's acknowledgment; update index/ file. | |
| 08/04/2014 | DM | 3.20 | DM | TMG | $1,200.00 |
| | | | | Legal research: whether court is required to conduct evidentiary hearing prior to entering default judgment where damages sought are liquidated statutory damages; whether damages under TCPA and FCCPA are considered liquidated damages; whether defaulted party admits well pleaded allegations regarding willfulness of conduct for purposes of statutory treble damages provisions, | |

# Time Sheet

12/12/2014

Coniglio, Nelson vs. Bank of America, N.A.
Date Range: All
Status: Pending/Released/Transfered/Exception

| Date | Attorney | Hrs | Recorder | Timekeep | Amount |
|------|----------|-----|----------|----------|--------|
| 08/04/2014 | DM | .50 | VM | VM | $187.50 |
| | | | | Receipt & Review Pleading Clerk's Default; draft default judgment motion. | |
| 08/12/2014 | DM | 7.20 | DM | TMG | $2,700.00 |
| | | | | Prepare motion for default judgment and memoradum of law | |
| 08/13/2014 | DM | .20 | VM | VM | $75.00 |
| | | | | Receipt & Review Pleading Motion To Strike Defendants' Affirmative Defenses; update index; file. | |
| 08/14/2014 | DM | 1.10 | DM | TMG | $412.50 |
| | | | | Prepare affidavits of Nelson Coniglio, Joyce Coniglio, Jason Coniglio, and David Mitchell in support of motion for default judgment | |
| 08/15/2014 | DM | .50 | VM | VM | $187.50 |
| | | | | Preparation of e-filing/e-service of PL's Motion for Clerk's Default; receipt of confirmation from court; udpate index; file. | |
| 08/18/2014 | DM | 3.40 | DM | DM | $1,275.00 |
| | | | | Prepare Amended Motion for Default Judgment and memorandum of law | |
| 08/18/2014 | DM | .50 | VM | VM | $187.50 |
| | | | | Receipt & Review Pleading acknowledgments from clerk; download; update index; file. | |
| 08/18/2014 | DM | .40 | VM | VM | $150.00 |
| | | | | Telephone conference with Lourdes at Clerks' office requesting refile affidavit; and future practices when linking. | |
| 08/20/2014 | DM | .30 | VM | VM | $112.50 |
| | | | | Receipt & Review Pleading Motion for Substitution of Counsel and Notice of Appearance; update parties contact information; file. | |
| 08/22/2014 | DM | .20 | VM | VM | $75.00 |
| | | | | Receipt & Review Pleading PL's Motion To Substitute Party Plaintiff (NATIONSTAR MORTGAGE, LLC); update index; file. | |
| 09/26/2014 | DM | .20 | VM | VM | $75.00 |
| | | | | Telephone call to both Jason and Joyce as to lender placed insurance class action suit (opt-out) authorization. | |
| 10/06/2014 | DM | .10 | VM | VM | $37.50 |
| | | | | Receipt & Review Pleading Notice of appearance of co counsel; update index and file. | |
| 10/22/2014 | WPH | 1.00 | JP | JP | $375.00 |
| | | | | per billy, put together notebook for him with the requested documents. | |
| 10/24/2014 | DM | .20 | VM | VM | $75.00 |
| | | | | Receipt & Review Pleading Motion To Strike; update index and file. | |
| 10/29/2014 | DM | .20 | VM | VM | $75.00 |
| | | | | Preparation of email to Hakanson's office with hearing notice. | |
| 10/29/2014 | DM | .30 | VM | VM | $112.50 |
| | | | | Review of file and update index and filing. | |
| 11/03/2014 | DM | .10 | VM | VM | $37.50 |
| | | | | Receipt & Review Pleading Amended Notice of Appearance of Jeffrey C. Hakanson. | |
| 11/05/2014 | DM | .30 | VM | VM | $112.50 |
| | | | | Receipt & Review Pleading MOTION to stay re [18] Judgment by Bank of America, N.A.. (Kemp-Gerstel, Andrew); update index; file. | |

# Time Sheet

12/12/2014

Coniglio, Nelson vs. Bank of America, N.A.

Date Range: All

Status: Pending/Released/Transfered/Exception

| Date | Attorney | Hrs | Recorder | Timekeep | Amount |
|------|----------|-----|----------|----------|--------|
| 11/06/2014 | DM | .90 | VM | VM | $337.50 |
| | | | Receipt & Review Pleading Notice of Appearance, Response; Motion to Vacate; update index file | | |
| 11/07/2014 | DM | 3.10 | DM | DM | $1,162.50 |
| | | | Legal research and analysis: whether dialer equipment that lacks capacity to dial randomly or sequentially is considered an ATDS under TCPA where equipment nevertheless dials numbers from list; whether predictive dialer is considered ATDS under TCPA; whether calls placed manually from equipment with "capacity" to dial automatically are nevertheless "ATDS" under TCPA | | |
| 11/07/2014 | DM | 2.60 | DM | DM | $975.00 |
| | | | Legal research and analysis for purposes of opposing BOA's motion to vacate: whether FCC orders have force of law under TCPA for purposes of determining whether dialing equipment is ATDS under TCPA; whether FCC order determining that predictive dialer is entitled to chevron deference for purposes of the TCPA | | |
| 11/07/2014 | DM | 1.20 | DM | DM | $450.00 |
| | | | legal research and analysis: whether under FDCPA bona fide error defense applies for legal mistakes only; whether bona fide error defense applies to TCPA claims | | |
| 11/10/2014 | DM | .20 | VM | VM | $75.00 |
| | | | Receipt & Review Pleading RESPONSE in Opposition re [22] MOTION to Vacate [16] Order on Motion for Default Judgment, [18] Judgment and Related Memorandum of Law filed by Joyce Coniglio, Nelson Coniglio. (Anthony, John); update index; file. | | |
| 11/11/2014 | DM | .30 | VM | VM | $112.50 |
| | | | Receipt & Review Pleading Amended  Motion to Vacate [16] Order on Motion for Default Judgment, [18] Judgment by BOA; update index; file. | | |
| 11/12/2014 | DM | .20 | VM | VM | $75.00 |
| | | | Receipt & Review Pleading MOTION to Strike [24] Amended MOTION to Vacate [16] Order on Motion for Default Judgment, [18] Judgment by Joyce Coniglio, Nelson Coniglio. (Anthony, John) Motions referred to Magistrate Judge Mark A. Pizzo; update index; file. | | |
| 11/12/2014 | DM | .50 | VM | VM | $187.50 |
| | | | Update pleadings binders. | | |
| 11/12/2014 | DM | .50 | VM | VM | $187.50 |
| | | | Update pleadings binders. | | |
| 11/13/2014 | DM | .20 | VM | VM | $75.00 |
| | | | Receipt & Review Pleading ENDORSED ORDER granting [19] motion to stay judgment pending resolution of the pending motion to vacate; and ENDORSED ORDER granting in part and denying in part [25] Motion to Strike. Update index and file. | | |
| 11/20/2014 | DM | .40 | VM | VM | $150.00 |
| | | | Receipt & Review Pleading Dkt. #29_First MOTION to Alter Judgment or Amend Default Final Judgment and Dkt. #28_Response to Motion [24]; update index; file. | | |

# Time Sheet

12/12/2014

Coniglio, Nelson vs. Bank of America, N.A.
Date Range: All
Status: Pending/Released/Transfered/Exception

| Date | Attorney | Hrs | Recorder | Timekeep | Amount |
|------|----------|-----|----------|----------|--------|
| 11/21/2014 | DM | .20 | VM | VM | $75.00 |
| | | | | Receipt & Review Pleading RESPONSE to Motion re [29] First MOTION to Alter Judgment or Amend Default Final Judgment and Incorporated Memorandum of Law filed by Joyce Coniglio, Nelson Coniglio. (Attachments: # (1) Exhibit A)(Anthony, John) ; update index; file. | | |
| 12/04/2014 | DM | .20 | VM | VM | $75.00 |
| | | | | Receipt & Review Pleading ORDER finding as moot [22] Motion to Vacate ; denying [24] Motion to Vacate ; denying [29] Motion to Alter Judgment. Signed by Judge Elizabeth A. Kovachevich on 12/4/2014. (SN) | | |
| 12/08/2014 | DM | 1.00 | JP | JP | $375.00 |
| | | | | spoke to vicky/todd/patty, researched contract history of case for billy | | |
| 12/08/2014 | DM | .10 | VM | VM | $37.50 |
| | | | | Receipt & Review Pleading MOTION for Writ of Execution by Joyce Coniglio, Nelson Coniglio. (Attachments: # (1) Exhibit A)(Anthony, John) Motions referred to Magistrate Judge Mark A. Pizzo; update index; file. | | |
| 12/10/2014 | DM | .20 | VM | VM | $75.00 |
| | | | | Receipt & Review Pleading Dkt. #34_Second MOTION to stay re [16] Order on Motion for Default Judgment, [18] Judgment by Bank of America and Notice of Appearance; update index; file. | | |
| 12/12/2014 | DM | .40 | VM | VM | $150.00 |
| | | | | Receipt & Review Pleading Dkt. #36_MOTION to Amend-Correct [31] Order on Motion to VacateOrder on Motion to Alter Judgment by BOA; and #35 response in opposition to [32]; update index; file. | | |

Total hours: 46.20     Total Amount: $17,325.00

# Anthony & Partners, LLC

**201 North Franklin Street**
**Suite 2800**
**Tampa, FL 33602**
**Telephone - (813) 273-5616 Fax - (813) 221-4113**
**Federal Tax ID No. 27-0214906**

Morgan & Morgan, P.A

201 N. Franklin Street, Suite 700

Tampa, FL 33602

December 05, 2014

Client:   200201
Matter:   000011
Invoice #:   19193

Page:    1

Re:  Coniglio, Nelson and Joyce

For Professional Services Rendered Through  December 05, 2014

**SERVICES**

| Date | Person | Description of Services | Hours |
|------|--------|-------------------------|-------|
| 10/21/2014 | JAA | Client consultation, internal consultation with A. Doucette, document review, and related case management follow up. | 0.5 |
| 10/21/2014 | ACD | Review relevant pleadings and draft motion for writ of execution, with related research as to ability to expedite issuance of writ of execution and consultations with J. Anthony regarding the same. | 1.6 |
| 10/22/2014 | JAA | Discuss case management requirements with A. Doucette; Review complaint, default motion, and supporting affidavits; Consult underlying three (3) statutes to ascertain the merits of the case and sufficiency of record to support judgment; Meet with J. Landkammer and A. Doucette regarding execution activities. | 5.3 |
| 10/22/2014 | JWL | Office conference regarding Morgan & Morgan judgment and potential issues concerning default judgment; Legal research concerning protecting judgment and procedural mechanisms for doing so. | 1.5 |
| 10/23/2014 | JAA | Review case law provided by J. Landkammer; Draft initial four (4) pages of response to Bank's anticipated forthcoming motion for relief from judgment; Follow up with internal lawyers and Morgan lawyers. | 1.4 |
| 10/23/2014 | ACD | Meet with J. Anthony and J. Landkammer regarding judgment enforcement and potential reconsideration. | 0.6 |
| 10/23/2014 | JWL | Internal case management meeting with J. Anthony and A. Doucette. | 0.6 |
| 10/24/2014 | JAA | Telephone calls and e-mails with Morgan & Morgan attorneys and internally as they relate to forthcoming response to motion for relief under Federal Rules of Civil Procedure 60(b). | 0.4 |

December 05, 2014
Client:        200201
Matter:        000011
Invoice #:      19193

Page:          2

## SERVICES

| Date | Person | Description of Services | Hours |
|------|--------|------------------------|-------|
| 10/24/2014 | JWL | E-mails with Morgan and Morgan attorneys regarding status and strategy; E-mail copy of Judge Kovachevich's order concerning LaSalle Bank; Legal research and preparation of draft response to foreseen motion to vacate default judgment; Legal research and preparation of documents showing relevant time periods moving forward; E-mails to clients regarding same. | 6.2 |
| 10/26/2014 | JAA | Internal meeting; Client e-mails. | 0.6 |
| 10/26/2014 | ACD | Review and discuss rehearing case law internally. | 0.6 |
| 10/26/2014 | JWL | Review public records concerning new filings; Meet with J. Anthony regarding response to motion to vacate judgment as well as timing issues. | 0.4 |
| 10/27/2014 | JAA | Internal consultation regarding status of the record in pending litigation. | 0.2 |
| 10/27/2014 | MMG | Discuss current dispute with J. Anthony and review documents. | 0.9 |
| 10/28/2014 | JAA | Review and respond to e-mails. | 0.3 |
| 10/29/2014 | JAA | Client consultation and online check of docket. | 0.2 |
| 10/30/2014 | JAA | E-mails and conference calls internally and with Morgan teammates regarding strategy for addressing judgment enforcement and likely ramifications of potential future filings; Discuss potential enforcement strategy with J. Landkammer and A. Doucette. | 0.4 |
| 10/31/2014 | JAA | Review and respond to e-mails. | 0.3 |
| 10/31/2014 | ACD | Discuss judgment enforcement issues and related analysis. | 0.4 |
| 10/31/2014 | JWL | Preparation of e-mail regarding status and strategy for litigation; Legal research regarding same; Formalize e-mail for purpose of tendering to client. | 1.4 |
| 11/3/2014 | JAA | E-mails incoming and outgoing regarding status. | 0.4 |
| 11/3/2014 | JWL | Receipt and review of various e-mails and documents concerning status and strategy; Discuss with J. Anthony. | 0.3 |
| 11/4/2014 | JAA | Full day of efforts on case including the following: (a) many dozens of e-mails relating to case status and alternatives; (b) Review and analyze research generated by J. Landkammer; (c) meet with litigation team to discuss developments regarding the emergence of opposing counsel; (d) consultation with paralegal and related review of class action pleadings that undermine any argument that current default judgment should be set aside; (e) consultation with M. Greene regarding legal research topics; and (f) review judgment collection pleadings prepared by J. Landkammer to perpetuate collection activities. | 4.7 |
| 11/4/2014 | JWL | Preparation of notice of appearance; Legal research regarding execution; Preparation of writ of execution and motion requesting same. | 4.9 |
| 11/4/2014 | MMG | Discuss case history with J. Anthony and related case strategy going forward; Research case law regarding defendant's ability to request an evidentiary hearing on the meritorious defense argument for vacating the default judgment. | 4.2 |

December 05, 2014
Client:          200201
Matter:          000011
Invoice #:        19193

Page:             3

## SERVICES

| Date | Person | Description of Services | Hours |
|------|--------|------------------------|-------|
| 11/5/2014 | JAA | Review pleadings, case law, and related materials required to complete response to anticipated motion for vacation of default judgment; Meetings with M. Greene and J. Landkammer to allocate tasks; Review, revise, and finalize response to BOA motion to stay. | 3.3 |
| 11/5/2014 | JWL | Receipt and review of motion for stay execution filed by Bank of America; Legal research; Preparation of draft response to Bank of America's request to vacate judgment; Receipt and review of Bank of America's motion to vacate; E-mails regarding same. | 8.1 |
| 11/5/2014 | MMG | Review motion for stay of execution of final default judgment pending disposition of motion to vacate and discuss the same with J. Anthony; Draft response to motion for stay of execution and related case law research; Finalize and file response to motion for stay of execution. | 4.8 |
| 11/6/2014 | JAA | Full day of activity in connection with (a) review of motion to vacate judgment and supporting affidavits and proposed pleading by BOA; (b) client consultation and internal consultation regarding legal issues and factual questions presented by BOA materials; (c) review and commentary on successive drafts of client response. | 4.4 |
| 11/6/2014 | JWL | Preparation of response to Bank of America's motion to vacate default judgment. | 7.2 |
| 11/6/2014 | MMG | Review defendant's motion to set aside final default judgment; Discuss strategy in drafting response with J. Anthony and J. Landkammer; Draft sections of response and related case law research and assist in editing response; Telephone conference with D. Mitchell, J. Landkammer, and J. Anthony regarding response and meritorious defenses. | 8.8 |
| 11/7/2014 | JAA | Review, revise, and finalize outgoing pleading; Review and analyze late filed pleading by opposing counsel; Discuss the same with A. Doucette. | 4.1 |
| 11/7/2014 | ACD | Review motion for relief from judgment, and follow-up review and revisions to response in opposition to the same, in concert with M. Greene and J. Anthony throughout the day. | 5.8 |
| 11/7/2014 | MMG | Continue draft of response to defendant's motion to set aside default judgment and related case law research regarding defendant's meritorious defenses; Research additional affirmative defenses filed by defendant's counsel to determine if a form; E-mail correspondence with clients regarding drafts of response to motion to set aside default. [Time capped]. | 8.0 |
| 11/9/2014 | JAA | Review and respond to e-mails. | 0.3 |
| 11/10/2014 | JAA | Telephone calls and e-mails relating to 180-page exhibit just filed to supplement prior filings on motion to vacate default judgment; Review case law and discuss strategy extensively with A. Doucette and M. Greene throughout the day. | 3.7 |
| 11/10/2014 | ACD | Telephone call with B. Howard and D. Mitchell regarding amended motion by BOA and follow-up good faith telephone conference with BOA attorneys and review of documentation provided; Discuss with J. Anthony. | 1.3 |
| 11/10/2014 | MMG | Telephone conference with clients regarding good faith conference with opposing counsel; Review amended motion to vacate judgment and related call logs attached thereto; Review multiple e-mails with clients and expert regarding call logs; Periodic reporting throughout the day with J. Anthony. | 0.9 |

December 05, 2014
Client:        200201
Matter:        000011
Invoice #:      19193

Page:            4

**SERVICES**

| Date | Person | Description of Services | Hours |
|------|--------|-------------------------|-------|
| 11/11/2014 | JAA | Consultation and drafting throughout the day with M. Greene in connection with motion to strike amended motion of the Bank, or alternatively to substantively reply to the amended motion; Brief follow-up phone calls. | 3.4 |
| 11/11/2014 | ACD | Follow-up regarding draft response to amended motion and review of spreadsheet exhibits identifying calls. | 0.8 |
| 11/11/2014 | MMG | Begin draft of motion to strike amended motion to vacate judgment and related case law research; Discussions with J. Anthony and A. Doucette regarding content of motion to strike and strategy. | 6.1 |
| 11/12/2014 | JAA | Review and respond to developments involving District Court Judge's order resetting the playing field as it relates to post-judgment relief requested by loser. | 0.7 |
| 11/12/2014 | MMG | Discuss incoming order with J. Anthony regarding impact on strategy. | 0.7 |
| 11/13/2014 | JAA | Meet with teammates regarding status of response now due Monday. | 0.4 |
| 11/13/2014 | MMG | Begin draft of supplemental response to motion to vacate per court's order and discuss the same with J. Anthony and clients. | 0.6 |
| 11/14/2014 | JAA | E-mails with teammates regarding third party sources of information regarding defendant's use of computerized dialing systems. | 0.2 |
| 11/15/2014 | JAA | Review and respond to e-mails. | 0.3 |
| 11/16/2014 | JAA | Review and analyze working supplemental response addressing obvious insincerity of opposing counsel. | 0.8 |
| 11/16/2014 | ACD | Strategy discussion regarding amended motion to vacate. | 0.4 |
| 11/16/2014 | MMG | Continue draft of supplemental response to amended motion to vacate judgment and related case law research. | 2.8 |
| 11/17/2014 | JAA | Conference call with clients; Edit final motion relating to defendant's motion to vacate; Review newest "final" edits prepared by M. Greene; Discuss footnote research and how to present items not on the prejudgment record without opening process up to mini trial. | 1.8 |
| 11/17/2014 | MMG | Continue draft of supplemental response to amended motion to vacate judgment and related case law research; Telephone conference with co-counsel and call log expert to discuss details of the call log and content of the supplemental response; Telephone conference with opposing counsel for good faith conference on their motion to amend judgment; Status visit with J. Anthony. | 4.7 |
| 11/18/2014 | JAA | Internal consultation and consultation with opposing counsel regarding case management issues; Internal follow up with M. Greene regarding defaults and default judgments obtained against defendant in other matters; Review motion filed by defendant to modify findings of fact under Rule 59. | 1.7 |
| 11/18/2014 | MMG | Review defendant's motion to amend the judgment; Research other cases where defendant defaulted on an action and discuss the same with J. Anthony. | 3.3 |
| 11/19/2014 | JAA | Review motion to amend and vacate; Consultation with M. Greene relating to next steps; Review schedule of defaults taken against defendant in unrelated cases. | 0.6 |

**SERVICES**

| Date | Person | Description of Services | Hours |
|------|--------|------------------------|-------|
| 11/19/2014 | MMG | Review motion to alter or amend judgment and begin draft of response to the same; Discuss outline with J. Anthony. | 0.5 |
| 11/20/2014 | JAA | Consultation with M. Greene and M&M teammates throughout the day following review of motion by defendant to modify findings of fact and conclusion of law; Review, revise, and finalize response to motion. | 1.7 |
| 11/20/2014 | MMG | Continue and finalize draft of response to motion to alter or amend the judgment; Research pacer and state court dockets regarding defaults incurred by defendant in previous actions; Several discussions, e-mails, and calls throughout the day. | 4.7 |
| 11/21/2014 | JAA | Review and respond to e-mails. | 0.3 |
| 11/22/2014 | JAA | Review and respond to e-mails. | 0.3 |
| 11/23/2014 | JAA | Review and respond to e-mails. | 0.3 |
| 11/24/2014 | JAA | Review and respond to e-mails. | 0.3 |
| 11/30/2014 | JAA | Internal consultation with A. Doucette regarding continuance status and related emergent strategy issues. | 0.2 |
| 12/1/2014 | JAA | E-mails to and from Morgan teammates regarding potential additional filings. | 0.4 |
| 12/1/2014 | MMG | E-mails with client and internal discussions with J. Anthony regarding strategy in filing a request for judicial notice and attorneys' fees. | 0.2 |
| 12/2/2014 | JAA | E-mails incoming and outgoing regarding attorney fee issues, entitlement, amount, timing, and other strategic considerations. | 0.6 |
| 12/2/2014 | MMG | Phone conference with D. Mitchell regarding obtaining certified copies of defaults against Bank of America. | 0.9 |
| 12/3/2014 | JAA | E-mails and internal consultation regarding the need to prepare comprehensive application for fees and costs; Additional follow up regarding potential supplemental authorities or companion cases. | 0.4 |
| 12/4/2014 | JAA | Review order of District Court denying BOA's motion to vacate and motion to alter or amend; E-mails and telephone calls with M&M and with teammates to articulate conclusion that the order is not vulnerable on appeal; Consultation with press representatives regarding the unusual aspects of this dispute, showing a situation where a large financial institution makes serious errors in handling their bank clients, and is then derelict in responding to a complaint in a matter where there is the prospect of clear liability and potentially staggering damages. | 2.2 |
| 12/4/2014 | ACD | Conference call with J. Anthony regarding order and next steps. | 0.6 |
| 12/4/2014 | MMG | Review order denying defendant's motion to vacate default judgment and motion to alter judgment and discuss the same with J. Anthony; Draft timeline of default events and send the same to news source. | 1.1 |
| 12/5/2014 | JAA | Full day of activity on file, including (a) e-mails and telephone calls with M&M regarding fee application, chances of an appeal, and other issues; (b) review time and charges and work with M. Greene on fee applications; and (c) review legal research relating to the award of attorneys' fees and costs under applicable statutes and discuss with M. Greene. | 4.0 |

**SERVICES**

| Date | Person | Description of Services | Hours |
|---|---|---|---|
| 12/5/2014 | MMG | Research case law regarding contingency multiplier fees in FCCPA cases; Draft motion for attorneys' fees and costs and affidavit of reasonable of fees. | 3.8 |

**PERSON RECAP**

| Person | | Level | Hours | Rate | Amount |
|---|---|---|---|---|---|
| JAA | John A. Anthony | PARTNER | 51.1 | $450.00 | $22,995.00 |
| ACD | Allison C. Doucette | ASSOCIATE | 12.1 | $220.00 | $2,662.00 |
| MMG | Megan M. Greene | ASSOCIATE | 57.0 | $180.00 | $10,260.00 |
| JWL | John W. Landkammer | ASSOCIATE | 30.6 | $275.00 | $8,415.00 |
| | | | | | $44,332.00 |

|  |  |
|---|---|
| Total Services | $44,332.00 |
| Total Disbursements | $0.00 |
| Total Current Charges | $44,332.00 |

**INFORMATIONAL PURPOSES ONLY**          **$0.00**

*Please call our office if you would like to make arrangements to pay by credit card.*
*We accept Mastercard and Visa.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

      Plaintiff,

v.                                Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

      Defendant.

_____/

## PLAINTIFFS' MOTION TO STRIKE BOND COPY FILING

Pursuant to Federal Rule of Civil Procedure 12(f), and other applicable law, Nelson Coniglio and Joyce Coniglio (together, the "Plaintiffs"), hereby move on the following grounds for the order of this Court that will strike the "Notice of Posting Copy of Bond" (the "Bond Copy Filing") (Dkt. 39) filed by Bank of America, N.A., a foreign corporation, f/k/a BAC Home Loans Servicing, LP (the "Defendant") on or about December 16, 2014, in the above-captioned cause (this "Action"):

### A.    Allegations Relating to Relief Requested

1.    On October 21, 2014, this Court entered its "Order" (the "Default Judgment Order") (Dkt. 16).  Also on October 21, 2014, and pursuant to the Default Judgment Order, the Clerk entered a "Judgment in a Civil Case" (the "Judgment") (Dkt. 18), in favor of the Plaintiffs and against the Defendant, for damages in the amount of $1,051,000 (the "Judgment Amount"), reserving jurisdiction on the matter of court costs and attorneys' fees.

2.      This Court has pending before it, following other post-Judgment motions that have already been adjudicated, the following:

a.      "Plaintiff's Motion for Issuance of Original Writs of Execution and Incorporated Memorandum of Law" (the "Execution Motion") (Dkt. 32), filed by the Plaintiffs on December 8, 2014, and "Bank of America, N.A's Response in Opposition to Plaintiffs' Motion for Issuance of Original Writs of Execution" (the "Execution Response") (Dkt. 35), filed by the Defendant on December 11, 2014;

b.       "Bank of America's Motion to Stay Execution of Final Judgment Pending Disposition of Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment, and Pending Appeal, and Incorporated Memorandum of Law," (the "Second Stay Motion") (Dkt. 34), filed by the Defendant on December 9, 2014, and "Plaintiffs' Response in Opposition to Defendant's Second Stay Motion and Incorporated Memorandum of Law" (the "Second Stay Response") (Dkt. 38) filed by the Plaintiffs on December 12, 2014;

c.      "Bank of America, N.A.'s Rule 59(e) Motion to Alter or Amend Order on Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment, and Incorporated Memorandum of Law" (the "Second Rule 59 Motion") (Dkt. 36), filed by the Defendant on December 11, 2014, seeking relief from the Judgment, it being noted that the Plaintiffs anticipate that the Second Rule 59 Motion will be the subject of a timely response to be filed by the Plaintiffs (the "Anticipated Second Rule 59 Response"); and

        d.   "Plaintiff's Motion for Award of Attorneys' Fees Against Defendant" (the "Fee

Motion") (Dkt. 37), filed by the Plaintiffs on December 12, 2014, but only

seeking fees and costs through the point in time that they could have been

logistically computed, it being noted that the Plaintiffs anticipate that the Fee

Motion will be the subject of a timely response to be filed by the Defendant (the

"Anticipated Fee Response").

In its pleadings post-Judgment, the Defendant has given every indication that it will initiate an

appeal before the United States Court of Appeals for the Eleventh Circuit; however, post-

Judgment motions have slowed that process by two (2) months.

      3.    The Bond Copy Filing includes as an exhibit a copy of an apparent bond issued in

the Judgment Amount, that is problematic for the following specific reasons:

        a.   This Court has not yet adjudicated the merits of the Execution Motion, the

Execution Response, the Second Stay Motion, or the Second Stay Response, and

has not issued any order directing issuance or posting of a bond in any amount.

        b.   If this Court had granted a stay in favor of the Defendant upon consideration of

the Execution Motion, the Execution Response, the Second Stay Motion, or the

Second Stay Response, or otherwise, it would be incumbent upon the Defendant

to post the original bond with this Court and not a photocopy.

        c.   If this Court were to grant a stay in favor of the Defendant pending consideration

of the Second Stay Motion and Second Stay Response, it would seem that the

amount of the bond should not be the same as the Judgment Amount, because this

does not account for attorneys' fees and costs incurred as reflected in the Fee

Motion, as well as those incurred since, together with interest, attorneys' fees, and

costs anticipated in the context of an appeal that the Defendant may wish to procedurally elongate.

### B. <u>Memorandum of Law</u>

#### 1. <u>Federal Rule of Civil Procedure 12(f)</u>

Federal Rule of Civil Procedure 12(f) provides in pertinent part as follows:

> (f) MOTION TO STRIKE.  The court may strike from a pleading
> an insufficient defense or any redundant, immaterial,
> impertinent, or scandalous matter.  The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the
> pleading or, if a response is not allowed, within 20 days after
> being served with the pleading.

The application of this rule has been established by the Eleventh Circuit in this Court in case law that can be applied to the Bond Copy Filing to lead to the conclusion that this filing should be stricken.  <u>See</u> <u>Stephens v. Georgia Dept. of Transportation</u>, 134 Fed. Appx. 320, 322-23 (11th Cir. 2005) (Motions to strike are generally filed to address "redundant, immaterial, impertinent or scandalous" allegations in a pleading).  While striking filings is generally disfavored as an extreme remedy, this Court maintains "liberal discretion" to award such relief as it deems appropriate under Rule 12(f).  <u>Kaiser Aluminum & Chemical Sales v. Arondale Shipyards, Inc.</u>, 677 F.2d 1045, 1057 (5th Cir. 1982); <u>SEC v. Lauer</u>, 2007 WL 1393917 (S.D. Fla. Apr. 30, 2007).

#### 2. <u>Necessity of a Bond for Imposition of a Stay</u>

Since this Court has not entered an order granting the Defendant a stay pending consideration of the Second Stay Motion and Second Stay Response, or otherwise as it relates to the current time period, the posting of a bond is immaterial to this Action.  It is true, to be sure, that the posting of a bond as a condition of the imposition of a stay is appropriate in light of the

provisions of Federal Rule of Civil Procedure 62.  However, with this Court not having entered such an order, the posting of a bond is at best premature.

### 3.  <u>Necessity of an Original</u>

Applicable rules governing the filing of bonds before this Court mandate the posting of an original bond <u>only</u> once approved by this Court, and not a copy.  <u>See</u> Middle District of Florida Clerk's Office Guide to Services and Procedures IV(c).

### 4.  <u>Amount of the Bond</u>

Assuming that this Court does grant the Defendant a stay pending consideration of the Second Stay Motion and Second Stay Response, the amount of the bond is not necessarily the Judgment Amount.  To the contrary, applicable law is consistent with the Plaintiffs' proposition that the bond should be computed by reference to the amount of the obligation as it will be following disposition of the anticipated appeal.  <u>Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.</u>, 600 F.2d 1189, 1191 (5th Cir. 1979)[1] (the amount of a supersedeas bond should include the amount of the judgment remaining unsatisfied, costs on appeal, interest, and damages for delay, unless court after notice and hearing and for good cause shown fixes a different amount or orders security other than bond).

### C.  <u>Conclusion</u>

The Judgment is currently the subject of the Second Rule 59 Motion, to which a response is anticipated.  In the light of an anticipated appeal, this Court may ultimately deny the Execution Motion and grant the Second Stay Motion, conditioned upon the posting of a bond.  However, the Bond Copy Filing is inappropriate because (i) it is premature and spontaneous, and not pursuant to order of this Court, (ii) it is of no consequence under applicable procedure to post a

---

[1] <u>See</u> <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206 (11th Cir. 1981) (adopting as precedent all decisions of the former 5th Circuit).

purported copy of a bond when an original is required, and (iii) the bond referenced in the Bond Copy Filing appears to be in an inadequate amount in light of the anticipated amount of the Defendant's liability to the Plaintiffs in the likely event that an appeal consumes more than a year and causes the Plaintiffs to incur substantial additional fees and costs during an elongated appellate process.

Pursuant to Local Rule 3.01(g), the Plaintiffs' undersigned counsel attempted to confer in good faith with counsel for the Defendant on December 17, 2014 in connection with the relief requested herein; however counsel for the Defendant could not agree to the relief requested.

WHEREFORE, Plaintiffs respectfully request that this Court strike the Bond Copy Filing and grant such other relief as is necessary and appropriate under the circumstances.

/s/ David P. Mitchell
**DAVID P. MITCHELL, ESQUIRE**
Florida Bar Number: 067249
DMitchell@ForThePeople.com
**WILLIAM PEERCE HOWARD, ESQUIRE**
Florida Bar Number: 103330
WHoward@forthepeople.com
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Attorneys for Plaintiffs

and

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**JOHN W. LANDKAMMER, ESQUIRE**
Florida Bar Number: 0675547
jlandkammer@anthonyandpartners.com
**MEGAN M. GREENE, ESQUIRE**
Florida Bar Number: 0102739
mgreene@anthonyandpartners.com
Anthony & Partners, LLC

201 N. Franklin Street, Suite 2800
Tampa, Florida 33602
Telephone: 813-273-5616
Telecopier: 813-221-4113
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 17, 2014, a true and correct copy of the

foregoing has been furnished via CM/ECF to all counsel of record.

/s/ John A. Anthony
**ATTORNEY**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

      Plaintiff,

v.                                Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

      Defendant.
_____/

**JOINT MOTION FOR CONDITIONAL**
**ALLOWANCE OF ATTORNEYS FEE AWARD**

Pursuant to Federal Rule of Civil Procedure 54(d) and other applicable law, Nelson
Coniglio and Joyce Coniglio (together, the "Plaintiffs") and Bank of America, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing, LP (the "Defendant") hereby stipulate and jointly
move for the order of this Court conditionally allowing an attorney fee award of $75,000 (the
"Consensual Attorney Fee Award") in favor of the Plaintiffs and against the Defendant, upon
terms and conditions more fully set forth below, in the above-captioned cause (this "Action"):

    **A.**    **Allegations Relating to Relief Requested**

1.    On October 21, 2014, this Court entered its "Order" (the "Default Judgment
Order") (Dkt. 16). Also on October 21, 2014, and pursuant to the Default Judgment Order, the
Clerk entered a "Judgment in a Civil Case" (the "Judgment") (Dkt. 18), in favor of the Plaintiffs
and against the Defendant, for damages in the amount of $1,051,000 (the "Judgment Amount"),
reserving jurisdiction on the matter of court costs and attorneys' fees.

2.    This Court has pending before it, in addition to other post-Judgment motions that
have already been adjudicated, the following:

a. "Plaintiff's Motion for Issuance of Original Writs of Execution and Incorporated

   Memorandum of Law" (the "Execution Motion") (Dkt. 32), filed by the Plaintiffs

   on December 8, 2014, and "Bank of America, N.A's Response in Opposition to

   Plaintiffs' Motion for Issuance of Original Writs of Execution" (the "Execution

   Response") (Dkt. 35), filed by the Defendant on December 11, 2014;

b. "Bank of America's Motion to Stay Execution of Final Judgment Pending

   Disposition of Rule 59(e) Motion to Alter or Amend Order on Amended and

   Corrected Motion to Vacate and Set Aside Default and Default Final Judgment,

   and Pending Appeal, and Incorporated Memorandum of Law," (the "Second Stay

   Motion") (Dkt. 34), filed by the Defendant on December 9, 2014, and "Plaintiffs'

   Response in Opposition to Defendant's Second Stay Motion and Incorporated

   Memorandum of Law" (the "Second Stay Response") (Dkt. 38) filed by the

   Plaintiffs on December 12, 2014; and

c. "Bank of America, N.A.'s Rule 59(e) Motion to Alter or Amend Order on

   Amended and Corrected Motion to Vacate and Set Aside Default and Default

   Final Judgment, and Incorporated Memorandum of Law" (the "Second Rule 59

   Motion") (Dkt. 36), filed by the Defendant on December 11, 2014, seeking relief

   from the Judgment, and "Plaintiffs' Response To Motion To Alter Or Amend

   Order On Amended And Corrected Motion To Vacate And Set Aside Default And

   Default Final Judgment" (the "Second Rule 59 Response") (Dkt. 41), filed by the

   Plaintiffs on December 17, 2014.

d. "Notice of Posting Copy of Bond" (the "Defendant Bond Notice") (Dkt. 39), filed

   by the Defendant on December 16, 2014, and "Plaintiffs' Motion to Strike Bond

Copy Filing" (the "Bond Strike Motion") (Dkt. 40), filed by the Plaintiffs on December 17, 2014.

In its pleadings post-Judgment, the Defendant has given every indication that it will initiate an appeal (the "Anticipated Appeal") before the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit"); however, post-Judgment motions have slowed that process by two (2) months.

3.    On December 12, 2014, and following this Court's disposition of prior motions under Federal Rules of Civil Procedure 55(c), 59, and 60, the Plaintiffs filed their "Plaintiff's Motion for Award of Attorneys' Fees Against Defendant" (the "Fee Motion") (Dkt. 37), seeking fees and costs through the point in time that they could have been logistically computed.

4.    In the Fee Motion, the Plaintiffs seek compensation and reimbursement for the law firm of Morgan & Morgan, P.A. ("M&M") in the amount of $17,325 from February 10, 2014, through December 10, 2014, and for the law firm of Anthony & Partners, LLC ("A&P") in the amount of $44,332, from October 21, 2014, through December 5, 2014 (the "Fee Motion Deadline").  It is noted in these regards, however, that a number of matters have arisen since the Fee Motion Deadline that have required both M&M and A&P (together, the "Plaintiff Firms") to expend additional time and charges on behalf of the Plaintiffs.

5.    For two (2) reasons, prospective fees and costs cannot be computed past Friday, December 19, 2014 (the "Consensual Attorney Fee Award Deadline").  First, this Court has not yet adjudicated the merits of the Execution Motion, Execution Response, Second Stay Motion, Second Stay Response, Second Rule 59 Motion, Second Rule 59 Response, Defendant Bond Notice, and Bond Strike Motion (the "Pending Matters") before this Court.  Second, fees and costs associated with the Anticipated Appeal cannot be ascertained when it has not yet been initiated.

6.      On December 18, 2014, the Fee Motion was supported by the affidavit of Nicole Deese Newlon (the "Expert Affidavit") (Dkt. 42) filed by the Plaintiffs and opining that 189.9 hours expended by A&P in this Action were reasonable, and that 39.1 of 46.2 hours expended by M&M in this Action were reasonable through the Fee Motion Deadline.

7.      The Plaintiffs and the Defendant (together, the "Parties") have conferred regarding the Fee Motion, are in agreement with respect to the disposition of the Fee Motion as follows:

   a. **Parties Agreement Regarding Consensual Attorney Fee Award**:  Although the Parties might differ with respect to time and charges reflected in the Fee Motion and Expert Affidavit, or the amount of time and charges recorded by each of the Plaintiff Firms during the period between the Fee Motion Deadline and the Consensual Attorney Fee Award Deadline, the Parties are in agreement that the Consensual Attorney Fee Award is an appropriate award in light of the totality of the circumstances.  The Parties believe that the record adequately reflects effort on behalf of the Plaintiff Firms to justify a $75,000 award in favor of the Plaintiffs for time and charges incurred by the Plaintiff Firms through the Consensual Attorney Fee Award Deadline, and the Parties join in requesting such a finding by this Court.

   b. **Attorneys' Fees and Costs Excluded**:  Because the Parties recognize that the Pending Matters remain open, the Anticipated Appeal has not operated to transfer jurisdiction to the Eleventh Circuit, and other matters may hereafter arise before this Court or at the Eleventh Circuit that in fairness require additional effort on the part of the Plaintiff Firms, the Parties agree that while the Consensual Attorney Fee Award is binding with respect to all fees and costs sought or that could be

sought by the Plaintiffs and the Plaintiff Firms through the Consensual Attorney Fee Award Deadline, it is without prejudice to the Plaintiffs' rights to seek additional compensation and reimbursement for any services rendered and costs incurred following the Consensual Attorney Fee Award Deadline, whether before this Court, before the Eleventh Circuit, or otherwise in the furtherance of the Plaintiff Firms' representations of the Plaintiffs.

c. **Conditions of Payment**:  Notwithstanding the intent of the Parties that the Consensual Attorney Fee Award be final, and that an order upon consideration of this motion shall be deemed final and non-appealable, with all Parties waiving all rights of rehearing or appeal with respect to the foregoing, the Defendant's payment obligations shall be tied expressly to the Defendant's obligation to pay the underlying Judgment Amount.  Specifically, it is noted that the Judgment is currently appealable, such that neither the Judgment Amount nor the Consensual Attorney Fee Award are currently due to be paid to the Plaintiffs.  However, the Consensual Attorney Fee Award will be appropriately payable as part of the adjudicated liability as reflected in the Judgment if, inter alia, the Anticipated Appeal, and any further appeal therefrom, is adjudicated or otherwise resolved in favor of the Plaintiffs.

d. **Continued Jurisdiction of this Court**:  The Parties agree that the stipulation with respect to the computation and payment terms of the Consensual Attorney Fee Award advances principles of judicial economy in a manner that also benefits the Parties in terms of speed, efficiency, economy, and predictability.  However, the Parties also agree that the construction, application, and enforcement of the terms

of an order embodying the Parties' agreement should remain within the firm jurisdiction of this Court.

### B. Memorandum of Law

#### 1. Attorney Fee Entitlement

Federal Rule of Civil Procedure 54(d) provides for an award of attorneys' fees and costs in a manner consistent with the current procedural context. The Judgment is predicated upon <u>Florida Statutes</u> § 559.77(2), which provides for the recovery of attorneys' fees and costs in matters such as this Action.

#### 2. Basis For Attorney Fee Award

This Court has jurisdiction and authority to adjudicate the amount of attorneys' fees and costs incurred by the Plaintiffs with the Plaintiff Firms during the period of time that is the subject of this motion. Fed. R. Civ. P. 54(d).

#### 3. Reasonableness of Conditions

Although the Judgment reflects this Court's determination as to the Plaintiffs' entitlement to an award of attorneys' fees, and although there is a sound basis for the Parties consent to the modified payment terms set forth herein, it is appropriate under the circumstances for this Court to facilitate principles of judicial economy by incorporating these terms into an agreed order. <u>See</u> <u>Villano v. City of Boynton Beach</u>, 254 F.3d 1302, 1305 (11th Cir. 2001) (this Court is afforded broad discretion in addressing attorneys' fees issues).

### C. Conclusion

The Parties have reached an agreement that comports with all equities of the case, streamlines procedure for this Court, the Parties, and their counsel, and is consistent with applicable law.

WHEREFORE, the Parties respectfully request that this Court enter an order that will:

a. grant this motion;

b. find and hold that the Plaintiffs shall recover from the Defendant the Consensual Attorney Fee Award, in the sum of $75,000 to compensate and reimburse all fees and costs incurred or that could have been incurred through the Consensual Attorney Fee Award Deadline, December 19, 2014, pursuant to Fed. R. Civ. P. 54(d).

c. verify the Parties' knowing and intelligent waiver of rehearing in appellate rights, whatever they may be, with respect to the Consensual Attorney Fee Award;

d. condition payment of the Consensual Attorney Fee Award upon the Judgment becoming final and non-appealable in a manner consistent with the provisions above;

e. confirm that the Consensual Attorney Fee Award is without prejudice to the Plaintiffs' right to seek additional compensation and reimbursement for time and charges after the Consensual Attorney Fee Award Deadline, whether relating to proceedings before this Court or before the Eleventh Circuit; and

f. grant such other relief as is necessary and appropriate under the circumstances.


/s/ Andrew Kemp-Gerstel
**J. RANDOLPH LIEBLER, ESQUIRE**
Florida Bar Number: 507954
JRL@lgplaw.com
**DORA F. KAUFMAN, ESQUIRE**
Florida Bar Number: 771244
DFK@lgplaw.com
**ANDREW KEMP-GERSTEL, ESQUIRE**
Florida Bar Number: 44332
AKG@lgplaw.com
Liebler, Gonzalez & Portuondo, PA
44 W. Flagler Street, Suite 2500
Miami, FL 33130
Telephone: 305-379-0400
Telecopier: 305-379-9626
Attorneys for the Defendant

/s/ David P. Mitchel
**DAVID P. MITCHELL, ESQUIRE**
Florida Bar Number:  067249
DMitchell@ForThePeople.com
**WILLIAM PEERCE HOWARD, ESQUIRE**
Florida Bar Number: 103330
WHoward@forthepeople.com
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Attorneys for Plaintiffs

and

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**JOHN W. LANDKAMMER, ESQUIRE**
Florida Bar Number: 0675547
jlandkammer@anthonyandpartners.com
**MEGAN M. GREENE, ESQUIRE**
Florida Bar Number: 0102739
mgreene@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida 33602
Telephone: 813-273-5616
Telecopier: 813-221-4113
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2014, a true and correct copy of the foregoing has been furnished via CM/ECF to all counsel of record.

/s/ John A. Anthony
**ATTORNEY**

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NELSON CONIGLIO and JOYCE
CONIGLIO, husband and wife

      Plaintiff,

v.                                 Case No. 8:14-CV-01628-EAK-MAP

BANK OF AMERICA, N.A., a foreign
corporation, f/k/a BAC Home Loans Servicing,
LP,

      Defendant.

_____/

## PLAINTIFFS' MOTION FOR ISSUANCE OF ORIGINAL
## WRITS OF EXECUTION AND INCORPORATED MEMORANDUM OF LAW

Nelson Coniglio and Joyce Coniglio (together, the "Plaintiffs"), by and through their undersigned counsel, hereby move on the following grounds for the issuance of an original writ of execution as to Bank of America, N.A., a foreign corporation, f/k/a BAC Home Loans Servicing, LP (the "Judgment Debtor") pursuant to Federal Rule of Civil Procedure 69, and other applicable law:

1.      On October 21, 2014, this Court entered its "Order" (Dkt. 16) in favor of the Plaintiffs and against the Judgment Debtor, granting the Plaintiffs' "Amended Motion for Default Judgment" (Dkt. 13). The Order finds that "Plaintiff shall have a judgment against the Defendant in the amount of one-million fifty-one thousand dollars, in addition to Plaintiffs' court costs and reasonable attorneys' fees."

2.      In October 21, 2014, a Judgment in a Civil Case was entered in favor of the Plaintiffs and against the Judgment Debtor in the amount of one-million fifty-one thousand dollars ($1,051,000), in addition to Plaintiffs' court costs and reasonable attorneys' fees (the "Final Judgment") (Dkt. 18).

3.      On November 4, 2014, the Judgment Debtor filed its "Bank of America, N.A.'s Motion to Stay Execution of Final Default Judgment Pending Disposition of Motion to Vacate and Set Aside Default and Default Judgment, and Incorporated Memorandum of Law" (the "Motion to Stay Execution") (Dkt. 19).

4.      On November 5, 2014, the Plaintiffs filed "Plaintiffs' Response in Opposition to Defendant's Stay of Execution Motion and Related Memorandum of Law" ("Plaintiff's Response to Motion to Stay Execution") (Dkt. 21).

5.      On November 5, 2014, the Judgment Debtor filed "Bank of America, N.A.'s Motion to Vacate and Set Aside Default and Default Final Judgment and Incorporated Memorandum of Law" (the "Motion to Vacate") (Dkt. 22).

6.      On November 10, 2014, the Judgment Debtor filed "Bank of America, N.A.'s Amended and Corrected Motion to Vacate and Set Aside Default and Default Final Judgment and Incorporated Memorandum of Law" (the "Amended Motion to Vacate") (Dkt. 24).

7.      On November 12, 2014, the Court entered its "Endorsed Order" granting the Motion to Stay Execution "pending resolution of the pending motion to vacate" (the "Order Granting Stay") (Dkt. 26). The Order Granting Stay further provided that if appeals are taken, then a subsequent motion to stay may be filed.

8.      On November 29, 2014, the Judgment Debtor filed "Bank of America N.A.'s Motion to Alter or Amend Default Final Judgment and Incorporated Memorandum of Law" (the "Motion to Alter Judgment") (Dkt. 29).

9.      On December 4, 2014, the Court eentered its "Order On Bank Of America's Motion to Set Aside Default and Modify or Vacate The Default Judgment" (Dkt. 31) denying (a) the Motion to Vacate; (b) the Amended Motion to Vacate, and; (c) the Motion to Alter Judgment.

10.    Therefore, the stay preventing execution on the Final Judgment set forth in the Order Granting Stay has expired on its own terms.

11.    Further, Federal Rule of Civil Procedure 62 entitled "Stay of Proceedings to Enforce a Judgment" has expired by virtue of the passage of fourteen (14) days from the entry of the Final Judgment.

12.    There still remains due and unpaid on the Final Judgment the sum of $1,051,000 (the "Unpaid Judgment Amount").

13.    Interest continues to accrue on the Unpaid Judgment Amount at the prevailing legal rate of interest.

14.    Upon information and belief, the Judgment Debtor is in possession of visible property upon which a levy can be made in the Middle District of Florida in order to satisfy the Unpaid Judgment Amount.

15.    Each district upon which levy can be made requires submission of an original writ of execution; therefore, without an original writ of execution, the Plaintiffs cannot levy upon the property of the Judgment Debtor.

16.    The inability of the Plaintiffs' to levy upon the property of the Judgment Debtor will result in substantial delay of the Plaintiffs' right to enforce the Final Judgment.

17.    Pursuant to Federal Rule of Civil Procedure 69, a money judgment may be enforced by writs of execution and garnishment, and must accord with the procedure of the state where the court is located.   "A judgment creditor's entitlement to the issuance of a writ of execution is a concomitant of a final recorded judgment."  DuBreuil v. Regnvall, 527 So. 2d 249, 249 (Fla. 3d DCA 1988); Fla. R. Civ. P. 1.550.  Under Florida law, a judgment creditor may request that the clerk of court issue a writ of execution in order to satisfy the amount of a judgment.  Fla. Stat. § 56.021.  The Plaintiffs have complied with the statutory requirements

under Florida law, and seek entry of an order directing the Clerk of Court to a writ of execution to allow the Plaintiffs to satisfy the Unpaid Judgment Amount.

WHEREFORE, the Plaintiffs respectfully request the entry of an order granting this motion, directing the Clerk of this Court to issue an original writ of execution, in substantially the same form as Exhibit "A" attached hereto, and providing for such other and further relief as this Court deems necessary and proper.

/s/ David P. Mitchell
**DAVID P. MITCHELL, ESQUIRE**
Florida Bar Number: 067249
DMitchell@ForThePeople.com
**WILLIAM PEERCE HOWARD, ESQUIRE**
Florida Bar Number: 103330
WHoward@forthepeople.com
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Attorneys for Plaintiffs

and

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**JOHN W. LANDKAMMER, ESQUIRE**
Florida Bar Number: 0675547
jlandkammer@anthonyandpartners.com
**MEGAN M. GREENE, ESQUIRE**
Florida Bar Number: 0102739
mgreene@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida 33602
Telephone: 813-273-5616
Telecopier: 813-221-4113
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 8, 2014, a true and correct copy of the foregoing has

been furnished via CM/ECF to all counsel of record.

/s/ John A. Anthony
**ATTORNEY**

5

DC 11
Rev. 1/09

## WRIT OF EXECUTION

| United States District Court | Middle District of Florida |
|---|---|

TO THE MARSHAL OF: **Middle District of Florida**

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:

NAME   Bank of America, N.A.

you cause to be made and levied as well a certain debt of:

| DOLLAR AMOUNT | | DOLLAR AMOUNT |
|---|---|---|
| $1,051,000 | AND | 00/100 |

in the United States District Court for the ___Middle___ District of ___Florida___ , before the
Judge of the said Court by the consideration of the same Judge lately recovered against the said,

Bank of America, N.A.

and also the costs that may accrue under this writ.
    And that you have above listed moneys that the place and date listed below; and that you bring this writ with you.

| PLACE | DISTRICT   Middle District of Florida |
|---|---|
| CITY   Tampa | DATE |

Witness the Honorable _____
United States Judge

| DATE | CLERK OF COURT |
|---|---|
| | (BY )  DEPUTY CLERK |

## RETURN

| DATE RECEIVED | DATE OF EXECUTION OF WRIT |
|---|---|

This writ was received and executed.

| U.S. MARSHAL | (BY )  DEPUTY MARSHAL |
|---|---|