[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 14-15783; 15-11637
_____

D.C. Docket No. 8:14-cv-01628-EAK-MAP

NELSON CONIGLIO,
JOYCE CONIGLIO,
husband and wife,

                                                  Plaintiffs-Appellees,

versus

BANK OF AMERICA, NA,
a foreign corporation
f.k.a. BAC Homes Loans Servicing, LP,

                                                  Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(February 3, 2016)

Before TJOFLAT and ROSENBAUM, Circuit Judges, and RESTANI,[*] Judge.

___

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

PER CURIAM:

Bank of America, NA ("BOA") appeals the district court's denial of its motions to vacate or alter and amend a $1,051,000 default judgment entered against it. BOA argues that its failure to respond to the complaint filed by Nelson and Joyce Coniglio ("the Coniglios") was due to excusable neglect and as such the district court abused its discretion in failing to vacate the default judgment. After careful consideration and with the benefit of oral argument, we vacate and remand.

## I.     BACKGROUND

In July 2014, the Coniglios sued their mortgage company, BOA, asserting violations of the Telephone Consumer Protection Act of 1991 ("TCPA"),[1] the Florida Consumer Collection Practices Act ("FCCPA"),[2] and the Fair Debt Collection Practices Act. The Coniglios properly served the complaint on BOA on July 10, 2014. BOA failed to respond to the complaint and the Coniglios successfully moved for an entry of default. The Coniglios subsequently filed for a default judgment, which the district court granted on October 21, 2014, in the

---

[1] The TCPA makes it unlawful to call a cellular telephone without prior consent using an automatic telephone dialing system or an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1) (2012). The statute provides for damages in the form of either actual monetary loss or $500 per violation, whichever is greater. Id. § 227(b)(3). If the TCPA is violated willfully or knowingly, a court may, in its discretion, award not more than three times the statutory damages. Id. The TCPA has a four-year statute of limitations. 28 U.S.C. § 1658(a).

[2] The FCCPA prohibits communication with a debtor in collecting consumer debts when the party knows that the debtor is represented by an attorney. Fla. Stat. § 559.72(18). The statute provides for actual damages, as well as statutory damages, not exceeding $1,000 plus court costs and reasonable attorney fees. Id. § 559.77(2).

amount of $1,051,000. On November 5, 2014, BOA moved to vacate and set aside the default judgment under Federal Rule of Civil Procedure 60(b)(1), and on November 10, 2014, BOA filed a corrected version of the same motion, which included call records between BOA and the Coniglios. On November 18, 2014, BOA filed a Rule 59(e) motion to alter or amend the district court's order. The district court denied both motions on December 4, 2014, and on March 20, 2014, denied a second Rule 59(e) motion. The court has jurisdiction under 28 U.S.C. § 1291.

## II.    DISCUSSION

The court reviews for abuse of discretion the district court's denial of BOA's Rule 60(b)(1) motion to vacate or set aside the default judgment. Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 849 n.2 (11th Cir. 1996). The district court abuses its discretion when it uses the incorrect legal standard, applies the law incorrectly, follows the wrong procedure, or commits clearly erroneous findings of fact. Heffner v. Blue Cross & Blue Shield of Ala., Inc., 443 F.3d 1330, 1337 (11th Cir. 2006).

The court may relieve a party from a default judgment based on mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6). To establish mistake, inadvertence, or excusable neglect, the defaulting party must show that "(1) it had a meritorious defense that

3

might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) (quoting Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993)). In Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, the Supreme Court categorized the excusable neglect inquiry as an equitable one and identified four factors pertinent to the analysis: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. 380, 395 (1993).[3] The Supreme Court held that excusable neglect encompasses situations of negligence within the defaulting party's control and placed primary importance on the prejudice prong of the analysis. Id. at 388, 394, 397–99.

    Here, the equities favor BOA. First, the district court correctly determined that the Coniglios would not be prejudiced. The Coniglios' arguments that they would now be prejudiced are without merit; simple delay is insufficient for prejudice as is requiring a party to prove its case on the merits. Second, the length of delay was small; BOA moved to set aside the default judgment mere days after

---

[3] Although Pioneer concerned the interpretation of a bankruptcy rule, the court analyzed the same language in the Rule 60(b) context in reaching its decision. Id. at 393.

4

its entry.  Third, the reason for delay was an administrative failure.  Contrary to the Coniglios' assertions that BOA had no procedures in place, BOA had established a robust system to effectively handle the significant number of legal filings it receives.  That the system failed in this case, or was later changed, does not equate to the complete lack of procedures previously held to be insufficient grounds for remand and is similar to prior cases where the court has remanded based on excusable neglect.  See Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198, 1200, 1202 (11th Cir. 1999) (holding that an administrative failure to record a deadline was excusable neglect); Cheney, 71 F.3d at 850 (holding that a breakdown in communication amongst counsel was sufficient for remand); cf. Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 935–36 (11th Cir. 2007).  Finally, BOA acted in good faith upon learning of the complaint and did not engage in bad faith in misplacing the complaint.

Further, BOA presented evidence of meritorious defenses to the Coniglios' claims.  The affidavits and call records BOA submitted with its corrected Rule 60(b)(1) motion are evidence that no calls were made to the Coniglios' cell phones during the relevant time period.  BOA therefore presented evidence of a complete defense to the TCCPA claim, namely that the alleged violations never occurred.  The district court thus incorrectly held that BOA's asserted defense was a general defense.  With respect to the FCCPA claim, BOA also presents credible evidence

that the Coniglios ignored BOA's request for official authorization to speak with their alleged attorney.  This explanation could fit within the FCCPA's bona fide error defense[4] and "might have affected the outcome."  In re Worldwide, 328 F.3d at 1295.

Thus, all of the equities weigh in favor of vacating the default judgment, and the district court abused its discretion in denying the Rule 60(b)(1) motion.[5]  See Walter, 181 F.3d at 1202; Cheney, 71 F.3d at 850.

### III.   CONCLUSION

The district court abused its discretion in denying BOA's Rule 60(b)(1) motion to vacate the default judgment.  Accordingly, we vacate the default and default judgment and remand for further proceedings.

**VACATED and REMANDED.**

---

[4] Under the bona fide error defense a debt collector is not liable if the violation was not intentional, resulted from a bona fide error, and occurred despite the maintenance of procedures reasonably adapted to avoid any such error.  Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1271 (11th Cir. 2011); Edwards v. Niagara Credit Sols., Inc., 584 F.3d 1350, 1353 (11th Cir. 2009).  The cases cited analyze the standard under the Fair Debt Collection Practices Act, and the FCCPA states that "due consideration and great weight" are to be given to federal court decisions interpreting the Fair Debt Collection Practices Act.  Fla. Sta. § 559.77(5).

[5] Because we hold that the district court should have vacated the default judgment, we need not reach BOA's alternative arguments in favor of altering or amending the default judgment.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Amy C. Nerenberg
Acting Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 03, 2016

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 14-15783-CC  ; 15-11637 -CC
Case Style: Nelson Coniglio, et al v. Bank of America, NA
District Court Docket No: 8:14-cv-01628-EAK-MAP

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellees.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

AMY C. NERENBERG, Acting Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs